# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND
## (Baltimore Division)

| | |
|---|---|
| In re:<br><br>**PARVIS NAFFIS AND VICKY NAFFIS,**<br><br>    Debtor. | **Chapter 7**<br>**Case No. 14-28711** |
| **PARVIS NAFFIS,**<br><br>    Plaintiff,<br><br>v.<br><br>**XEROX EDUCATION SOLUTIONS, LLC,**<br>**f/k/a ACS EDUCATION SOLUTIONS,**<br><br>    Defendants. | **Adversary Case No. 15-00078** |

## MOTION TO SET ASIDE DEFAULT JUDGMENT AND MOTION FOR NEW TRIAL

Xerox Education Solutions, LLC f/k/a ACS Education Solutions ("Solutions"), by and though its attorneys, file this Motion to Set Aside Default Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, as made applicable herein by Federal Rule of Bankruptcy Procedure 9024, and Motion for New Trial pursuant to Rule 59 of the Federal Rules of Civil Procedure, as made applicable herein by Federal Rule of Bankruptcy Procedure 9023, and would respectfully show the Court as follows:

### I. PROCEDURAL BACKGROUND

1. On February 19, 2015, Parvis Naffis ("Debtor" and/or "Naffis") filed his Complaint to Determine Dischargeability of Debt ("Complaint") [Dkt. No. 1].

2. On February 25, 2015, the Debtor filed his Amended Complaint to Determine Dischargeability of Debt (the "Amended Complaint") [Dkt. No. 2].

3. On April 30, 2015, the Debtor filed his Request for Order of Default [Dkt. No. 6].

4. On May 5, 2015, the clerk made an Entry of Default [Dkt. No. 7].

5. On May 8, 2015, the Debtor filed his Motion for Default (the "First Motion for Default") [Dkt. No. 9].

6. On December 30, 2015, the Court issued a Notice of Contemplated Dismissal for Non-Prosecution of Adversary Proceeding [Dkt. 15]. Solutions received the Notice and operated under the assumption that the Amended Complaint would be dismissed.

7. On January 31, 2016, after the court denied the First Motion for Default, the Debtor filed his Motion for Default and Request for Hearing Thereon ("Second Motion for Default") [Dkt. No. 17].

8. On February 18, 2016, the Court signed an Order Granting Default, which the Court entered on February 19, 2016 ("Default Judgment") [Dkt. No. 19].

9. While Solutions is a loan servicer, it is not the servicer of the Plaintiff's education loans. Rather, Xerox Education Services, LLC ("XES") was the servicer of the Plaintiff's education loans. In any event, the actual servicer of Plaintiff's education loans is not a proper defendant in the Amended Complaint because the servicer is not the owner or holder of the note giving rise to the debt. Further, the fact-intensive inquiry as to whether a student loan debt is dischargeable and that the burden of proof rests upon the Debtor, demonstrates a meritorious defense exists to the allegations in the Amended Complaint. Therefore, the Default Judgment should be set aside and XES should be substituted as the defendant in this adversary proceeding.

## II. ARGUMENT AND AUTHORITY

10. Rule 55(c) of the Federal Rules of Civil Procedure, made applicable to this adversary by Federal Rule of Bankruptcy Procedure 7055, provides that the Court may set aside a default judgment under Rule 60(b) of the Federal Rules of Civil Procedure, as made applicable herein by Federal Rule of Bankruptcy Procedure 9024. Rule 60(b) provides that the Court may relieve a party from a final judgment for several reasons including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); Fed. R. Bankr. P. 9024. A judgment can be set aside if it is void under Rule 60(b)(4). Finally, a judgment can also be set aside for "any other reason that justifies relief." *See id.* 60(b)(6).

11. In this case, the Default Judgment should be set aside as either void under Rule 60(b)(1) or 60(b)(6) because Solutions is not the real party in interest in this matter. The party that serviced the student loan debt is XES. The Debtor mistakenly or inadvertently named Solutions as the defendant.

12. A meritorious defense also exists to the allegations in the Amended Complaint as against the loan servicer. In the Amended Complaint, Debtor alleges that "The Defendant is an education lender or guarantor of education loans doing business in the State of Maryland and are creditors in these proceedings." Neither Solutions nor XES are the owner or holder of the note giving rise to the debt. XES merely served as the servicer of the student loan. The Debtor failed to include the owner of the loan, Nelnet, Inc., as a necessary party to the Amended Complaint.

13. A meritorious defense also exists as to whether, assuming a loan servicer is the proper defendant, the Plaintiff can actually satisfy the factually intensive test to discharge a student loan debt. The three part test for a debtor to determine the dischargeability of a student loan**:**

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*See Educal. Credit Mgmt. Corp. v. Mosley (In re Mosley)*, 494 F.3d 1320, 1324-25 (4th Cir. 2007); *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir.1987).

14. Under this test, the court conducts a fact intensive analysis of the debtor's situation. Under the second and third factors, the consideration of whether "exceptional circumstances" exist and whether the debtor's efforts to repay are in "good faith," are determinations of fact that the court will consider after hearing the testimony and reviewing the evidence. As stated by the Fourth Circuit, this is a "case by case" approach. *See Educal. Credit Mgmt. Corp. v. Frushour (In re Frushour)*, 433 F.3d 393, 400 (4th Cir. 2005). The plaintiff (the Debtor) has the burden of proof. *Id* at 399. Accordingly, due to the factual inquiry that must be undertaken by the court, Solutions submits that it has a meritorious defense (assuming a loan servicer is a proper party) and that setting aside the Default Judgment is not an exercise in futility.

15. The Debtor will not be prejudiced by setting aside the Default Judgment because the Debtor has not appropriately sought to discharge the debt owed to the holder of the debt. Accordingly, the Debtor has sufficient time to conduct discovery and prepare this case for trial.

16. Solutions have not exhibited any culpable conduct or bad faith.

17. Counsel for Solutions, Todd Hoodenpyle, hereby certifies to the Court that he called the Debtor's counsel regarding the merits of this motion. Debtor's counsel stated that she is opposed to the requested relief even though it is unclear the utility to the Debtor to have a

default judgment on dischargeability of education loans against a loan servicer who did not even service the loans at issue.

18.     For all these reasons, the Default Judgment should be set aside as either void under Rule 60(b)(1) or for a reason that justifies relief under Rule 60(b)(6) because Solutions is not the real party in interest and is not the holder of the debt.  XES was the servicer of the education loans at issue in the Amended Complaint.  Alternatively, Solutions requests a new trial.

19.     Pursuant to Local Rule 9013-2, no memorandum will be filed and Solutions will rely solely upon this Motion.

For the foregoing reasons, Xerox Education Solutions, LLC respectfully requests that the Court enter an Order setting aside the Default Judgment, providing the Debtor with authority to amend the Amended Complaint to substitute the defendant to Xerox Education Services, LLC, and for such other and further relief as is just and proper.

Dated: March 3, 2016

/s/ *Richard M. Goldberg*
Richard M. Goldberg, Bar No. 07994
Anastasia L. McCusker, Bar No. 29533
Shapiro Sher Guinot & Sandler
250 W. Pratt Street, Ste. 2000
Baltimore, MD 212101
Tel: (410) 385-0202
Email: rmg@shapirosher.com
        alm@shapirosher.com

/s/ *Todd A. Hoddenpyle*
Todd A. Hoodenpyle
(*pro hac admission pending*)
SINGER & LEVICK, P.C.
16200 Addison Road, Suite 140
Addison, Texas 75001
Phone: 972-380-5533
Fax:    972-380-5748
*Attorneys For Defendant Xerox Education Solutions, LLC*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 3rd day of March, 2016, copies of the foregoing were served on the parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

    Kim D. Parker, Esquire
    Law Offices of Kim Parker, P.A.
    2123 Maryland Avenue
    Baltimore, MD 21218
    (410)-234-2612

    *Counsel for Plaintiffs*

    /s/ *Anastasia L. McCusker*
    Anastasia L. McCusker