IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| IN RE: ) | |
| **PARVIS NAFFIS AND VICKY NAFFIS** ) | Chapter 7 |
| Debtor ) | Case No.: **14-28711** |
| ) | |
| ) | |
| **PARVIS NAFFIS** ) | |
| Plaintiff ) | |
| ) | |
| Vs. ) | Adversary Case No.: **15-00078** |
| ) | |
| ) | |
| **XEROX EDUCATION SERVICES, LLC** ) | |
| **)** | |
| And ) | |
| ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **EDUCATION** ) | |
| ) | |
| And ) | |
| ) | |
| **NELNET LOANS** ) | |
| ) | |
| Defendants ) | |
| ) | |

## THIRD AMENDED COMPLAINT

NOW COMES, Parvis Naffis, ("Plaintiff"), and files this Complaint to Determine the Dischargeability of student loans against, United States Department of Education ("USDE"), and Nelnet Loans, ("Nelnet"), and for moves this Court for redress against Xerox Education Services, LLC, ("XES") for violations of State and Federal laws and incorporates all previous filed Complaints and for reasons represent:

**Count I- Dischargeability of Debt
(U.S. DEPARTMENT OF EDUCATION & NELNET LOANS)**

1.     The Court has jurisdiction to hear this complaint pursuant to Title 11 U.S.C. §523a(8) seeking determination of the dischargeability of a student loan; relate to the administration of the estate, and therefore, this Complaint is a core proceeding as founded in 28 U.S.C.§157(b)(2)(A) and (K) and 28 U.S.C. §1334.

2.     The venue is this Court is pursuant to 28 U.S.C. §1408 and §1409.

3.     Plaintiff is a Debtor in this Chapter 7 Bankruptcy case.

4.     The Defendant Nelnet is an educational lender or guarantor of educational loans doing business in the State of Maryland and are creditors in these proceedings.

5.     The Defendant USDE is an educational lender or guarantor of educational loans doing business in the State of Maryland and are creditors in these proceedings.

6.     The Defendant XES is an educational servicer or guarantor of educational loans doing business in the State of Maryland and are creditors in these proceedings.

7.     The Plaintiff obtained loans from the Defendants to finance his son's college education at various institutions of higher learning.

8.     The Plaintiff is Seventy-Four (74) years old.

9.     The Plaintiff in March 31st, 2012 became severely ill and required a series of surgeries which resulted in the loss of approximately half of his intestines. In March, 2013 Plaintiff, due to his health problems, was forced to close his business and was forced into retirement due to his health.

10.    Since March 31st, 2012, the Plaintiff was unable to work due to the permanent injury occasioned by his illness. Plaintiff has pervasive problems with breathing, walking, concentration, memory loss, absorption of nutrition which leads to general body fatigue and

weakness. Plaintiff also suffers from heart disease (history of four by-pass surgeries); high blood pressure; hyperthyroidism; depressions and takes medication for each of these conditions.

11. The sole income of the Plaintiff is Social Security Disability Income. The income of the Plaintiff is barely sufficient to meet his living expenses and is not sufficient to meet his living expenses and is not sufficient to pay and payment on the educational loans.

10. Plaintiff has made a good faith effort to repay the educational loans but due to compounding of interest a debt that started at $72,000.00 due to interest charges grew to well over $300,000.00. Accordingly, Plaintiff was unable to maintain regular payments, and unable to make any payment at all now or in the future. His last payment on the debt was in 2002.

11. The amount due to the Defendants is in excess of $300,000.00.

12. Based upon the current income of the Plaintiff, the current living expenses of the Plaintiff, and unlikely hood of future employment, the educational loans of the Defendants present an undue hardship upon the Plaintiff.

WHEREFORE, the Plaintiff prays for the following relief:

A. That the educational loans or benefits due and owing to Defendants be discharged in this Chapter 7 Bankruptcy Proceeding pursuant to Title 11 U.S.C. §523a(8).

B. That the Plaintiff has such other and further relief as the nature of his cause may require.

### COUNT II- WILLFUL VIOLATION OF THE AUTOMATIC STAY
### (DEFENDANT XES)
### JURY TRIAL PRAYER PURSUANT TO
### FEDERAL RULES OF BANKRUPTCY PROCEDURE 9015(A)(B)

13. On December 9, 2014, Plaintiff filed for protection under title seven (7) of the Bankruptcy laws (the "Voluntary Petition").

14. Defendant USDE was listed as a creditor on Plaintiff's schedules.

15. Defendant XES was a servicer for Defendant USDE and was responsible for servicing of Plaintiff's student loan.

16. Defendant XES was on notice of the impending bankruptcy and despite notice continued in their attempts to collect a debt from Plaintiff, in violation of the automatic stay.

17. Specifically, while the bankruptcy was pending, the Defendant, through its agents, contacted the Plaintiff telephonically on multiple occasions in their attempt to collect a debt.

18. Defendant would also send Plaintiff collection and other notices to further their coerce him into paying the debt.

19. On February 19, 2015, Plaintiff filed the instant Complaint seeking to discharge his student loans.

20. On March 18, 2015, Defendant was served with a copy of the Summons and Complaint ("SAC").

21. Despite receiving notice of the impending action, the Defendant continued to call and send notices regarding the aforementioned debt.

22. The Defendant represented to the Plaintiff that the adversary proceeding had been dismissed and that he needed to consolidate his student loans. The Defendant knew or had reason to know that said statements were patently false.

23. Despite the pending action, Defendant coerced the Plaintiff into signing a new promissory note, consolidating his student loans and essentially selling or otherwise transferring his student loans to Defendant Nelnet, in its attempt to deprive this Court of jurisdiction to hear the pending action.

24. 11 U.S.C. § 362. Automatic stay states that- (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application

filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of— (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and (8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

25. Defendant actions are in clear violation of the Bankruptcy Code.

WHEREFORE, Plaintiff prays for judgment against the defendant as follows:

(a) Compensatory damages in an amount exceeding $75,000.00; and

(b) Rescission of the post-petition transfer in violation of the automatic stay; and

(c) Attorney's fees; and

(d) For such other relief as may be deemed just and proper.

### COUNT III- VIOLATION OF THE FAIR DEBT COLLECTIONS ACT
### (DEFENDANT XES)
### JURY TRIAL PRAYER PURSUANT TO
### FEDERAL RULES OF BANKRUPTCY PROCEDURE 9015(A)(B)

### STATUTORY STRUCTURE OF FDCPA

26. Plaintiff incorporates all of the preceding paragraphs as if herein restated for reference.

27. Fair Debt Collection Practices Act (the "FDCPA"), was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

28. Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

29. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

30. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

31. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained; statutory damages up to $1,000; and attorney's fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

32. The Defendant(s) violated the FDCPA on multiple occasions and acted with impunity in violating the FDCPA, based on the following:

a. Defendant(s) violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse Plaintiff.

b. Defendant(s) violated §1692d(6) of the FDCPA by placing collection calls in violation of the automatic stay.

c. Defendant(s) violated §1692e of the FDCPA by making false, deceptive, and misleading representations in connection with debt collections.

d. Defendant(s) violated §1692e(2) of the FDCPA by misrepresenting the legal status of the alleged debt.

e. Defendant(s) violated §1692e(10) of the FDCPA by making false representations and engaging in deceptive means to collect the alleged consumer debt.

f. Defendant(s) violated §1692f of the FDCPA by engaging in unfair and unconscionable means to collect or attempt to collect the alleged debt.

WHEREFORE, Plaintiff respectfully prays judgment for:

a. One Thousand Dollars for Each Violation Per Incident ($1,000.00) as allowed by 15 U.S.C.1692(k) plus compensatory damages of Three-Hundred Fifty Thousand Dollars ($350,000.00) and

b. For such other and further relief as may be deemed just and proper.

**COUNT IV- VIOLATION OF THE MARYLAND DEBT COLLECTION ACT (MCDCA)**
**(DEFENDANT XES)**
**JURY TRIAL PRAYER PURSUANT TO**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 9015(A)(B)**

33. Plaintiff incorporates the foregoing paragraphs.

34. Plaintiff incurred a debt which was primarily for personal, family, or household purposes and is therefore a "consumer transaction" as that term is defined by the Maryland Consumer Debt Collection Act.

35. Defendant by continuing collection efforts, when it was legally estopped from doing so, in an effort to collect consumer debts, violated the MCDCA.

36. As a result of Defendant violations of the MCDCA, Plaintiff have suffered actual damages and are therefore entitled to actual damages pursuant to Md. Code. Ann., Com. Law. §14-203 from Defendant.

WHEREFORE, Plaintiff respectfully prays judgment for:

a. One Thousand Dollars for Each Violation Per Incident ($1,000.00) as allowed by 15 U.S.C.1692(k) plus compensatory damages of Three-Hundred Fifty Thousand Dollars ($350,000.00) and

b. For such other and further relief as may be deemed just and proper.

Respectfully Submitted,

/s/ Kim Parker
_____
**KIM PARKER, ESQ. (BAR#23894)**
**COUNSEL TO DEBTOR**
LAW OFFICES OF KIM PARKER, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F: 410-234-2612
E. kp@kimparkerlaw.com

## STATEMENT REGARDING CORE AND NON-CORE PROCEEDINGS

Pursuant to Local Bankruptcy Rule 7012-1 as Amended, Plaintiff's consent's to final entry of Orders and judgments in the underlying matter.

## STATEMENT REGARDING JURY TRIAL PRAYER
## FEDERAL RULES OF BANKRUPTCY PROCEDURE 9015(A)(B)

Plaintiff's consents to the Honorable Judge Nancy Alquist ("Judge Alquist"), to proceed over a jury trial on counts two through fourt herein stated in the Third Amended Complaint.

/s/ Kim Parker
_____
Kim Parker, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Third Amended Complaint was served this 11th day of July, 2016, via the Court's Electronic Filing System ("ECF") to:

Richard Marc Goldberg, Esquire
Via email: rmg@shapirosher.com

Anastasia L. McCusker, Esquire
Via email: alm@shapirosher.com

                                             /s/ Kim Parker
                                          _____
                                          Kim Parker, Esquire
                                          Counsel for Plaintiff