## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| IN RE: | ) | |
| **PARVIS NAFFIS AND VICKY NAFFIS** | ) | Chapter 7 |
| Debtor | ) | Case No.:  **14-28711** |
| | ) | |
| | ) | |
| **PARVIS NAFFIS** | ) | |
| Plaintiff | ) | |
| | ) | |
| Vs. | ) | Adversary Case No.: **15-00078** |
| | ) | |
| | ) | |
| **XEROX EDUCATION SERVICES, LLC** | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **EDUCATION** | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **NELNET LOANS** | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## <u>MOTION TO BIFURCATE</u>

NOW COMES, Parvis Naffis ("Plaintiff"), by undersigned counsel, hereby move to bifurcate certain claims contained in Plaintiff's Third Amended Complaint (hereinafter "TAC"), filed contemporaneously and for reasons state:

1.    On July 11, 2016, Plaintiff filed his TAC adding  Xerox Education Services, LLC, U. S. Department of Education and Nelnet Loans (collectively "Defendants).

2.    In the TAC, Plaintiff again requested that this court issue an order determining the student loans at issue to be dischargeable. Count one (1) of the TAC is a core proceeding, that can be resolved by the Court without the aid of a jury. The Seventh Amendment sanctions jury

trials in legal, not equitable, proceedings. _Granfinanciera, S.A. v. Nordberg_, 492 U.S. 33, 41 (1989). See also _Longo v. McLaren_ (In re McLaren), 3 F.3d 958, 960 (6th Cir. 1993).

3.      Additionally, Plaintiff included several consumer law claims against Defendant Xerox, for violations of the Fair Debt Collection Practices Act ("FDCPA"), Maryland Debt Collections Practices Act (MDCPA) and for Violations of the Automatic Stay, which he has demanded a jury trial.

4.      Since the issue of dischargeability is a core matter, Plaintiff has not prayed for a jury trial. However, Counts two through four, are eligible to be tried by a jury and Plaintiff believes that judicial economy would be served by bifurcating these issues.

5.      Federal Rule of Civil Procedure 42(b), which is applicable to adversary proceedings by virtue of Fed. R. Bankr. P. 7042, provides the means by which a party may seek separation of claims in an adversary proceeding for convenience, to avoid prejudice, or to expedite and economize proceedings. See Fed. R. Civ. P. 42(b). Pursuant to Federal Rule of Civil Procedure 42(b) and Federal Rule of Bankruptcy Procedure 7042, bankruptcy courts are generally given broad discretion to decide how cases are to be tried "so that the business of the court may be dispatched with expedition and economy while providing justice to the parties. While there is no single test to determine whether to bifurcate, courts should "consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." _O'Dell v. Hercules, Inc_., 904 F.2d 1194, 1201-02 (8th Cir. 1990). The court's discretion should be guided foremost by the consideration of "which procedure is more likely to result in a just and expeditious final disposition of the litigation." See 9A CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2388 (3rd ed. 2010).

6.      The Defendants would suffer no prejudice if the Court grants Plaintiff's Motion.

7.      Justice will be furthered by the granting of this motion.

8.      Pursuant to Local Rule 9013-2, no memorandum will be filed and Plaintiff will rely solely upon this Motion.

WHEREFORE, Plaintiff respectfully request this Honorable Court grant Plaintiff Motion and for such other and further relief as may be deemed just and appropriate.

Respectfully Submitted,

THE LAW OFFICES OF KIM PARKER, P.A.

_____/s/_____

Kim Parker, Esquire (Bar#23894)
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F: 410-234-2612
E: kp@kimparkerlaw.com

COUNSEL FOR PLAINTIFF

CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 2nd   day of August  2016, copies of the foregoing were served on the parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

William Munn, Esquire
**Via Email: bill.munn@nelnet.net**
**General Counsel for Defendant Nelnet**

Richard Marc Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd Hodenpyle, Esquire
**Counsel for Defendant Xerox Education Services LLC**
**Via the Courts ECF Filing System**

Jane E. Andersen, Assistant U.S. Attorney
**Via Email: Jane.Andersen@usdoj.gov**
**For Defendant United States Department of Education**

_____/s/_____
Kim Parker, Esquire
Counsel for Plaintiff