IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** | § § § | |
| **PARVIS NAFFIS AND VICKY NAFFIS,** | § § | Chapter 7 |
| | | Case No. 14-28711-NVA |
| Debtor. | § § § § | |
| **PARVIS NAFFIS,** | § § | |
| Plaintiff, | § § | |
| v. | § § | Adversary Case No. 15-00078 |
| **XEROX EDUCATION SOLUTIONS, LLC, UNITED STATES DEPARTMENT OF EDUCATION, and NELNET LOANS** | § § § § § § | |
| Defendants. | § | |

## ANSWER OF DEFENDANT XEROX EDUCATION SERVICES, LLC TO THIRD AMENDED COMPLAINT

Xerox Education Services, LLC ("XES"), files this Answer to Third Amended Complaint (the "Complaint"), and would respectfully show the Court as follows:

### COUNT I – DISCHARGEABILITY OF DEBT
### (U.S. DEPARTMENT OF EDUCATION & NELNET LOANS)

1. Defendant neither admits nor denies the allegations in paragraph 1 of the Complaint as such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations in paragraph 1 of the Complaint.

2. Defendant neither admits nor denies the allegations in paragraph 2 of the Complaint as such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations in paragraph 2 of the Complaint.

3. Defendant admits the allegations in paragraph 3 of the Complaint.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 5 of the Complaint. To the extent that an answer is required, Defendant denies the allegations in paragraph 6 of the Complaint.

6. Defendant admits that it acted as servicer of student loan debt, but was not an owner or holder of the debt. Defendant denies that it is or was the guarantor of education loans and denies that it is a creditor in these proceedings.

7. Defendant denies the allegations in paragraph 7 of the Complaint. Defendant merely acted as servicer of student loan debt, but was not an owner or holder of the debt.

8. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 8 of the Complaint. To the extent that an answer is required, Defendant denies the allegations in paragraph 6 of the Complaint.

9. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 9 of the Complaint. To the extent that an answer is required, Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 10 of the Complaint. To the extent that an answer is required, Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 11 of the Complaint. To the extent that an answer is required, Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 10 [sic] of the Complaint.

13. Defendant denies the allegations in paragraph 11 [sic] of the Complaint.

14. Defendant denies the allegations in paragraph 12 of the Complaint.

15. Defendant neither admits nor denies the allegations in the prayer following paragraph 12 of the Complaint as such allegations are legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

## COUNT II – WILLFUL VIOLATION OF THE AUTOMATIC STAY
## (DEFENDANT XES)
## JURY TRIAL PRAYER PURSUANT TO
## FEDERAL RULES OF BANKRUPTCY PROCEDURE 9015(A)(B)

16. Defendant admits the allegations in paragraph 13 of the Complaint.

17. In response to the allegations in paragraph 14 of the Complaint, Defendant admits that the Plaintiff's schedules are the best evidence of the creditors listed therein.

18. Defendant admits that it was the servicer of Plaintiff's student loans for a period of time. Defendant denies the remaining allegations in paragraph 15 of the Complaint.

19. Defendant denies the allegations in paragraph 16 of the Complaint.

20. Defendant denies the allegations in paragraph 17 of the Complaint.

21. Defendant denies the allegations in paragraph 18 of the Complaint.

22. In response to the allegations in paragraph 19 of the Complaint, Defendant admits that Plaintiff filed his original Complaint on or about February 19, 2015, but Defendant denies that it was initially named as a Defendant in the original Complaint.

23. Defendant denies the allegations in paragraph 20 of the Complaint.

24. Defendant denies the allegations in paragraph 21 of the Complaint.

25. Defendant denies the allegations in paragraph 22 of the Complaint.

26. Defendant denies the allegations in paragraph 23 of the Complaint.

27. Defendant neither admits nor denies the allegations in paragraph 24 of the Complaint as such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations in paragraph 24 of the Complaint.

28. Defendant denies the allegations in paragraph 25 of the Complaint.

29. Defendant neither admits nor denies the allegations in the prayer following paragraph 25 of the Complaint as such allegations are legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

### **COUNT III – VIOLATION OF THE FAIR DEBT COLLECTIONS ACT (DEFENDANT XES) JURY TRIAL PRAYER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 9015(A)(B)**

### **STATUTORY STRUCTURE OF FDCPA**

30. Defendant incorporates herein by reference each and every answer to the allegations set forth in all the preceding paragraphs as though set forth in full.

31. Defendant neither admits nor denies the allegations in paragraph 27 of the Complaint as such allegations are legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

32. Defendant neither admits nor denies the allegations in paragraph 28 of the Complaint as such allegations are legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

33. Defendant neither admits nor denies the allegations in paragraph 29 of the Complaint as such allegations are legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

34. Defendant neither admits nor denies the allegations in paragraph 30 of the Complaint as such allegations are legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations

35. Defendant neither admits nor denies the allegations in paragraph 31 of the Complaint as such allegations are legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations

36. Defendant denies the allegations in paragraph 32(a)-(f) of the Complaint.

37. Defendant neither admits nor denies the allegations in the prayer following paragraph 32 of the Complaint as such allegations are legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

**COUNT IV – VIOLATION OF THE MARYLAND DEBT COLLECTION ACT
(MCDCA)
(DEFENDANT XES)
JURY TRIAL PRAYER PURSUANT TO
FEDERAL RULES OF BANKRUPTCY PROCEDURE 9015(A)(B)**

38. Defendant incorporates herein by reference each and every answer to the allegations set forth in all the preceding paragraphs as though set forth in full.

39. Defendant denies the allegations in paragraph 34 of the Complaint.

40. Defendant denies the allegations in paragraph 35 of the Complaint.

41. Defendant denies the allegations in paragraph 36 of the Complaint.

42. Defendant neither admits nor denies the allegations in the prayer following paragraph 36 of the Complaint as such allegations are legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, as and for its affirmative defenses, XES alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim for Relief)**

1. The Complaint, and each and every purported claim for relief set forth therein, fails to state a claim or cause of action upon which the relief sought, or any relief, can be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Reservation of Rights to Assert Additional Affirmative Defenses)**

2. At this early stage in the litigation, XES lacks sufficient information, belief, knowledge and/or information to ascertain whether it has additional affirmative defenses which have not been alleged herein. XES reserves the right to assert such additional affirmative defenses in the event that it obtains such information, belief, knowledge and/or information during the course of this litigation.

**WHEREFORE,** Defendant Xerox Education Services, LLC prays for judgment as follows:

1. That Plaintiff take nothing against XES by way of his Third Amended Complaint, or otherwise;

2. For attorneys' fees and costs of suit incurred herein; and

3. For such other and further relief as the Court deems just and proper.

**STATEMENT PURSUANT TO LOCAL BANKRUPTCY RULE 7012-1(b)**

The Defendant consents to the entry of final orders or judgments by the Bankruptcy Judge.

Dated: August 17, 2016                              Respectfully submitted,

By:    s/ *Richard M. Goldberg*
      Richard M. Goldberg, Bar No. 07994
      Anastasia L. McCusker, Bar No. 29533
      SHAPIRO SHER GUINOT & SANDLER
      250 W. Pratt Street, Ste. 2000
      Baltimore, MD 212101
      Tel: (410) 385-0202
      Email: rmg@shapirosher.com
             alm@shapirosher.com

-and-

/s/ *Todd A. Hoodenpyle*
Larry A. Levick, Esquire
Todd A. Hoodenpyle (admitted *pro hac vice*)
SINGER & LEVICK, P.C.
16200 Addison Road, Suite 140
Addison, Texas 75001
Tel. (972) 380-5533
Fax (972) 380-5748
Email: levick@singerlevick.com
       hoodenpyle@singerlevick.com

*Attorneys for Defendant*
*Xerox Education Services, LLC*

**ANSWER OF DEFENDANT XEROX EDUCATION SERVICES, LLC TO THIRD AMENDED COMPL.**
**PAGE 7**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 17th day of August, 2016, copies of the foregoing were served on the parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

Kim D. Parker, Esquire
Law Offices of Kim Parker, P.A.
2123 Maryland Avenue
Baltimore, MD 21218
(410)-234-2612

*Counsel for Plaintiffs*

Richard Barry Benenson, Esquire
Brownstein Hyatt Farber Shreck, LLP
410 17th Street
Suite 2200
Denver, CO 80202
Counsel for Defendant NelNet, Inc.

The Dept of Educ Nelnet on behalf of
3015 South Parker Road
Suite 400
Aurora, co 80014-2904

US Department of Education
P.O. Box 69184
Harrisburg, PA 17106-9184

/s/ *Anastasia L. McCusker*
Anastasia L. McCusker

**ANSWER OF DEFENDANT XEROX EDUCATION SERVICES, LLC TO THIRD AMENDED COMPL.**
**PAGE 8**