IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **In Re: PARVIS NAFFIS** | | |
| **AND VICKY NAFFIS** | : | |
| Debtors, | | **Case No. 14-28711** |
| _____ | : | **Chapter 7** |
| **PARVIS NAFFIS** | : | |
| Plaintiff, | : | |
| | | **Adversary No. 15-00078** |
| v. | : | |
| **U.S. DEPARTMENT OF EDUCATION** *et al.* | : | |
| Defendants. | : | |

...o0o...

**MEMORANDUM OF LAW IN SUPPORT OF U.S. DEPARTMENT OF EDUCATION'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

U.S. Department of Education hereby submits this memorandum in support of its Motion to Dismiss or, Alternatively, for Summary Judgment, and in support thereof, states as follows:

### I.   INTRODUCTION

In this adversary case, Plaintiff Parvis Naffis seeks a determination that the debt he owes to the U.S. Department of Education is dischargeable under 11. U.S.C. § 523(a)(8). Plaintiff's Third Amended Complaint should be dismissed because the loan for which Plaintiff seeks relief did not exist when he filed the underlying bankruptcy case. This post-petition debt is not dischargeable. As such, Defendant respectfully requests that this Court dismiss this adversary case as against U.S. Department of Education. Alternatively, U.S. Department of Education requests that summary judgment be entered in its favor.

## II. PROCEDURAL BACKGROUND AND UNDISPUTED FACTS

1. On December 9, 2014, Plaintiffs Parvis Naffis and Vicky Naffis filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. *See* **Exhibit A**, Docket Report.

2. On February 19, 2015, Parvis Naffis filed the instant adversary action under 11 U.S.C. § 523(a)(8) to discharge student loans he obtained to finance his son's college education at various institutions of higher learning. Defendants include three educational servicers/guarantors of educational loans. *See* ECF No. 38, Pl's Third Amended Comp'l. Plaintiff seeks a determination that the debt he owes to Defendant U.S. Department of Education is dischargeable due to "undue hardship." *See id.*

3. The U.S. Department of Education loan for which Mr. Naffis seeks relief did not exist when he filed his underlying bankruptcy case. On or about August 31, 2015, over eight months <u>after</u> the filing of his bankruptcy petition, Mr. Naffis completed and signed a Federal Direct Consolidation Loan Application and Promissory Note. *See* Form OMB No. 1845-0053, Loan Application and Promissory Note attached hereto as **Exhibit B**. In Section 13, page 2 of the form, Plaintiff indicated his desire to consolidate his ACS Education Services Loan into a Direct Consolidation Loan from the U.S. Department of Education. *See* Ex. B, pg. 2.

4. By signing Form OMB No. 1845-0053, Plaintiff indicated that the consolidation loan for which he was applying would be used to "payoff" the loan he had selected for consolidation. His signature further indicated that he authorized the U.S. Department of Education to issue the proceeds from his Direct Consolidation Loan to ACS Education Services in order to "payoff" such debt. *See* Ex. B, section 22, pgs. 3-4.

      5.      Plaintiff was approved for the Direct Consolidation Loan.  This loan was disbursed for $363,600.68 on September 28, 2015 at 7.5% interest per annum.  *See* Certificate of Indebtedness attached hereto as **Exhibit C**.

      6.      U.S. Department of Education paid off his previous lender, ACS Education Services on October 2, 2015, thereby extinguishing his previous loan debt.  *See* National Student Loan Data System Loan History attached hereto as **Exhibit D**.  This payoff is evidenced by the "Status" entry of Plaintiff's ACS Education Services Loan indicating that it was "PN as of 10/02/2015."  *See* Ex. D.  "PN" stands for "Paid Through Consolidation."  *See* Character Code Key from NLDS website attached hereto as **Exhibit E**.

### III.    STANDARD OF REVIEW

      A motion to dismiss based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), made applicable here by Federal Rule of Bankruptcy Procedure 7012, raises the question of whether the court has the authority to hear and decide the case.  *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  The plaintiff bears the burden of proving that subject matter jurisdiction exists.  *See Piney Run Preservation Ass'n v. Cnty. Comm'rs of Carroll Cnty., Md.*, 523 F.3d 453, 459 (4th Cir. 2008).  When a defendant challenges subject matter jurisdiction, the court "is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991)).

      Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is proper where a Plaintiff has failed to "allege facts sufficient to state all the elements of [his or] her claim."  *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 767 (4th Cir. 2003) (*citing Dickson v. Microsoft*

*Corp.*, 309 F.3d 193, 213 (4th Cir. 2002)); *Iodice v. United States*, 289 F.2d 279, 281 (4th Cir. 2002). The court must evaluate whether the allegations in the complaint provide for relief under any legal theory, and "not resolve contents surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin,* 980 F.2d 943, 952 (4th Cir. 1993).

Summary judgment under Fed. R. Civ. P. 56(c), made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7056, shall be rendered if the pleadings and evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Summary judgment should be granted if, upon review of all materials properly before the court, and viewing the evidence in a light most favorable to the non-moving party, the court is convinced that no genuine issue of material fact remains for trial and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

IV. **ARGUMENT**

    a. **This Court Lacks Subject-Matter Jurisdiction Over this Matter Because Plaintiff Seeks to Discharge a Post-Petition Debt.**

In the instant adversary proceeding, Plaintiff is improperly attempting to discharge his consolidated loan that arose post-petition. After the filing of his bankruptcy petition, Plaintiff obtained a Federal Direct Consolidation Loan, thereby creating a new, post-petition debt. This new debt was evidenced by a promissory note executed on August 31, 2015. *See* Ex. C. Plaintiff's attempt to discharge this post-petition debt must fail because bankruptcy courts lack subject-matter jurisdiction over debts that were incurred post-petition. *See In re Rosenfeld*, 23 F.3d 833, 837 (4th Cir. 1994) (holding that periodic homeowner's association assessments that became due post-petition were not discharged in the debtor's bankruptcy); *see also In re Lozada*,

4

214 B.R. 558 (Bankr. E.D. Va. 1997), *aff'd* 176 F.3d 475 (4th Cir. 1999) (holding *Rosenfeld* treatment of post-petition debts still controlling law); *In re Guillebeaux*, 361 B.R. 87 (Bankr. M.D. N.C. 2007) ("Following the Fourth Circuit in *Rosenfeld*, even though the Debtor entered into the declaration prior to filing, the obligation to pay the billed amount to Countryhouse did not arise until the first of each month when the dues were assessed. Therefore, this is a post-petition debt."); *see also In re Banks*, 223 Fed. App'x 151, 153-54 (3d Cir. 2007) (affirming dismissal of adversary proceeding for lack of subject matter jurisdiction because it was based on post-petition events); *In re McBurney*, 357 B.R. 536 (9th Cir. BAP 2006) ("Generally speaking, a chapter 7 debtor can discharge only debts that arose before the date of the order for relief."); *Bush v. Taylor*, 912 F.2d 989, 993 (8th Cir. 1990) (affirming the District Court and concluding payments that are not yet due and payable do not represent debt under the code).

The consolidation of federally insured student loans is governed by the Higher Education Act of 1965. Under this statute, federal consolidation loans are *new* agreements that extinguish the debtor's liability on the old loans. *See* 20 U.S.C. § 1078-3(b)(1)(D) ("the proceeds of each consolidation loan will be paid by the lender to the holder or holders on the loans so selected to discharge the liability of such loans"). Section (e) further provides that "[l]oans made under this section which are insured by the Secretary shall be considered to be new loans made to students for the purpose of Section 1074(a) of this Title." The plain language of these sections "thus makes it clear that federal consolidation loans are new agreements which discharge the liabilities of the old loans and create their new obligations." *Clarke v. U.S. Dep't of Ed.*, 266 B.R. 301, 307 (Bankr. E.D. Pa. 2001); *see also Hiatt v. Indiana State Student Assistance Comm'n,* 36 F.3d 21, 24 (7th Cir. 1994) ("[W]hen a borrower undertakes a consolidation loan, the original loan is repaid in full and the debt is discharged"); *In re McBurney*, 357 B.R. 536, 539-40 (9th Cir. BAP

2006) (holding that the disbursement of the consolidation loan extinguished debtor's liability on the loans consolidated and that the consolidation loan, because it was post-petition, was not subject to discharge); *In re Rudnicki*, 228 B.R. 179, 181 (6th Cir. BAP 1999) ("when debtor consolidated his student loans, he received a new loan…the proceeds of which paid in full his original education loans…The only student loan debt owed by the [debtor]…was the consolidation loan."); *Martin v. Great Lakes Higher Educ. Corp.*, 137 B.R. 770, 772 (Bankr. W.D. Mo. 1992) ("The statutory language is clear that a consolidated loan is considered a new loan for educational purposes under the federally insured student loan program…and, as expressly provided by 20 U.S.C. § 1078-3(b)(1)(D), the old notes were discharged.").

Here, Plaintiff inappropriately seeks to discharge a debt that did not exist when he filed his bankruptcy case. More specifically, although Plaintiff's bankruptcy case was filed in 2014, his adversary complaint seeks to discharge a debt incurred in 2015, when Plaintiff consolidated his student loan. This post-petition debt is one over which the Court lacks jurisdiction. Accordingly, Defendant respectfully requests that this Court dismiss the adversary proceeding.

    **b. <u>Plaintiff's Direct Consolidation Loan is a Post-Petition Debt that is Not Dischargeable Pursuant to § 727 of the Bankruptcy Code.</u>**

Even if the Court does not view the post-petition nature of the loan as a jurisdictional bar, the Court must dismiss the adversary proceeding because the Court cannot grant the relief debtor seeks under the plain language of 11 U.S.C. § 727(b). A Chapter 7 debtor can only discharge debts that arose *before* the date of the order for relief. 11 U.S.C. § 727(b) clearly and unambiguously provides that the only debts that can be discharged are the ones that arose prior to the bankruptcy filing. *See* 11 U.S.C. § 727(b) (discharging only those "debts that arose before the date of relief."). Here, the commencement of Plaintiff's voluntary case under Chapter 7, with the filing of his petition, "constitutes an order for relief." *See* 11 U.S.C. § 301(b); *see also*

6

*Rittenhouse v. Eisen*, 404 F.3d 395, 396 (6th Cir. 2005) ("11 U.S.C. § 727(b) provides that a discharge under Chapter 7 relieves a debtor of all debts incurred *prior* to the filing of a petition for bankruptcy") (emphasis added); *In re Hughes*, 2012 WL 6055464, at *3 (Bank. N.D. W. Va. Dec. 6, 2012) ("Because the debtor's prepetition student loan no longer exist and his consolidation loan cannot be discharged in this bankruptcy proceeding, his complaint fails to state a claim upon which relief can be granted."); *In re Buwana*, 2005 Bankr. LEXIS 924 at *14 (Bankr. D. Co. May 3, 2005) (granting U.S. Department of Education's summary judgment motion because "the Direct Consolidation loan was a post-petition debt that was not and is not discharged under 11 U.S.C. § 727(b)."); *In re Clarke*, 266 B.R. at 307 (granting creditor's summary judgment motion because "the only loan now in existence is the Consolidation Loan, a post-petition debt which is nondischargeable under 11 U.S.C. § 727(b).").

In the instant adversary proceeding, Plaintiff is trying to override the express language of the statute by seeking to discharge a debt that was extinguished by a post-petition loan. The record clearly indicates the chronology: the bankruptcy petition was filed on December 19, 2015 and the consolidation loan was disbursed on October 2, 2015. *See* Exs. A and D. The Federal Direct Consolidation Loan, the only student loan debt left in existence, simply did not exist at the time of the filing of his petition. As a matter of law, 11 U.S.C. § 727(b) proscribes the discharge of Plaintiff's Federal Direct Consolidated Loan because it is a post-petition debt. The facts in the record that bear on this issue are both documented and undisputed. Because the Court cannot grant the relief Plaintiff seeks, this adversary proceeding should be dismissed as to Defendant U.S. Department of Education pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, this Court should grant summary judgment to U.S. Department of Education.

## **CONCLUSION**

For the foregoing reasons, Defendant U.S. Department of Education respectfully requests the Court dismiss the instant adversary proceeding against this Defendant.  Alternatively, U.S. Department of Education requests summary judgment in its favor.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


/s/
Sarah A. Marquardt (Federal Bar No. 17294)
Assistant United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Memorandum in Support of U.S. Department of Education's Motion to Dismiss Adversary Complaint or, Alternatively, for Summary Judgment has been electronically filed with the Clerk of the Court by using the CM/ECF system this 19th day of October, 2016.  In addition, the foregoing has been sent via first-class mail to the following non-CM/ECF participant:

ACS Education Services
PO Box 7052
Utica, NY 13504-7052
*Defendant*

Todd A. Hoodenpyle
Singer & Levick, P.C.
16200 Addison Road, Suite 140
Addison, TX 75001
*Counsel for Defendant*
*Xerox Education Solutions, LLC*

_____/s/_____
Sarah A. Marquardt
Assistant United States Attorney