**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND**
Baltimore Division

| | |
|---|---|
| **PARVIS NAFFIS AND VICKY NAFFIS**, <br><br> Debtors', | Chapter 7 <br> Case No.: **14-28711** |
| **PARVIS NAFFIS** <br><br> Plaintiff <br> vs. <br><br> **XEROX EDUCATION SERVICES, LLC, UNITED STATES DEPARTMENT OF EDUCATION  and NELNET,** <br><br> Defendants, | Adversary Case No.: **15-00078** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STAY
RESPONSE TO DEFENDANT'S UNITED STATES DEPARTEMNT OF EDUCATION'S
MOTION FOR ALTERNATIVE FOR SUMMARY JUDGMENT**

The U.S. Department of Education (hereinafter "Defendant" or  "USDE", respectfully) has filed a Motion for Summary Judgment (the "Motion").  There has been absolutely no discovery to date. Defendant have exclusive control of evidence; thus discovery is Plaintiff's only means of proving the elements of his case. As a direct result, Plaintiff respectfully asks the Court to deny Defendant's summary judgment motion and to allow Plaintiff to proceed with discovery.

**FACTUAL ALLEGATIONS**

Parvis Naffis, (the "Plaintiff") obtained several student loans from the Defendant to finance his son's college education at various institutions of higher learning. The Plaintiff is Seventy-Four (74) years old.

The Plaintiff in March 31st, 2012 became severely ill and required a series of surgeries which resulted in the loss of approximately half of his intestines. In March, 2013 Plaintiff, due to his health problems, was forced to close his business and was forced into retirement due to his health. Since March 31st, 2012, the Plaintiff was unable to work due to the permanent injury occasioned by his illness. Plaintiff has pervasive problems with breathing, walking, concentration, memory loss, absorption of nutrition which leads to general body fatigue and weakness. Plaintiff also suffers from heart disease (history of four by-pass surgeries); high blood pressure; hyperthyroidism; depressions and takes medication for each of these conditions.

The sole income of the Plaintiff is Social Security Disability Income ("SSDI"). The income of the Plaintiff is barely sufficient to meet his living expenses and is not sufficient to meet his living expenses and is not sufficient to pay and payment on the educational loans. Plaintiff has made a good faith effort to repay the educational loans but due to compounding of interest a debt that started at $72,000.00 due to interest charges grew to well over $300,000.00. Accordingly, Plaintiff was unable to maintain regular payments, and unable to make any payment at all now or in the future. His last payment on the debt was in 2002. The amount due to the Defendants is in excess of $300,000.00. Based upon the current income of the Plaintiff, the current living expenses of the Plaintiff, and unlikely hood of future employment, the educational loans of the Defendants present an undue hardship upon the Plaintiff.

### STANDARD OF REVIEW

Summary judgment is ordinarily inappropriate "where the parties have not had a opportunity for reasonable discovery." _E.I. de Nemours and Co. v. Kolon Industries, Inc_., 637 F.3d 435, 448 (4th Cir. 2011).

Generally, to raise adequately the issue that discovery is needed, the party opposing the motion must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); see *Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)). A summary judgment motion before any discovery is generally held to be premature. *Greater Baltimore Center for Pregnancy Concerns v. Mayor and City Council of Baltimore*, Nos. 11-1111, 11-1185, 2013 U.S. App. LEXIS 13607, at *34, 2013 WL 33368984 at *9 (4thCir. July 3, 2013) (reversing trial court's grant of summary judgment and denial of non-moving party's request for discovery, stating that "summary judgment is appropriate only after 'adequate time for discovery'") (citations omitted). The Fourth Circuit has also stated, when reversing a trial court's grant of summary judgment before discovery: "summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Harrods Ltd. v. Sixty Internet Domain* Names, 302 F.3d 214, 244-245 (4th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 n.5 (1986)).

In *Harrods*, the Fourth Circuit also stated that that RULE 56(d) should be "[l]iberally applied." Id. at 245 n. 18; accord *Greater Baltimore Center for Pregnancy Concerns*, *supra*, Westlaw at *10, Lexis at *35. When complex issues such as "intent" are at issue, discovery is especially warranted. *Harrods*, *supra*, at 247.

Where a defendant controls access to the necessary information, RULE 56(d) motions and affidavits are especially [a]ppropriate. Id. Affidavits that accompany RULE 56(d) motions do not require herculean efforts because their purpose is simply to ensure said motions are filed in good faith. Id. at 244. As summarized in *Harrods*: "When the nonmoving party, through no

fault of its own, has had little or no opportunity to conduct discovery, and when fact-intensive issues, such as intent, are involved, courts have not always insisted on a RULE 56(d) affidavit if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary." Id. (citations omitted).

In Re: <u>*Upshaw v. Tenenbau*</u>m, No. PWG-12-3130, 2013 U.S. Dist. LEXIS 107024, \*21-\*25 (D. Md. July 31, 2013), the U.S. District Court of Maryland denied Defendant's Motion for Summary Judgment and allowed discovery to proceed (citing *Greater Baltimore Center for Pregnancy Concerns*, *supra*). The Court noted summary judgment generally was inappropriate without discovery under long-established *Fourth Circuit* precedent. The Court noted that at the litigation's start, the plaintiff had not established a prima facie case, but that after discovery, the plaintiff might. Id. at \*25

### A.  THE FACTS TO BE DISCOVERED ARE MATERIAL TO PLAINTIFF'S ENTITLEMENT TO JUDGMENT

The Defendant argues that it is entitled to Summary Judgment on the issue of whether the debt is dischargeable, because "the loan for which Plaintiff seeks relief did not exist when he filed the underlying bankruptcy case".  The Defendant goes on to  state that on August 31, 2015, the Plaintiff consolidated the student loans, which are the subject of this case, and that subsequently the Defendant tendered the amount of $363,600.68, to Defendant Xerox *fka* ACS Educations Services.

On December 9, 2014, Plaintiff filed for Chapter 7 Bankruptcy, respecting the student loan, which is the subject of this Complaint. The Defendant was listed on the Plaintiff's Bankruptcy schedules, and received notice from the Court of Plaintiff's Bankruptcy filing.

On February 19, 201, 6 months prior to transfer of these loans to the Defendant, Plaintiff filed the instant Complaint seeking to discharge, the same loans that Defendant allegedly paid

off. At this stage, the Court must consider all facts in a light most favorable to the Plaintiff. The Complaint states specific facts the bear on the issues raised in the Defendant's Motion. The Complaint states, Defendant Xerox fka ACS, agents called the Plaintiff repeatedly and also falsely represented, that the Plaintiff Complaint to Discharge had been denied, which is why the Plaintiff applied for a consolidation of the student loan. Also interestingly, the transfer was not an arm's length transaction, due too defendants' NelNet and Xerox, being authorized servicers[1] for the Defendant. Furthermore the Defendants' USDE and Xerox are presently under investigation with the United States Consumer Financial Protection Bureau ("CFPB"), for their unscrupulous servicing practices[2].

Discovery is necessary to prove the following facts:

a) **The knowledge of the USDE  and the Defendants regarding the pendency of the Plaintiff's Complaint to Discharge debt;**

b) **Why the USDE proceeded with consolidation with knowledge of the pending action?;**

c) **Whether Plaintiff's action in consolidating his student loans were voluntary;**

d) **Whether Defendants actions amount to fraud, trickery and deceit and whether this Court could fashion a remedy to redress said fraud;**

---

[1] According to its website, https://www.nelnet.com/your-student-loan-servicer , Nelnet works with the Department of Education (Department) to help students  achieve their  educational goals. NelNet provides customer service on federal student loans, offer solutions for students having trouble paying, and process payments.

[2] In 2014, Xerox disclosed to the government that it had found errors in its student loan accounts dating back to 2006 – this was the first time the errors were revealed. These errors included overcharging borrowers and failing to give credit for payments that were made. As a result of this admission and the findings in its Student Loan Servicing Report, the CFPB has opened an investigation into Xerox Education Services and is working with the company to create a remediation plan.

e) **Whether the USDE was complicit, in paying off the students loans debt, knowing or having good reason to know, that the likelihood of Plaintiff's success on his Complaint was good; thus depriving this Court of an opportunity to render a decision on the merits of Plaintiff's Complaint;**

f) **Whether the transfer of the debt violated established Bankruptcy laws.**

g) **The statements made to the Plaintiff by the Defendant's agents in coercing him to consolidate his student loans;**

h) **What communications, if any, the USDE had with any Defendant in this case; and**

i) **The willfulness of USDE's conduct.**

Here, discovery has not yet commenced. Plaintiff submits that discovery is necessary to properly prove the elements of Plaintiff's claims against the USDE.

### B. Conclusion

For the reasons stated above, Defendant's summary judgment motion must be denied and Plaintiff's Rule 56(d) Motion should be granted. Plaintiff is entitled to discovery to prove his well-pled claims.

Respectfully Submitted,

**LAW OFFICES OF KIM PARKER** PA

/s/ Kim Parker /s/

_____

KIM PARKER, ESQUIRE, BAR NO.: 23894
2123 Maryland Avenue
Baltimore, Maryland 21218
Office: 410-234-2621
Fax: 410-234-2612
Email: kp@kimparkerlaw.com