# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re:<br><br>**PARVIS NAFFIS AND VICKY NAFFIS,**<br><br>    Debtor. | Chapter 7<br>Case No. 14-28711-NVA |
| **PARVIS NAFFIS,**<br><br>    Plaintiff,<br><br>v.<br><br>**XEROX EDUCATION SOLUTIONS, LLC, UNITED STATES DEPARTMENT OF EDUCATION, and NELNET LOANS**<br><br>    Defendants. | Adversary Case No. 15-00078 |

## JOINT STATUS REPORT

Plaintiff Parvis Naffis (the "Plaintiff"), Defendant Xerox Education Solutions, LLC ("Defendant XES"), the United States Department of Education ("Defendant DOE"), and Nelnet Loans ("Defendant Nelnet") (collectively, the "Parties"), by and through undersigned counsel, hereby submit this Joint Status Report and state as follows:

### Background and Procedural Posture

1. On July 11, 2016, the Plaintiff filed his Third Amended Complaint against the Defendants [Dkt. No. 38] (the "Complaint"), in which the Plaintiff asserts the following claims:

    Count I – Dischargeability of Debt (Defendants DOE and Nelnet)

    Count II- Willful Violation of the Automatic Stay (Defendant XES)

Count III- Violation of the Fair Debt Collections Act (Defendant XES), and

Count IV- Violation of the Maryland Debt Collection Act (Defendant XES).

2.On August 2, 2016, the Plaintiff filed a Motion to Bifurcate [Dkt. No. 44], in which Plaintiff requests that the Court bifurcate, for trial purposes only, Count I (for which Plaintiff did not request a jury trial) and Counts II-IV (for which Plaintiff did request a jury trial).

3.On August 17, 2016, Defendants XES and Nelnet filed Answers to the Complaint [Dkt. Nos. 46, 47].

4.On October 19, 2016, Defendant DOE filed a Motion to Dismiss or, Alternatively, for Summary Judgment [Dkt. No. 68] (the "Motion to Dismiss"), in which Defendant DOE contends that the student loan debt for which the Plaintiff seeks to discharge arose post-petition and, therefore, the bankruptcy court lacks subject-matter jurisdiction over such debt and/or such debt is not dischargeable under 11 U.S.C. § 727(b).  Accordingly, Defendant DOE seeks dismissal, or in the alternative, summary judgment as to Count I of the Complaint.

5.On November 30, 2016, the Plaintiff filed a Motion to Stay Response to Defendant DOE's Motion to Dismiss for Discovery Pursuant to FRCP 56(d) [Dkt. No. 77] (the "Motion to Stay").  On February 1, 2017, Defendant DOE opposed Plaintiff's Motion to Stay [Dkt. No. 87] because the fact that Plaintiff's debt arose post-petition is an undisputed fact that does not require any discovery.

6.Presently, the Motion to Bifurcate, Motion to Stay, and Motion to Dismiss are pending before the Court.

**Status Report from Perspective of Defendants**

7.**Defendant XES:**Defendant XES is no longer a subject of Plaintiff's dischargeability claim in Count I, but is the sole subject of the Plaintiff's purported stay violation

and related claims. Defendant XES does not believe the Plaintiff's claims against it have factual or legal merit. Upon issuance of a scheduling order, Defendant XES intends to serve discovery on the Plaintiff and, thereafter, seek summary judgment and/or related relief. Therefore, Defendant XES requests that the Court enter a standard scheduling order providing 120-days for discovery as between Plaintiff and Defendant XES. With respect to Plaintiff's Motion to Bifurcate, if the Court grants Defendant DOE's Motion to Dismiss, the bifurcation request is moot. In any event, Plaintiff is not entitled to a jury trial on all claims against Defendant XES and, therefore, there is no basis to bifurcate.

8.  **Defendant DOE:** Defendant DOE asserts that the Court should dismiss the sole count against Defendant DOE, or in the alternative, enter summary judgment in favor of Defendant DOE, and deny the Motion to Stay. The fact that Plaintiff's debt arose post-petition is an undisputed fact that does not require discovery. If the Court determines that dismissal, or in the alternative summary judgment in favor of Defendant DOE is not appropriate now, DOE requests 30 days to file an answer to the Complaint and 120 days thereafter for discovery.

9.  **Defendant Nelnet:** In November, Nelnet provided Plaintiff with information demonstrating that Nelnet has no interest as holder or as servicer of Ms. Naffis' loans. As a result, Nelnet has requested that Plaintiff dismiss Nelnet from the case. Those conversations are continuing, and if they do result in resolution promptly and upon the issuance of a scheduling order, Nelnet intends to file a motion for summary judgment.

## Status Report from Perspective of Plaintiff

10. The Defendants correctly state that Plaintiff filed his Third Amended Complaint on July 11, 2016, for Defendant willful and intentional violations of state and federal laws. Defendant DOE has filed a Motion for Summary Judgment, which Plaintiff has argued is premature. Plaintiff

3

has subsequently filed a Motion for Discovery, which is now pending before the Court. With respect to Plaintiff's Motion to Bifurcate, Plaintiff agrees with the Defendants that if the Court grants the Defendant's DOE Motion to Dismiss, the bifurcation motion would be moot.

Dated: February 23, 2017

Respectfully submitted by:

| | |
|---|---|
| /s/ *Kim D. Parker*<br>Kim D. Parker, Bar No. 23894<br>kp@kimparkerlaw.com<br>Law Offices of Kim Parker, P.A.<br>2123 Maryland Avenue<br>Baltimore, MD 21218<br>(410) 234-2621<br><br>*Attorney for Plaintiff Parvis Naffis* | /s/ *Anastasia L. McCusker*<br>Anastasia L. McCusker, Bar No. 29533<br>alm@shapirosher.com<br>Richard M. Goldberg, Bar No. 07994<br>rmg@shapirosher.com<br>Shapiro Sher Guinot & Sandler<br>250 W. Pratt Street, Ste. 2000<br>Baltimore, MD 21201<br>(410) 385-0202<br><br>and<br><br>Todd A. Hoodenpyle<br>State Bar No. 00798265<br>hoodenpyle@singerlevick.com<br>Singer & Levick, P.C.<br>16200 Addison Road, Suite 140<br>Addison, Texas  75001<br>Tel. (972) 380-5533<br>Fax (972) 380-5748<br><br>*Attorneys for Defendant Xerox Education Services, LLC* |
| /s/ *Joel W. Ruderman*<br>Joel W. Ruderman, Bar No. 13125<br>Joel.Ruderman@usdoj.gov<br>Sarah A. Marquardt, Bar No. 17294<br>Sarah.marquardt@usdoj.gov<br>United States Attorney's Office<br>36 S. Charles Street, 4th Floor<br>Baltimore, MD 21201<br>(410) 209-4800<br><br>*Attorneys for Defendant United States Department of Education* | /s/ *Richard Barry Benenson*<br>Richard Barry Benenson, Bar No.  24802<br>rbenenson@bhfs.com<br>Brownstein Hyatt Farber Shreck, LLP<br>410 17th Street, Suite 2200<br>Denver, CO 80202<br>(303) 223-1111<br><br>*Attorneys for Defendant NelNet, Inc.* |

I HEREBY CERTIFY that the terms of the copy of the Joint Status Report hereby submitted to the Court are identical to those set forth in the original Joint Status Report; and the signatures represented by the /s/_____ on this copy reference the signatures of consenting parties on the original Joint Status Report.

                                      */s/ Anastasia L. McCusker*
                                      Anastasia L. McCusker

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of February 2017, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing *Joint Status Report* will be served electronically by the Court's CM/ECF system on the following:

**Kim D. Parker, Esquire**

**Anastasia L. McCusker, Esquire**

**Todd A. Hoodenpyle, Esquire**

**Joel W. Ruderman, Esquire**

**Richard Barry Benenson, Esquire**

I HEREBY CERTIFY FURTHER that on this 23rd day of February 2017, a copy of the foregoing *Joint Status Report* was also served by electronic mail and first-class mail, postage prepaid, on:

**None**

                                                 */s/ Anastasia L. McCusker*
                                                 Anastasia L. McCusker