THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: § § | | |
| PARVIS NAFFIS AND VICKY NAFFIS, § § | | Chapter 7 Case No. 14-28711-NVA |
| Debtor. § § § § | | |
| | | |
| PARVIS NAFFIS, § § | | |
| Plaintiff, § § | | |
| v. § § | | Adversary Case No. 15-00078 |
| XEROX EDUCATION SERVICES, LLC, § § § | | |
| Defendant. § | | |

### DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND/OR TO QUASH PLAINTIFF'S DEPOSITION SUBPOENA TO DEFENDANT'S CORPORATE DESIGNEE

Defendant Xerox Education Services, LLC ("Defendant"), by and through its undersigned counsel, hereby submits this Emergency Motion for Protective Order and/or to Quash Plaintiff's Deposition Subpoena to Defendant's Corporate Designee. Pursuant to Federal Rules of Civil Procedure 26(c), 37(a)(5), and 45, as made applicable herein by Federal Bankruptcy Rules 7026, 7037, and 9016, Defendant respectfully moves for a protective order to preclude the deposition of Defendant's corporate designee in Baltimore, Maryland (including quashing the current subpoena) and require that such deposition take place in Utica, New York, where the deponent lives and works. Contemporaneously herewith, Defendant has filed a Motion to Shorten Time to Respond to Defendant's Emergency Motion for Protective Order and/or to Quash Plaintiff's Deposition

1

Subpoena to Defendant's Corporate Designee, moving for entry of an Order shortening the applicable time period to 4:00 PM on Monday, July 9, 2018. The deposition at issue has been noticed for the agreed upon date of July 17, 2018 and rescheduling the agreed upon date would be challenging, given, among other things, Plaintiff's counsel's limited availability.

## Emergency Nature of Motion

1. Defendant files this Motion as an Emergency Motion given the upcoming agreed upon deposition date of July 17, 2018 for Defendant's corporate designee and the Parties' dispute surrounding the location of that deposition. Given availability issues (including of Plaintiff's counsel), rescheduling this date would be challenging and further prolong this case.

## Background

2. In this Adversary Proceeding, Plaintiff seeks to recover more than $4 million from XES for alleged violations of the automatic stay (Count 2), the Fair Debt Collection Practices Act (Count 3), and the Maryland Debt Collection Act (Count 4). Plaintiff initiated this adversary proceeding in December 2014 – approximately 3.5 years ago.

3. After the Court dismissed (and/or granted summary judgment) Plaintiff's stay violation claims against the Department of Education and Nelnet (over Plaintiff's objection), Plaintiff and Defendant entered into the Joint Order Scheduling Pretrial Proceedings and Trial, which the Court entered on January 16, 2018 [Dkt. No. 103].

4. The Parties have largely completed written discovery, having exchanged answers to interrogatories and produced documents. No party designated an expert within the timeframe set by the existing scheduling order. On June 6, 2018, Defendant filed a Motion to Amend Order Scheduling Pretrial Proceedings [Dkt. No. 113], to extend the discovery deadline solely for the purposes of completing the depositions of Plaintiff and Defendant's corporate representative, and

setting summary judgment deadlines.  Plaintiff opposed that motion and filed his own motion to modify the scheduling order [Dkt. No. 115]; those motions are pending.  However, on June 14, 2018, counsel for Defendant (who came from Texas) took Plaintiff's deposition in Baltimore.

5.      On June 11, 2018, counsel for Defendant confirmed to counsel for Plaintiff that its corporate representative was available on July 17, 2018 in Utica, New York for deposition and provided Plaintiff's counsel with the specific address.  *See* email communication dated June 15, 2018, attached hereto as Exhibit A.  Defendant's corporate representative, Jamie Broedel, works and resides in Utica, New York.

6.      On June 21, 2018, Plaintiff served a Notice of Deposition for Corporate Designee on "Xerox Education Solutions, LLC" for July 17, 2018 in *Baltimore Maryland* as well as issued a Subpoena to the "corporate designee" via undersigned counsel (the "Notice").  This email communication and attached Notice are attached hereto as Exhibit B.[1]  Surprised by the location listed in the Notice, counsel for Defendant responded advising (i) Defendant's name is "Xerox Education Services, LLC" and (ii) as previously agreed, Defendant will tender its corporate representative in Utica, New York, as well as requesting Plaintiff re-issue the Notice.  Plaintiff agreed to correct the name (but never did), but refused to depose Defendant's corporate designee in Utica (though previously indicating the deposition would take place in Utica, New York by agreement).  On the same date, counsel for Defendant responded explaining that under established case law, the deposition of a defendant corporation through its officers is to take place at the corporation's principal place of business or where the officer resides (here Utica) absent some peculiar circumstances and, again, requested that Plaintiff re-issue the Notice. Counsel for Plaintiff did not respond. Given the approaching deposition date, on July 5, 2018, counsel for Defendant

---

[1] Plaintiff did not file a notice of service of deposition in the Adversary Proceeding.

3

again reached out to Plaintiff's counsel in a final good-faith attempt to resolve the issue without judicial intervention. Counsel for Defendant advised if the deposition notice is not re-issued for Utica by close of business that day, Defendant would file a motion for protective order (and seek to shorten time) and reserved the right to seek attorney's fees expended. *See* email chain from June 21, 2018 to July 5, 2018, attached hereto as Exhibit C.

7. Counsel for Plaintiff failed to respond as requested. Consequently, Defendant is forced to file this Motion. The only issue requiring resolution by this Motion is whether, for purposes of Defendant's 30(b)(6) deposition, Defendant should be forced to send its corporate designee to Baltimore, Maryland, contrary to the well-established legal presumption that the deposition of a defendant corporation through its officers or agents normally must be taken at its principal place of business or where the corporate designee is located, which in this case is Utica, New York.

**Applicable Legal Principles**

8. Federal Rule 26(c)(1), as made applicable herein by Bankruptcy Rule 7026, provides: "A party … from whom discovery is sought may move for a protective order in the court where the action is pending …. The court may, for good cause, issue an order to protect a party … from annoyance, embarrassment, oppression, or undue burden or expense…., including … (A) forbidding the disclosure or discovery." "An order under [R]ule 26(c) is committed to the discretion of the trial court and will not be disturbed on appeal unless the court has abused its discretion." *M & M Med. Supplies Serv., Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 163 (4th Cir. 1992). "The 'good cause' standard of Rule 26(c) is 'highly flexible, having been designed to accommodate all relevant interests as they arise.'" *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (quoting *United States v. Microsoft Corp.*, 165 F.3d 952, 959 (D.C. Cir. 1999)).

4

9.     Under Fed. R. Civ. P. 45(d)(3), as made applicable herein by Bankruptcy Rule 9016, a court must quash a subpoena that "requires a person to comply beyond the geographic limits specified in 45(c)." Rule 45(c), in turn, provides the place for deposition is "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Utica, New York is more than 100 miles from Baltimore, Maryland.

10.    Under Federal Rule 26(a)(3), Rule 37(a)(5) applies to the award of expenses for purposes of a motion for protective order. Federal Rule 37(a)(5), as made applicable herein by Bankruptcy Rule 7037, provides that if a motion for protective order (or motion for sanctions) is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, the court must not order this payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

## **Relief Requested**

11.    The general rule is that the deposition of a corporate defendant through its officers or agents normally must be taken at its principal place of business or where the corporate designees are located. *See In re Joseph Walker & Co., Inc.,* 472 B.R. 696, 700–01 (Bankr. D.S.C. 2012); *Goldstein v. Lincoln Nat'l Life Ins. Co.,* No. CV WMN-09-CV-706, 2010 WL 11549757, at *1 (D. Md. Aug. 2, 2010); *see also* Fed. R. Civ. P. 45(c). The law recognizes this presumption because defendants ordinarily do not choose the forum for litigation. *See Morin v. Nationwide Fed. Credit Union*, 229 F.R.D. 362, 363 (D. Conn. 2005). When a plaintiff seeks to take a defendant's

deposition at a location other than defendant's residence or place of business, "the plaintiff has the affirmative burden of demonstrating 'peculiar' circumstances which compel the court to order the depositions to be held in an alternate location." *See Morin*, 229 F.R.D. at 363 (granting motion for protective order and requiring plaintiff to take deposition of corporate designee at deponent's principal place of business); *see also Dagen v. CFC Group Holdings Ltd.*, No. 00-54682, 2003 WL 21910861, at *2 (S.D.N.Y. Aug. 11, 2003).

12. Defendant has shown good cause to preclude the deposition of its corporate designee in Baltimore, Maryland. Under the ordinary rule, the deponent's location (Utica, New York) is the proper location, absent a showing of peculiar circumstances by the Plaintiff. Here, Plaintiff has provided no basis for taking Defendant's corporate designee's deposition in Baltimore, Maryland, other than, presumably, it is more convenient for Plaintiff's counsel, whose office is located in Baltimore, Maryland.

13. Factors courts have considered relevant to overcoming this presumption do not support forcing Defendant's corporate designee to come to Baltimore, Maryland. *See Goldstein v. Lincoln Nat'l Life Ins. Co.,* 2010 WL 11549757, at *1 (D. Md. Aug. 2, 2010). The deponent lives and works in Utica, New York. Equitable considerations favor Utica, New York. The deponent recently had a surgery that would render it painful and more difficult to travel. Further, the deponent would likely miss one or two days of work if required to travel to Baltimore for the deposition and has already missed work due to her surgery. *See* the Declaration of Janie Broedel, Defendant's designated 30(b)(6) deponent, attached hereto as <u>Exhibit D</u>. In addition, primary counsel for Defendant, who intends to prepare the deponent and attend the deposition, is located in Texas. Defendant has no potential 30(b)(6) deponent for this matter who resides in Baltimore, Maryland. Defendant has not asserted a permissive counterclaim. Undersigned counsel for

Defendant does not anticipate that any significant discovery dispute will arise at the deposition so that judicial economy would favor resolution in the forum district. Plaintiff has not demonstrated any burden of having its counsel travel to Utica, New York for the deposition of Defendant.

14. If the Court grants the relief requested herein, Defendant is entitled to attorneys' fees. Here, Defendant attempted in good faith to resolve this matter without court action. As has been a consistent pattern in this case, counsel for Plaintiff ignored Defendant's requests. Moreover, and as demonstrated above, Plaintiff's position that Defendant's deposition should occur in Baltimore, Maryland is not substantially justified. Plaintiff provided no basis for his unilateral decision to designate Baltimore, Maryland as the deposition location after, from Defendant's perspective, agreeing to Utica, New York.

## Conclusion

15. For all the reasons stated, Defendant respectfully requests that the Court enter a protective order precluding the deposition of Defendant in Baltimore, Maryland, quashing the subpoena to Defendant for Baltimore, Maryland, requiring Plaintiff to re-issue the Notice and subpoena for Utica, New York, and awarding Defendant its attorneys' fees related to this motion.

## Statement Pursuant to Local Bankruptcy Rule 9013-2

16. No memorandum will be filed with this Emergency Motion and the Defendant will rely solely upon this Motion.

Dated: July 6, 2018

Respectfully submitted,

SINGER & LEVICK, P.C.

By: */s/ Todd A. Hoodenpyle*
Larry A. Levick
State Bar No. 12252600
levick@singerlevick.com
Todd A. Hoodenpyle
State Bar No. 00798265
hoodenpyle@singerlevick.com
16200 Addison Road, Suite 140
Addison, Texas 75001
Tel. (972) 380-5533
Fax (972) 380-5748

-and-

*/s/ Anastasia L. McCusker*
Richard M. Goldberg, Bar No. 07994
Anastasia L. McCusker, Bar No. 29533
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratt Street, Ste. 2000
Baltimore, MD 212101
(410) 385-0202
rmg@shapirosher.com
alm@shapirosher.com

**ATTORNEYS FOR DEFENDANT
XEROX EDUCATION SERVICES, LLC**

## CERTIFICATE OF CONFERENCE PURSUANT
## TO LOCAL BANKRUPTCY RULE 7026-1(f)

      I HEREBY CERTIFY that, Counsel for Defendant exchanged written communications with Counsel for Plaintiff, Ms. Parker, on June 21, 2018 and July 5, 2018, in an effort to resolve the discovery dispute concerning the location of Defendant's deposition. Counsel for Plaintiff failed to respond timely.  Accordingly, in compliance with Local Bankruptcy Rule 7026-1(f), the Movant has attempted to confer with Counsel for Plaintiff regarding the deposition location in an effort to obtain discovery without court action and counsel for Plaintiff appears to be opposed as to the disposition of the matters raised in this motion.

                                                                             */s/ Todd A. Hoodenpyle*
                                                                             Todd A. Hoodenpyle

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 6th day of July, 2018, I reviewed the Court's CM/ECF system and it reports that an electronic copy of *Xerox Education Services, LLC's Emergency For Protective Order And/Or to Quash Plaintiff's Deposition Subpoena to Defendant's Corporate Designee* will be served electronically by the Court's CM/ECF system on the following:

**Richard Barry Benenson**: rbenenson@bhfs.com, acavallaro@bhfs.com
**Sarah A Marquardt**: sarah.marquardt@usdoj.gov, kate.abrey@usdoj.gov
**Kim D. Parker**: kp@kimparkerlaw.com, dcn@kimparkerlaw.com;
              ecf_notices@kimparkerlaw.com; lawclerk@kimparkerlaw.com
**Joel W. Ruderman**: Ruderman.joel@pbgc.gov, Gerry.Zinser@usdoj.gov

                                          */s/ Anastasia L. McCusker*
                                          Anastasia L. McCusker