THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | § § | |
| PARVIS NAFFIS AND VICKY NAFFIS, | § § | Chapter 7<br>Case No. 14-28711-NVA |
| Debtor. | § § § § | |
| PARVIS NAFFIS, | § § | |
| Plaintiff, | § § | |
| v. | § § | Adversary Case No. 15-00078 |
| XEROX EDUCATION SERVICES, LLC, | § § § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO SHORTEN TIME TO RESPOND TO EMERGENCY MOTION FOR PROTECTIVE ORDER AND/OR TO QUASH PLAINTIFF'S DEPOSITION SUBPOENA TO DEFENDANT'S CORPORATE DESIGNEE**

Defendant Xerox Education Services, LLC ("Defendant"), by and through its undersigned counsel, and pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure, hereby moves for the entry of an Order shortening the applicable time for the Plaintiff to respond to the Defendant's Emergency Motion for Protective Order and/or to Quash Plaintiff's Deposition Subpoena to Defendant's Corporate Designee (the "Emergency Motion"), filed contemporaneously herewith. The Defendant requests that the time to respond to the Emergency Motion be shortened to 4:00 PM on Monday, July 09, 2018.

1

**Background**

1.  In this Adversary Proceeding, Plaintiff seeks to recover more than $4 million from XES for alleged violations of the automatic stay (Count 2), the Fair Debt Collection Practices Act (Count 3), and the Maryland Debt Collection Act (Count 4). Plaintiff initiated this adversary proceeding in December 2014 – approximately 3.5 years ago.

2.  After the Court dismissed (and/or granted summary judgment) Plaintiff's stay violation claims against the Department of Education and Nelnet (over Plaintiff's objection), Plaintiff and Defendant entered into the Joint Order Scheduling Pretrial Proceedings and Trial, which the Court entered on January 16, 2018 [Dkt. No. 103].

3.  The Parties have largely completed written discovery, having exchanged answers to interrogatories and produced documents. No party designated an expert within the timeframe set by the existing scheduling order.

4.  On June 11, 2018, counsel for Defendant confirmed to counsel for Plaintiff that its corporate representative was available on July 17, 2018 in Utica, New York for deposition and provided Plaintiff's counsel with the specific address. Defendant's corporate representative works and resides in Utica, New York.

5.  On June 21, 2018, Plaintiff served a Notice of Deposition for Corporate Designee on "Xerox Education Solutions, LLC" for July 17, 2018 in *Baltimore Maryland* as well as issued a Subpoena to the "corporate designee" via undersigned counsel (the "Notice"). Surprised by the location listed in the Notice, counsel for Defendant responded advising (i) Defendant's name is "Xerox Education Services, LLC" and (ii) as previously agreed, Defendant will tender its corporate representative in Utica, New York, as well as requesting Plaintiff re-issue the notice. Plaintiff agreed to correct the name (but never did), but refused to depose Defendant's corporate designee

in Utica. On the same date, counsel for Defendant responded explaining that under established case law, the deposition of a corporate defendant through its officers is to take place at the corporation's principal place of business or where the officer resides (here Utica) absent some peculiar circumstances and, again, requested that Plaintiff re-issue the notice. Counsel for Plaintiff did not respond.

6. Given the approaching deposition date, on July 5, 2018, counsel for Defendant again reached out to Plaintiff's counsel in a final good-faith attempt to resolve the issue without judicial intervention. Counsel for Defendant advised if the deposition notice is not re-issued for Utica by close of business that day, Defendant would file a motion for protective order (and seek to shorten time). Given availability issues (including of Plaintiff's counsel), rescheduling this date would be challenging and further prolong this case.

7. Counsel for Plaintiff failed to respond as requested. Consequently, Defendant was forced to file the Emergency Motion and seek to shorten time given the July 17, 2018 scheduled deposition date. The only issue requiring resolution by the Emergency Motion is whether, for purposes of Defendant's 30(b)(6) deposition, Defendant should be forced to send its corporate designee to Baltimore, Maryland, contrary to the well-established legal presumption that the deposition of a defendant corporation through its officers or agents normally must be taken at its principal place of business or where the corporate designee is located, which in this case is Utica, New York.

**Relief Requested**

8. Bankruptcy Rule 9006(c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules, "the court for cause shown may in its discretion with or without motion or notice order the period reduced."

9.      Given the upcoming deposition date in the Notice and attached subpoena of July 17, 2018, and the relief requested in the Emergency Motion to preclude Plaintiff from deposing Defendant's corporate designee in Baltimore, Maryland as noticed, the Defendant respectfully requests that this Court enter an Order to shorten the Plaintiff's time to respond to the Emergency Motion, and requiring any response be filed <u>on or before 4:00 PM on Monday, July 9, 2018.</u>

10.    Absent shortening the response time, the Plaintiff's response to the Emergency Motion would be due after the date scheduled for Defendant's deposition, July 17, 2018.

11.    Shortening of the response time to the Emergency Motion will not prejudice the Plaintiff.

### Statement Pursuant to Local Bankruptcy Rule 9013-2

12.    No memorandum will be filed with this Motion and the Defendant will rely solely upon this Motion.

WHEREFORE, the Defendant respectfully requests that this Court enter an Order in the form submitted simultaneous herewith (i) shortening the Plaintiff's time to respond to the Emergency Motion to <u>4:00 PM on Monday, July 09, 2018</u> and (ii) granting the Defendant such other and further relief as the Court may deem just and proper.

Dated: July 6, 2018                                 Respectfully submitted,

                                                                        SINGER & LEVICK, P.C.

By:    */s/ Todd A. Hoodenpyle*
        Larry A. Levick
        State Bar No. 12252600
        levick@singerlevick.com
        Todd A. Hoodenpyle
        State Bar No. 00798265
        hoodenpyle@singerlevick.com
        16200 Addison Road, Suite 140
        Addison, Texas 75001
        Tel. (972) 380-5533
        Fax (972) 380-5748

-and-

*/s/ Anastasia L. McCusker*
Richard M. Goldberg, Bar No. 07994
Anastasia L. McCusker, Bar No. 29533
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratt Street, Ste. 2000
Baltimore, MD 212101
(410) 385-0202
rmg@shapirosher.com
alm@shapirosher.com

**ATTORNEYS FOR DEFENDANT**
**XEROX EDUCATION SERVICES, LLC**

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of July, 2018, I reviewed the Court's CM/ECF system and it reports that an electronic copy of *Xerox Education Services, LLC's Motion to Shorten Time to Respond to Emergency For Protective Order And/Or to Quash Plaintiff's Deposition Subpoena to Defendant's Corporate Designee* will be served electronically by the Court's CM/ECF system on the following:

**Richard Barry Benenson**: rbenenson@bhfs.com, acavallaro@bhfs.com
**Sarah A Marquardt**: sarah.marquardt@usdoj.gov, kate.abrey@usdoj.gov
**Kim D. Parker**: kp@kimparkerlaw.com, dcn@kimparkerlaw.com;
ecf_notices@kimparkerlaw.com; lawclerk@kimparkerlaw.com
**Joel W. Ruderman**: Ruderman.joel@pbgc.gov, Gerry.Zinser@usdoj.gov

                                                */s/ Anastasia L. McCusker*
                                                Anastasia L. McCusker