EXHIBIT A

THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| PARVIS NAFFIS AND VICKY NAFFIS, | § | Chapter 7 |
| | § | Case No. 14-28711-NVA |
| Debtor. | § | |
| | § | |
| | § | |

| | | |
|---|---|---|
| PARVIS NAFFIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary Case No. 15-00078 |
| | § | |
| XEROX EDUCATION SERVICES, LLC, | § | |
| UNITED STATES DEPARTMENT OF | § | |
| EDUCATION, and | § | |
| NELNET LOANS | § | |
| | § | |
| Defendants. | § | |

XEROX EDUCATION SERVICES, LLC'S OBJECTIONS AND ANSWERS
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

TO:  Parvis Naffis, by and through his counsel of record, Kim Parker, The Law Offices of Kim
P.A., 2123 Maryland Avenue, Baltimore, Maryland 21218.

Xerox Education Services, LLC, Defendant, hereby submits its Objections and Answers to

Plaintiff's First Set of Interrogatories to Defendant.

## I. GENERAL OBJECTIONS

Defendant generally objects to the instructions and definitions because they are beyond the

scope of permissible discovery allowed by the Federal Rules of Civil Procedure, attempt to impose

impermissible burdens and obligations on Defendant, and attempt to use definitions of words that

are not their ordinary and customary usage.  Defendant objects to the definition of "Defendant"

because the definition includes not only the party served but also its "agents, employees, representatives and/or attorneys" and making the definition overbroad, ambiguous, beyond the scope of discovery, and unduly burdensome.

The Defendant objects to the Interrogatories to the extent any Interrogatory seeks the disclosure or discovery of information protected by any applicable privilege or doctrine, including the attorney-client privilege, the work product doctrine, the common interest doctrine or any similar privilege or doctrine and including any disclosure or discovery of work product, information, or materials prepared in contemplation of litigation, information or communications protected by the attorney-client privilege, or the opinions, mental impressions, conclusions or legal theories of Defendant's attorneys or other representatives.   The Defendant provides information in response to the Interrogatories on the express condition that any inadvertent disclosure of information covered by such privileges or doctrines does not constitute a waiver of any such privilege or doctrine or a waiver of Defendant's right to assert such privilege or doctrine with respect to such information or any related information.

## II. INTERROGATORIES

### INTERROGATORY NO. 1:

State the name(s), business address(es) and job title(s) or capacity(ies) of the officer(s), employee(s) or agent(s) of Defendant answering or providing any information used to answer each Interrogatory.

### ANSWER:

Jamie Broedel, Director of Risk Management and Legal Affairs with the assistance of counsel.

### INTERROGATORY NO. 2:

List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge or information concerning any of the issues in this lawsuit; and, specify the subject matter about which the witness has knowledge.

**ANSWER:**

Jamie Broedel has knowledge regarding facts related to Plaintiff's claims and Defendant's defenses.

**INTERROGATORY NO. 3:**

Do you intend to call or use the testimony of any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**

Defendant objects to this interrogatory because it invades the attorney-client and work product privileges. Subject to these objections, Defendant will comply with the Joint Order Scheduling Pretrial Proceedings and Trial for designating expert witnesses.

**INTERROGATORY NO. 4:**

State the date of each communication from you to any servicer, forwarder, or intermediary with regard to plaintiff's account and identify all parties to the communication from December 9, 2014, through the present date.

**ANSWER:**

Defendant objects to this interrogatory because the terms "forwarder" and "intermediary" are vague as these terms are not defined or explained. Subject to this objection, Defendant had communications with American Education Services who is the servicer for the Education Department related to the consolidation payoff which was requested by Plaintiff.

**INTERROGATORY NO. 5:**

State the date of each communication from you to the previous creditor/owner of the debt described in Plaintiff's complaint and from and to any servicer, forwarder, or intermediary with regard to plaintiff's account and identify all parties to the communication from December 9, 2014, through the present date.

**ANSWER:**

Defendant objects to this interrogatory because it is vague as to the phrase "previous creditor/owner of the debt described in Plaintiff's complaint" because Plaintiff failed to describe the "debt" and Plaintiff does not identify with particularity the parties to any communication for which Plaintiff seeks discovery. Defendant objects to this interrogatory because the terms "forwarder" and "intermediary" are vague as these terms are not defined or explained. Subject to these objections, Defendant did not have any communication with any previous creditor/owner of the debt from December 9, 2014 to the present.

**INTERROGATORY NO. 6:**

Identify all owners of the debt described in the complaint from January 1, 2014 through the present date.

**ANSWER:**

EFS Fin. Company, LLC – Nelnet GCO Trust

United States Department of Education ("ED")

**INTERROGATORY NO. 7:**

Identify all sales and/or transfers of the debt described in the complaint from December 9, 2014, through the present date.

**ANSWER:**

Defendant has not sold or transferred the "debt" described in the Complaint.

**INTERROGATORY NO. 8:**

State the date of each communication from and to plaintiff with regard to plaintiff's account, and identify all parties to the communication from December 1, 2014 through the present date.

**ANSWER:**

You are referred to the documents produced by Defendant in this case because the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or

summarizing the documents produced by defendant and the burden of deriving or ascertaining the answer will be substantially the same for either party, specifically the Borrower History and Activity Report.

## INTERROGATORY NO. 9:

Identify all persons other than plaintiff with whom you communicated about the plaintiff's account, including consumer reporting agencies from December 1, 2014 through the present date.

## ANSWER:

You are referred to the documents produced by Defendant in this case because the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the documents produced by defendant and the burden of deriving or ascertaining the answer will be substantially the same for either party, specifically the Borrower History and Activity Report.

## INTERROGATORY NO. 10:

Please set forth a plain English translation or transcript of the full "contact history," media, collection, or credit records defendant is asked to produce herewith, including the meaning of all codes and abbreviations.

## ANSWER:

Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant objects to this interrogatory as vague because it is unclear what information or data Plaintiff seeks to be "translated" or "transcribed."

**INTERROGATORY NO. 11:**

Identify each and every telephone call, incoming or outgoing, by your agents to the Plaintiff from December 1, 2014 to the present date, including, but not limited to, the date, the time, the method, the name and title of your employee, the substance of the conversation and if the said call was recorded.

**ANSWER:**

Defendant objects to this interrogatory because it is duplicative of Interrogatory No. 8. You are referred to the documents produced by Defendant in this case because the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the documents produced by defendant and the burden of deriving or ascertaining the answer will be substantially the same for either party.

**INTERROGATORY NO. 12:**

Identify all bankruptcy notices you received regarding the Plaintiff from December 9, 2014, through the present date.

**ANSWER:**

Defendant did not receive any written notices related to Plaintiff's underlying bankruptcy case prior to being served with notice of this adversary proceeding.

**INTERROGATORY NO. 13:**

State the names, aliases, job title, business and home addresses and telephone numbers, date of initial employment and date of and reason for termination of employment of each of your employees, a. who contacted Plaintiff or another person regarding this debt from December 9, 2014, to the present date; and b. who have left your employ within the last two years.

**ANSWER:**

Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit.

**INTERROGATORY NO. 14:**

Describe fully any system(s) Defendant maintains or operates to record contacts of its employees with consumers or third parties in connection with the collection of consumer accounts, and Defendant's policies for operating such a system.

**ANSWER:**

Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant's policies for operating the system encompasses tens of thousands of pages. Subject to these objections, the system is called the CES Guaranteed Student Loan Servicing System.

**INTERROGATORY NO. 15:**

Identify all present and past contracts or agreements between Defendant and any creditor regarding the account described in Plaintiff's Third Amended Complaint and give the date of the initial contract or agreement.

**ANSWER:**

Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit.

**INTERROGATORY NO. 16:**

Identify and describe all procedures, memorandum and/or policies utilized by the Defendant regarding the handling of accounts in bankruptcy, such as Plaintiff in effect on December 9, 2014 through the present date.

**ANSWER:**

Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit.

**INTERROGATORY NO. 17:**

Identify and describe all of your procedures, memorandum and/or policies utilized by the Defendant regarding the collections of delinquent accounts in effect on December 9, 2014 through the present date.

**ANSWER:**

Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit.

**INTERROGATORY NO. 18:**

If your response to the Requests for Admissions served simultaneously herewith is anything other than an unqualified admission, then please state as to each denial the specific facts forming the basis for such denial and identify each witness and document upon which you will rely to support your denial.

**ANSWER:**

Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant objects to this interrogatory because answering this interrogatory for each request for admissions would result in more than twenty-five (25) interrogatories. Subject to these objections, you are referred to the objections and responses for each request for admissions.

**INTERROGATORY NO. 19:**

Identify all witnesses you intend to call at trial, including, the name, address, phone number and substance of their testimony.

**ANSWER:**

Jamie Broedel will testify related to Plaintiff's claims and Defendant's defenses. Ms. Broedel may be contacted through counsel.

**INTERROGATORY NO. 20:**

If you believe that there are any inaccuracies in Plaintiff's Third Amended Complaint, please set forth the basis for such contention.

**ANSWER:**

Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and

expense of the proposed discovery outweighs the likely benefit.  Subject to these objections, you

are referred to Defendant's Answer to the Third Amended Complaint.

**INTERROGATORY NO. 21:**

Identify all telephonic recordings in your possession from December 1, 2014 thorough the present
date, regarding Plaintiff's account.

**ANSWER:**

    None.

**INTERROGATORY NO. 22:**

Identify and describe your procedures for recommending the consolidation of a student loan,
including, the date such procedure was created, when said procedures are updated and the process.

**ANSWER:**

    Defendant does not have a procedure for recommending consolidation of student loans,

and Defendant does not recommend consolidation of student loans.  Defendant has not

consolidated student loans since approximately April 2009 when Defendant stopped consolidated

loans under the Family Federal Loan Act.

**INTERROGATORY NO. 23:**

Identify and describe all commissions, bonuses or compensation received by you, from a third-
party, as it related to Plaintiff consolidating his student loan as described in his Third Amended
Complaint. For each such commissions, bonus or compensation, identify the source, the date of
payment and the amount.

**ANSWER:**

    None.

**INTERROGATORY NO. 24:**

Identify all licenses held by the Defendant in Maryland that permit the collection of consumer
debt, including, but not limited to, agency name, license number, date licensed and date license
expired.

**ANSWER:**

Defendant objects to this interrogatory because it assumes that Defendant is required to hold a license to permit the collection of consumer debt in Maryland.

Dated: April 3, 2018

Respectfully submitted,

SINGER & LEVICK, P.C.

By:   */s/ Todd A. Hoodenpyle*
      Larry A. Levick
      State Bar No. 12252600
      levick@singerlevick.com
      Todd A. Hoodenpyle
      State Bar No. 00798265
      hoodenpyle@singerlevick.com
      16200 Addison Road, Suite 140
      Addison, Texas 75001
      Tel. (972) 380-5533
      Fax (972) 380-5748

        -and-

      Anastasia L. McCusker, Bar No. 29533
      SHAPIRO SHER GUINOT & SANDLER
      250 W. Pratt Street, Ste. 2000
      Baltimore, MD 212101
      (410) 385-0202
      alm@shapirosher.com

      **ATTORNEYS FOR DEFENDANT**
      **XEROX EDUCATION SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the parties listed below via first class mail, postage pre-paid and electronic mail on this 3rd day of April, 2018.

> Kim Parker, Esquire
> The Law Offices of Kim P.A.
> 2123 Maryland Avenue
> Baltimore, Maryland 21218
> Email: kp@kimparkerlaw.com

> /s/ *Anastasia L. McCusker*
> Anastasia L. McCusker

THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **PARVIS NAFFIS AND VICKY NAFFIS,** | § | Chapter 7 |
| | § | Case No. 14-28711-NVA |
| Debtor. | § | |
| | § | |
| | § | |

| | | |
|---|---|---|
| **PARVIS NAFFIS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary Case No. 15-00078 |
| | § | |
| **XEROX EDUCATION SERVICES, LLC,** | § | |
| **UNITED STATES DEPARTMENT OF** | § | |
| **EDUCATION, and** | § | |
| **NELNET LOANS** | § | |
| | § | |
| Defendants. | § | |

**XEROX EDUCATION SERVICES, LLC'S
OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

TO:    Parvis Naffis, by and through his counsel of record, Kim Parker, The Law Offices of Kim
P.A., 2123 Maryland Avenue, Baltimore, Maryland 21218.

Xerox Education Services, LLC, Defendant, hereby submits its Objections and Responses

to Plaintiff's Request for Production of Documents to Defendant.

## I.  GENERAL OBJECTIONS

Defendant generally objects to the instructions and definitions because they are beyond the

scope of permissible discovery allowed by the Federal Rules of Civil Procedure, attempt to impose

impermissible burdens and obligations on Defendant, and attempt to use definitions of words that are not their ordinary and customary usage.

Specifically, Defendant objects to the Requests to the extent they purport to require the Defendant to produce documents that are not within the Defendant's possession, custody, or control and/or to impose discovery obligations on entities not a party to this litigation. Defendant objects to the Requests to the extent they seek the production of documents already in the possession of, or otherwise readily available to Plaintiff. Defendant objects to the Requests to the extent they seek information or documents that are protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, or any other applicable privilege or protection against disclosure. The Defendant will withhold any privileged information.

## II. REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Produce all documents in response to Plaintiff's Interrogatories.

### RESPONSE:

Defendant objects to this request because it does not describe with reasonable particularity each item or category of items to be inspected. Defendant will not produce documents responsive to this Request.

### REQUEST FOR PRODUCTION NO. 2:

Produce all documents relating to the sale and/or transfer of Plaintiff's student loan account.

### RESPONSE:

There are no responsive documents.

### REQUEST FOR PRODUCTION NO. 3:

Produce copies of all documents signed by the Plaintiff after December 15, 2014 and through the current date.

**RESPONSE:**

All non-privileged, responsive documents will be produced at the law offices of Singer &

Levick, P.C., 16200 Addison Road, Suite 140, Addison, Texas 75001 at a mutually agreeable time.

**REQUEST FOR PRODUCTION NO. 4:**

All training manuals or other materials used in training Defendant's employees who had contact
with Plaintiff.

**RESPONSE:**

Defendant objects to this interrogatory because it is not relevant to any party's claim or

defense nor is it proportional to the needs of this case, considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and the burden and

expense of the proposed discovery outweighs the likely benefit. Defendant will not produce

documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Recordings of all phone calls made in an attempt to collect a debt from Plaintiff, including but not
limited to calls made to locate him, or to leave a message for him, or to speak to him, and calls
from Plaintiff to Defendant from December 10, 2014 to the present date.

**RESPONSE:**

There are no responsive items.

**REQUEST FOR PRODUCTION NO. 6:**

All policy and procedure materials used by Defendant in its attempt to comply with debt collection
laws since January 1, 2014 through the present date.

**RESPONSE:**

Defendant objects to this interrogatory because it is not relevant to any party's claim or

defense nor is it proportional to the needs of this case, considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant will not produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 7:

All written statements regarding Plaintiff's Complaint.

## RESPONSE:

Defendant objects to this Document Request because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Subject to these objections, all non-privileged, responsive documents will be produced at the law offices of Singer & Levick, P.C., 16200 Addison Road, Suite 140, Addison, Texas 75001 at a mutually agreeable time.

## REQUEST FOR PRODUCTION NO. 8:

All documents concerning plaintiff's account and defendant's efforts to investigate and collect thereon, including all internal collection records, collection screens, audit records, credit reports, skip trace reports, and correspondence from December 9, 2014 through the present date.

## RESPONSE:

Defendant objects to this request because it assumes that Defendant collected, or attempted to collect, a debt. Subject to this objection, all non-privileged, responsive documents will be produced at the law offices of Singer & Levick, P.C., 16200 Addison Road, Suite 140, Addison, Texas 75001 at a mutually agreeable time.

**REQUEST FOR PRODUCTION NO. 9:**

A list of all abbreviations and their meanings used by Defendant and Defendant's collectors when making notes on individual account logs.

**RESPONSE:**

All non-privileged, responsive documents will be produced at the law offices of Singer & Levick, P.C., 16200 Addison Road, Suite 140, Addison, Texas 75001 at a mutually agreeable time.

**REQUEST FOR PRODUCTION NO. 10:**

All agreements with the owner of the debt and any intermediary, servicer, or forwarder concerning collection of debts such as plaintiff's alleged debt.

**RESPONSE:**

Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All documents concerning the amounts listed as owing in your collection letters, including contracts, invoices, formulas, instructions, calculations, canceled checks, logs, and bookkeeping or accounting entries from December 9, 2014 through the present date.

**RESPONSE:**

Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and

expense of the proposed discovery outweighs the likely benefit.  Subject to these objections,

Defendant is producing a copy of the Borrower History and Activity Report related to Plaintiff.

## REQUEST FOR PRODUCTION NO. 12:

All documents concerning your procedures reasonably adapted to make sure a debtor is not contacted once defendant receives notice of representation or a bankruptcy notice.

## RESPONSE:

Defendant objects to this interrogatory because it is not relevant to any party's claim or

defense nor is it proportional to the needs of this case, considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and the burden and

expense of the proposed discovery outweighs the likely benefit.  Defendant will not produce

documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 13:

All documents which refer or relate to plaintiff, or which are filed, indexed, stored, or retrievable under plaintiff's name, or under any identifying number, symbol, code, or designation assigned to him, including tape recordings of conversations with or about him.

## RESPONSE:

All non-privileged, responsive documents will be produced at the law offices of Singer &

Levick, P.C., 16200 Addison Road, Suite 140, Addison, Texas 75001 at a mutually agreeable time.

There are not tape recordings.

## REQUEST FOR PRODUCTION NO. 14:

All internal documents, memoranda, etc., of the Defendant regarding the use of its collection notices and collection efforts.

**RESPONSE:**

Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant objects to this request because the request is overbroad and unduly burdensome by the inclusion of "etc." Defendant will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

Your retention schedule regarding retention of notes, recordings, letters, contacts, ticklers and correspondence regarding the handling and servicing of consumer accounts, such as the Plaintiff.

**RESPONSE:**

Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Subject to these objections, Defendant is producing a copy of the Borrower History and Activity Report related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 16:**

All documents relied in support of your denial to Plaintiff's Request for Admissions.

**RESPONSE:**

All non-privileged, responsive documents will be produced at the law offices of Singer & Levick, P.C., 16200 Addison Road, Suite 140, Addison, Texas 75001 at a mutually agreeable time.

**REQUEST FOR PRODUCTION NO. 17:**

All exhibits which Defendant proposes to introduce at trial.

**RESPONSE:**

Defendant objects to this request because it invades the attorney-client and work product

privileges. Subject to these objections, Defendant will comply with the Joint Order Scheduling

Pretrial Proceedings and Trial.

**REQUEST FOR PRODUCTION NO. 18:**

All communications between Defendant and any third-party regarding Plaintiff's account from
December 9, 2014 through the present date.

**RESPONSE:**

All non-privileged, responsive documents will be produced at the law offices of Singer &

Levick, P.C., 16200 Addison Road, Suite 140, Addison, Texas 75001 at a mutually agreeable time.

**REQUEST FOR PRODUCTION NO. 19:**

Copies of all statements of accounts or invoices sent to the Plaintiff from December 9, 2014
through the present date.

**RESPONSE:**

Defendant does not retain billing invoices. Defendant's invoicing to Plaintiff is reflected

on the Borrower History and Activity Report related to Plaintiff, which Defendant is producing a

copy of the Borrower History and Activity Report related to Plaintiff.

**REQUEST FOR PRODUCTION NO. 20:**

A copy of Defendant insurance declarations.

**RESPONSE:**

Defendant objects to this interrogatory because it is not relevant to any party's claim or

defense nor is it proportional to the needs of this case, considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant will not produce documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 21:

Copies of all correspondence sent by the Defendant or third-party to Plaintiff from December 9, 2014 through the present date.

## RESPONSE:

Defendant objects to this request to the extent it seeks documents sent by an undefined "third party." Subject to the foregoing objections, all non-privileged, responsive documents will be produced at the law offices of Singer & Levick, P.C., 16200 Addison Road, Suite 140, Addison, Texas 75001 at a mutually agreeable time.

Dated: April 3, 2018                           Respectfully submitted,

                                               SINGER & LEVICK, P.C.

                                               By:    /s/ Todd A. Hoodenpyle
                                                      Larry A. Levick
                                                      State Bar No. 12252600
                                                      levick@singerlevick.com
                                                      Todd A. Hoodenpyle
                                                      State Bar No. 00798265
                                                      hoodenpyle@singerlevick.com
                                                      16200 Addison Road, Suite 140
                                                      Addison, Texas 75001
                                                      Tel. (972) 380-5533
                                                      Fax (972) 380-5748

                                                      -and-

Anastasia L. McCusker, Bar No. 29533
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratt Street, Ste. 2000
Baltimore, MD 212101
(410) 385-0202
alm@shapirosher.com
**ATTORNEYS FOR DEFENDANT**
**XEROX EDUCATION SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the

parties listed below via first class mail, postage pre-paid and electronic mail on this 3rd day of

April, 2018.

Kim Parker, Esquire
The Law Offices of Kim P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
Email: kp@kimparkerlaw.com

/s/ *Anastasia L. McCusker*
Anastasia L. McCusker

THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| PARVIS NAFFIS AND VICKY NAFFIS, | § | Chapter 7 |
| | § | Case No. 14-28711-NVA |
| Debtor. | § | |
| | § | |
| | § | |

| | | |
|---|---|---|
| PARVIS NAFFIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary Case No. 15-00078 |
| | § | |
| XEROX EDUCATION SERVICES, LLC, | § | |
| UNITED STATES DEPARTMENT OF | § | |
| EDUCATION, and | § | |
| NELNET LOANS | § | |
| | § | |
| Defendants. | § | |

XEROX EDUCATION SERVICES, LLC'S OBJECTIONS AND RESPONSES
TO PLAINTIFF'S ADMISSIONS TO DEFENDANT

TO:    Parvis Naffis, by and through his counsel of record, Kim Parker, The Law Offices of Kim
P.A., 2123 Maryland Avenue, Baltimore, Maryland 21218.

Xerox Education Services, LLC, Defendant, hereby submits its Objections and Responses

to Plaintiff's Admissions to Defendant.

## I. GENERAL OBJECTION

Defendant generally objects to the instructions and definitions because they are beyond the

scope of permissible discovery allowed by the Federal Rules of Civil Procedure, attempt to impose

impermissible burdens and obligations on Defendant, and attempt to use definitions of words that

are not their ordinary and customary usage.

Defendant objects to the definition of "Defendant" or "you" because the definition includes not only the party served but also its "agents, employees, representatives and/or attorneys" and making the definition overbroad, ambiguous, beyond the scope of discovery, and unduly burdensome.

Defendant objects to the definition of "Account" or "Debt" because it refers to "the student loan that Defendant serviced or is servicing" without identifying the borrower of any such loan, and further objects because Defendant is not currently the servicer of any student loan of Plaintiff.

## II. REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that you are the servicer for the account described in Plaintiff's Complaint.

**RESPONSE:**

Defendant objects to this request because the Complaint does not define an "account." Defendant denies that it is currently the services of any student loan for Plaintiff.

**REQUEST FOR ADMISSION NO. 2:**

Admit that you were on notice of Plaintiff's impending bankruptcy.

**RESPONSE:**

Defendant objects to this request because it is vague as to the time that Plaintiff seeks an admission as to the date that Defendant was "on notice" of Plaintiff's bankruptcy case, and objects to this request because the phrase "on notice" is not defined or explained. Due to these issues and ambiguities, Defendant cannot admit or deny.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Defendant is engaged in the business of collecting consumer debts and regularly attempts and collects consumer debts allegedly owed to another and is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

**RESPONSE:**

Defendant objects to this request because it calls for a legal conclusion. Subject to this objection, denied. Defendant is excluded from the definition of "debt collector" pursuant to 15 U.S.C. 1692a(F).

**REQUEST FOR ADMISSION NO. 4:**

Admit that your agents communicated with the Plaintiff after December 9, 2014.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 5:**

Admit that your all communications after December 9, 2014, were in an attempt to collect a debt.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that after December 9, 2014, you sent written communications to the Plaintiff.

**RESPONSE:**

Admit.

**REQUEST FOR ADMISSION NO. 7:**

Admit that after December 9, 2014, all communications sent to the Plaintiff were in an attempt to collect a debt.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that you were aware that Plaintiff had filed an Adversary Proceeding on February 19, 2015, in his attempt to discharge his student loans.

**RESPONSE:**

Defendant objects to this request because it is vague as to time. Subject to this objection, Defendant denies that it was aware on February 19, 2015 that Plaintiff filed an Adversary Proceeding.

**REQUEST FOR ADMISSION NO. 9:**

Admit that you communicated with the Plaintiff after February 19, 2015, in an attempt to offer him a consolidation of his student loans.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that you communicated to the Plaintiff that the adversary proceeding had been dismissed.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that your communications to the Plaintiff that the adversary proceeding had been dismissed was false.

**RESPONSE:**

Defendant denies that Defendant communicated that the adversary proceeding was dismissed and denies that Defendant communicated information falsely.

**REQUEST FOR ADMISSION NO. 12:**

Admit that your communications to the Plaintiff that the adversary proceeding had been dismissed was misleading.

**RESPONSE:**

Defendant denies that Defendant communicated that the adversary proceeding was dismissed and denies that Defendant communicated information misleadingly.

**REQUEST FOR ADMISSION NO. 13:**

Admit that you were aware that a stay was in effect as of February 19, 2015, prohibiting any collection activities.

**RESPONSE:**

Defendant objects to this request because it is vague as to time. Defendant objects to this request because it calls for a legal conclusion that the "stay" applied to Plaintiff's student loan debt. Subject to this objection, Defendant denies that it was aware on February 19, 2015 that a stay was in effect related to Plaintiff and/or Plaintiff's student loan debt

**REQUEST FOR ADMISSION NO. 14:**

Admit that Plaintiff is a consumer as defined by the Fair Debt Collections Practices Act.

**RESPONSE:**

Defendant objects to this request because it calls for a legal conclusion. Subject to this objection, admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the debt you were collecting is a debt as defined by the Fair Debt Collections Practices Act.

**RESPONSE:**

Defendant objects to this request because it calls for a legal conclusion. Subject to this objection, denied.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you are a debt collector as defined by the Fair Debt Collections Practices Act.

**RESPONSE:**

Defendant objects to this request because it calls for a legal conclusion. Subject to this objection, denied.

**REQUEST FOR ADMISSION NO. 16 [sic]:**

Admit that you violated the Fair Debt Collections Act in your servicing of Plaintiff's account.

**RESPONSE:**

     Defendant objects to this request because it calls for a legal conclusion. Subject to this

objection, denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the account you are/were servicing was incurred primarily personal, family or household purposes.

**RESPONSE:**

     Denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you have no defense to Plaintiff's Complaint.

**RESPONSE:**

     Denied.

**REQUEST FOR ADMISSION NO. 19:**

Admit that defendant received notice of plaintiff's representation by counsel.

**RESPONSE:**

     Defendant objects to this request because it is vague as to time. Subject to this objection,

denied.

**REQUEST FOR ADMISSION NO. 20:**

Admit that defendant communicated with Plaintiff directly after December 9, 2014 through the present date.

**RESPONSE:**

     Defendant objects to this request because it is duplicative of Request for Admission No. 4.

**REQUEST FOR ADMISSION NO. 21:**

Admit that the defendant communicated or attempted to communicate with the Plaintiff, telephonically, more than once per day, from December 9, 2014 through the present date.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 22:**

Admit that the Defendant receives electronic notices regarding the filing of Bankruptcy.

**RESPONSE:**

Defendant admits that, since Defendant filed its first pleading in this case, Defendant has received electronic notices in this case.  Otherwise, Defendant denies the request.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the Defendant lacks sufficient procedures to safeguard consumers that have filed for Bankruptcy from normal collections efforts.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 24:**

Admit that the Defendant does not possess a Maryland Collection Agency License.

**RESPONSE:**

Defendant objects this request because it assumes that Defendant is required to possess a Maryland Collection Agency License. Defendant objects to this request because it calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 25:**

Admit that you have been sued in your proper name.

**RESPONSE:**

Defendant admits that Plaintiff properly named Defendant in the Third Amended Complaint. Currently, the correct name of Defendant is Conduent Education Services, LLC f/k/a Xerox Education Services, LLC.

Dated: April 3, 2018

Respectfully submitted,

SINGER & LEVICK, P.C.

By:    */s/ Todd A. Hoodenpyle*
       Larry A. Levick
       State Bar No. 12252600
       levick@singerlevick.com
       Todd A. Hoodenpyle
       State Bar No. 00798265
       hoodenpyle@singerlevick.com
       16200 Addison Road, Suite 140
       Addison, Texas 75001
       Tel. (972) 380-5533
       Fax (972) 380-5748

           -and-

       Anastasia L. McCusker, Bar No. 29533
       SHAPIRO SHER GUINOT & SANDLER
       250 W. Pratt Street, Ste. 2000
       Baltimore, MD 212101
       (410) 385-0202
       alm@shapirosher.com
       -and-

       **ATTORNEYS FOR DEFENDANT**
       **XEROX EDUCATION SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the parties listed

below via first class mail, postage pre-paid and electronic mail on this 3rd day of April, 2018.

> Kim Parker, Esquire
> The Law Offices of Kim P.A.
> 2123 Maryland Avenue
> Baltimore, Maryland 21218
> Email: kp@kimparkerlaw.com

> /s/ *Anastasia L. McCusker*
> Anastasia L. McCusker

EXHIBIT B

## Cyreka Jacobs, JD

| | |
|---|---|
| **From:** | Kim Parker, Esquire |
| **Sent:** | Thursday, May 10, 2018 8:51 PM |
| **To:** | Todd Hoodenpyle; Cyreka Jacobs, JD; Anastasia L. McCusker |
| **Subject:** | Re: Responsive Documents (RFPs) |

Mr. Hoddenpyle,

I have requested repeatedly that you provide me with proposed dates for my clients deposition. As of this writing, you have not. I would again request you provide the dates, to expedite the scheduling. Your characterization of my conversation is incorrect. My clients damages were in fact included. The student loan that your client induced him to refinance, in violation of the FCPA, and Automatic Stay $380,000 (See Interrogatory Response 14) are my clients damages. Statements were produced in Plaintiff's document production. With regard to Plaintiff's other damages, a rudimentary review of the same interrogatory provides the calculations.

As you are aware, your client objected to each and every interrogatory and request for production of documents, in an effort to impede and frustrate the discovery process. I will be sending a letter momentarily addressing your client's failures and will also oblige the court to compel responses.

You are requesting topics in order to assign a corporate representative, however, you have produce no responsive documents. This is regrettable.

Kim Parker

**Respectfully,**
**Kim Parker, Esq.** | Attorney and Counselor at Law
The Law Office of Kim Parker, P.A. | 2123 Maryland Avenue Baltimore, MD 21218
410-234-2621 | Fax 410-234-2612 | Admitted to Practice in Maryland and DC.
Assistant: Destiny Whitaker, assist@kimparkerlaw.com
Law Clerk Cyreka Jacobs, legalclerk@kimparkerlaw.com

Website: www.kpcounsel.com

This is an e-mail transmission from the law firm of Kim Parker, P.A. that may contain confidential and/or privileged information, attorney work product or content exempt from disclosure under applicable law. If you received this message in error or you are not a named recipient, please notify the sender by reply e-mail or by calling 410-234-2621 Additionally, please delete the electronic message and destroy any copies of the message. Any disclosure, dissemination, distribution, reproduction or other use of the message by an unauthorized recipient is prohibited. Thank you.

**From:** Todd Hoodenpyle <hoodenpyle@singerlevick.com>
**Sent:** Thursday, May 10, 2018 3:53:42 PM
**To:** Cyreka Jacobs, JD; Anastasia L. McCusker
**Cc:** Kim Parker, Esquire
**Subject:** RE: Responsive Documents (RFPs)

Ms. Parker,

Following my phone call, we have requested dates for Plaintiff's deposition on several occasions. Please provide dates for the deposition of Plaintiff by Monday.

I have requested documents related to your client's purported damages as you have not yet produced a single document related to damages. In my call with you the other day, you indicated that you did not know. Today, Ms. Jacobs indicated that such documents related to damages exist, but could not tell me when you would produce the documents. When can we expect to receive any documents related to Plaintiff's purported damages?

Also, in response to your request for deposition dates for my client's corporate representative(s), I asked that you provide a list of topics for the corporate representative deposition. Please provide a list of those topics.

Todd A. Hoodenpyle
Singer & Levick, P.C.
16200 Addison Road, Suite 140
Addison, Texas 75001
(972) 380-5533
(972) 380-5748 (facsimile)
hoodenpyle@singerlevick.com
www.singerlevick.com


**From:** Cyreka Jacobs, JD <legalclerk@kimparkerlaw.com>
**Sent:** Wednesday, May 9, 2018 10:50 AM
**To:** Anastasia L. McCusker <alm@shapirosher.com>; Todd Hoodenpyle <hoodenpyle@singerlevick.com>
**Cc:** Kim Parker, Esquire <kp@kimparkerlaw.com>
**Subject:** Responsive Documents (RFPs)
**Importance:** High

Hello Anastasia,

In your responses to Request for Production of Documents, you referenced the "documents produced by defendants" I don't recall receiving the documents that were responsive to the Request for Productions, can you please provide those documents you referenced?

Thank you.

Best,
Cyreka

**Cyreka Jacobs, JD**| Litigation Clerk II
The Law Office of Kim Parker, P.A.
2123 Maryland Avenue Baltimore, MD 21218
410-234-2621 | Facsimile 410-234-2612
Website: www.kpcounsel.com
Email: legalclerk@kimparkerlaw.com



EXHIBIT C



# LAW OFFICES OF
# KIM PARKER P.A.
Our Practice is Your Solution

2123 Maryland Avenue
Baltimore, Maryland 21218
**P:** 410.234.2621
**F:** 410.234.2612

www.kpcounsel.com

**Kim Parker** ^
**John Wood,** Of Counsel

^Licensed to Practice in Maryland & The District of Columbia

ATTORNEYS AT LAW

Writer's Direct: (410) 234-2621
Writer's Email: kp@kimparkerlaw.com

May 10, 2018

**VIA ELECTRONIC MAIL**
**RMG@SHAPIROSHER.COM**
**ALM@SHAPIROSHER.COM**
**AND VIA FIRST FACSIMILE**
Anastasia L. McCusker, Esquire
Richard M. Goldberg, Esquire
Shapiro Sher Guinot & Sandler
250 W. Pratt Street, Ste. 2000
Baltimore, MD 21201

**VIA ELECTRONIC MAIL**
**HOODENPYLE@SINGERLEVICK.COM**
**AND VIA FACSIMILE 972-380-5748**
Todd A. Hoodenpyle, Esquire
SINGER & LEVICK, P.C.
16200 Addison Road, Suite 140
Addison, Texas 75001

**Re:    Parvis Naffis, et al vs. Xerox Education**

Dear Counsels:

I am in receipt of your responses to Plaintiff's Interrogatories, Plaintiff's Request for Admissions and Request for Production of Documents (the "Discovery Responses). Pursuant to our discovery conference on April 30, 2018, your client's responses have various deficiencies. In accordance with Federal Rules of Civil Procedure, I would request that you amend your responses within three (3) days from the date of this correspondence. As you know, the discovery deadline is fast approaching and your client's responses impede and frustrate the discovery process.

## I.   CLAIMS OF PRIVILEGE

You have refused to answer and produce certain documents claiming they are confidential and privileged information and therefore not subject to discovery. The information we seek is relevant to the subject matter in these actions. I am asking that you please provide a privilege log to accurately determine if the documents/communications are protected from disclosure. In Re: *U.S. v. Construction Products Research, Inc.* 73 F.3d 464, 473 (1996) which talks about the privilege log, "The privilege log should: identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure....."

The other requirements are:

LAW OFFICES OF
   KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 2

1. The nature of the document. e.g. letter, hand-written notes
2. The author (s) of the document and author(s) position (attorney, president, etc.)
3. The date the document was created e.g. 12/31/2005
4. The names of the individuals to whom the document was addressed and their positions.
5. The names of the individuals who actually received the document and their position.
6. The name of the individual(s) who have possession of the document.
7. The privilege under which the document is withheld

   Notwithstanding the foregoing, I have taken the liberty of responding to each of your clients deficient answers with the expectation that we can come to an amicable resolution without the necessity of seeking the Courts intervention. Accordingly, please find a detailed explanation of the deficient responses below:

## II. DEFICIENT INTERROGATORY RESPONSES

INTERROGATORY NO. 3:
   Do you intend to call or use the testimony of any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.
   **ANSWER:** Defendant objects to this interrogatory because it invades the attorney-client and work product privileges. Subject to these objections, Defendant will comply with the Joint Order Scheduling Pretrial Proceedings and Trial for designating expert witnesses.

   **Plaintiff Response: Your client has failed to answer the substance of the interrogatory. The interrogatory request that your client identify any expert witness. Please supplement your response. Your client indicates that it objects to the Interrogatory on the basis of privilege, attorney work product and that the information is gathered in anticipation of litigation. Your client has failed to provide Plaintiff with a _privilege log_ as required so that we may ascertain the types of document which are alleged to have been privileged. As you know certain documents are not privileged and are therefore discoverable. _McDougall v. Dunn_, 468 F.2d 468 (4th Cir.1972).**

INTERROGATORY NO. 4:
   State the date of each communication from you to any servicer, forwarder, or intermediary with regard to plaintiff's account and identify all parties to the communication from December 9, 2014, through the present date.
   **ANSWER:** Defendant objects to this interrogatory because the terms "forwarder" an
   "intermediary" are vague as these terms are not defined or explained. Subject to this

LAW OFFICES OF
    KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 3

objection, Defendant had communications with American Education Services who is the servicer for the Education Department related to the consolidation payoff which was requested by Plaintiff.

**Plaintiff Response: Your client's answer is non-responsive. Your client indicated that "forwarder and intermediary" are vague terms not defined or explained. Your response fails to identify all parties to the communication and the date of each such communication. Your client's response is therefore non-responsive to the interrogatory.**

INTERROGATORY NO. 8:

    State the date of each communication from and to plaintiff with regard to plaintiff's account, and identify all parties to the communication from December 1, 2014 through the present date.

    **ANSWER:** You are referred to the documents produced by Defendant in this case because the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the documents produced by defendant and the burden of deriving or ascertaining the answer will be substantially the same for either party, specifically the Borrower History and Activity Report.

**Plaintiff Response: The interrogatory request that your client state the date of each communication from and to plaintiff with regard to plaintiff's account, and identify all parties to the communication from December 1, 2014 through the present date. Your client indicated that the responses can be ascertained by examining and summarizing documents. Your client's response failed to answer the interrogatory, therefore your client's response in non-responsive to the interrogatory.**

INTERROGATORY NO. 9:   Identify all persons other than plaintiff with whom you communicated about the plaintiff's account, including consumer reporting agencies from December 1, 2014 through the present date.

    **ANSWER:** You are referred to the documents produced by Defendant in this case because the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the documents produced by defendant and the burden of deriving or ascertaining the answer will be substantially the same for either party, specifically the Borrower History and Activity Report.

**Plaintiff Response: The interrogatory request that your client identify all persons, other than Plaintiff with whom it communicated about the Plaintiff's account, and identify all parties to the communication from December 1, 2014 through the present date. Your client indicated that the responses can be ascertained by examining and summarizing documents. Your client's response failed to answer the interrogatory, therefore your client's response in non-responsive to the interrogatory.**

LAW OFFICES OF
    KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 4

**INTERROGATORY NO. 10:**    **Please set forth a plain English translation or transcript of the full "contact history," media, collection, or credit records defendant is asked to produce herewith, including the meaning of all codes and abbreviations.**

    ANSWER : Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant objects to this interrogatory as vague because it is unclear what information or data Plaintiff seeks to be "translated" or "transcribed."

    **Plaintiff Response: The interrogatory speak for itself. Please provide a full transcript of the full contact history, media, collection and credit records of defendant from December 2014 through the present date. Moreover, your response violates Guideline 10 of the Local rules, which provide, No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request. Defendant must supplement its response.**

**INTERROGATORY NO. 11:** Identify each and every telephone call, incoming or outgoing, by your agents to the Plaintiff from December 1, 2014 to the present date, including, but not limited to, the date, the time, the method, the name and title of your employee, the substance of the conversation and if the said call was recorded.

    ANSWER : Defendant objects to this interrogatory because it is duplicative of Interrogatory No. 8. You are referred to the documents produced by Defendant in this case because the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the documents produced by defendant and the burden of deriving or ascertaining the answer will be substantially the same for either party.

**Plaintiff Response: The interrogatory request that your client disclosed state the date of each communication from and to plaintiff with regard to plaintiff's account, and identify all parties to the communication from December 1, 2014 through the present date. Your**

LAW OFFICES OF
      KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 5

**client indicated that the responses can be ascertained by examining and summarizing documents. Your client's response failed to answer the interrogatory, therefore your client's response in non-responsive to the interrogatory.**

**INTERROGATORY NO. 13:** State the names, aliases, job title, business and home addresses and telephone numbers, date of initial employment and date of and reason for termination of employment of each of your employees, a. who contacted Plaintiff or another person regarding this debt from December 9, 2014, to the present date; and b. who have left your employ within the last two years.

> **ANSWER :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit.

**Plaintiff Response: Plaintiff objects to your answer. The answer is non-responsive and is intended to frustrate and is a violation of the rules of discovery. The question seeks information relevant to these proceedings. Moreover, your response violates Guideline 10 of the Local rules, which provide, No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request. Defendant must supplement its response.**

**INTERROGATORY NO. 14:** Describe fully any system(s ) Defendant maintains or operates to record contacts of its employees with consumers or third parties in connection with the collection of consumer accounts, and Defendant's policies for operating such a system.

> **ANSWER :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery

LAW OFFICES OF
    KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 6

outweighs the likely benefit. Defendant's policies for operating the system encompasses tens of thousands of pages. Subject to these objections, the system is called the CES Guaranteed Student Loan Servicing System.

**Plaintiff Response: Plaintiff objects to your answer. The answer is non-responsive and is intended to frustrate and is a violation of the rules of discovery. The question seeks information relevant to these proceedings. You failed to identify the policies for the operating procedure.**

**INTERROGATORY NO. 15:** Identify all present and past contracts or agreements between Defendant and any creditor regarding the account described in Plaintiff's Third Amended Complaint and give the date of the initial contract or agreement.

> **ANSWER :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit.

**Plaintiff Response:   Plaintiff objects to your answer. The answer is non-responsive and is intended to frustrate and is a violation of the rules of discovery. The question seeks information relevant to these proceedings. Moreover, your response violates Guideline 10 of the Local rules, which provide, No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request. Defendant must supplement its response.**

**INTERROGATORY NO. 16:** Identify and describe all procedures, memorandum and/or policies utilized by the Defendant regarding the handling of accounts in bankruptcy, such as Plaintiff in effect on December 9, 2014 through the present date.

> **ANSWER :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties'

LAW OFFICES OF
     KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 7

relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit.

**Plaintiff Response:   Plaintiff objects to your answer.  The answer is non-responsive and is intended to frustrate and is a violation of the rules of discovery.   The question seeks information relevant to these proceedings. Moreover, your response violates Guideline 10 of the Local rules, which provide, No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request. Defendant must supplement its response.**

**INTERROGATORY NO. 17:** Identify and describe all of your procedures, memorandum and/or policies utilized by the Defendant regarding the collections of delinquent accounts in effect on December 9, 2014 through the present date.

     **ANSWER :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit.

**Plaintiff Response: Your clients answer failed to state what the specific procedure, memorandum and/ or policies utilized by the Defendant. Plaintiff is requesting information pertains to the December 6, 2014 through the present date. Moreover, your response violates Guideline 10 of the Local rules, which provide, No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request. Defendant must supplement its response.**

**INTERROGATORY NO. 18:** If your response to the Requests for Admissions served simultaneously herewith is anything other than an unqualified admission, then please state as to

LAW OFFICES OF
     KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 8

each denial the specific facts forming the basis for such denial and identify each witness and
document upon which you will rely to support your denial.

> ANSWER : Defendant objects to this interrogatory because it is not relevant to any
> party's claim or defense nor is it proportional to the needs of this case, considering the
> importance of the issues at stake in the action, the amount in controversy, the parties'
> relative access to relevant information, the parties' resources, the importance of the
> discovery in resolving the issues, and the burden and expense of the proposed discovery
> outweighs the likely benefit. Defendant objects to this interrogatory because answering
> this interrogatory for each request for admissions would result in more than twenty - five
> (25) interrogatories. Subject to these objections, you are referred to the objections and
> responses for each request for admissions.

**Plaintiff Response: Plaintiff objects to your answer. The answer is non-responsive and is
intended to frustrate and is a violation of the rules of discovery. The question seeks
information relevant to these proceedings. Further, the interrogatory is number 18 of 25, so
your statement is nonsensical. Moreover, your response violates Guideline 10 of the Local
rules, which provide, No part of an interrogatory or document request should be left
unanswered merely because an objection is interposed to another part of the interrogatory
or document request. Defendant must supplement its response.**

**INTERROGATORY NO. 20:** If you believe that there are any inaccuracies in Plaintiff's Third
Amended Complaint, please set forth the basis for such contention.

> ANSWER : Defendant objects to this interrogatory because it is not relevant to any
> party's claim or defense nor is it proportional to the needs of this case, considering the
> importance of the issues at stake in the action, the amount in controversy, the parties'
> relative access to relevant information, the parties' resources, the importance of the
> discovery in resolving the issues, and the burden and expense of the proposed discovery
> outweighs the likely benefit. Subject to these objections, you are referred to Defendant's
> Answer to the Third Amended Complaint.

LAW OFFICES OF
    KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 9

**Plaintiff Response: Your client failed to set forth their contention to Plaintiffs Third Amended complaint. Therefore, your clients answer is non-responsive.**

**INTERROGATORY NO. 24 :** Identify all licenses held by the Defendant in Maryland that permit the collection of consumer debt, including, but not limited to, agency name , license number, date licensed and date license expired.

    **ANSWER :** Defendant objects to this interrogatory because it assumes that Defendant is required to hold a license to permit the collection of consumer debt in Maryland.

**Plaintiff Response: Your clients failed to identify to state whether or not they hold a license that permits them to collect consumer debt in the state of Maryland. Therefore, your clients answer is non-responsive.**

<u>**III. DEFICIENT ANSWERS TO REQUEST FOR PRODUCTION OF DOCUMENTS.**</u>

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents in response to Plaintiff's Interrogatories.

    **Response:** Defendant objects to this request because it does not describe with reasonable particularity each item or category of items to be inspected. Defendant will not produce documents responsive to this Request.

**Plaintiff Response: This request seeks the production of documents referenced in the Plaintiff's interrogatories. Plaintiff requests that Defendant produce said documents.**

**REQUEST FOR PRODUCTION NO. 4 :** All training manuals or other materials used in training Defendant's employees who had contact with Plaintiff.

    **RESPONSE:** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery

LAW OFFICES OF
    KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 10

    outweighs the likely benefit. Defendant will not produce documents responsive to this
    Request.

**Plaintiffs Response: Plaintiff objects to your answer. The answer is non-responsive and is
intended to frustrate and is a violation of the rules of discovery. The question seeks
information relevant to these proceedings. Moreover, your response violates Guideline 10
of the Local rules, which provide, No part of an interrogatory or document request should
be left unanswered merely because an objection is interposed to another part of the
interrogatory or document request. Defendant must supplement its response.**

**REQUEST FOR PRODUCTION NO. 6 :** All policy and procedure materials used by
Defendant in its attempt to comply with debt collection laws since January 1, 2014 through the
present date.

    **RESPONSE:** Defendant objects to this interrogatory because it is not relevant to any
    party's claim or defense nor is it proportional to the needs of this case, considering the
    importance of the issues at stake in the action, the amount in controversy, the parties'
    relative access to relevant information, the parties' resources, the importance of the
    discovery in resolving the issues, and the burden and expense of the proposed discovery
    outweighs the likely benefit. Defendant will not produce documents responsive to this
    Request.

**Plaintiffs Response: Plaintiff objects to your answer. The answer is non-responsive and is
intended to frustrate and is a violation of the rules of discovery. Defendant failed to
produce all policy and procedure materials as requested. The question seeks information
relevant to these proceedings. Moreover, your response violates Guideline 10 of the Local
rules, which provide, No part of an interrogatory or document request should be left
unanswered merely because an objection is interposed to another part of the interrogatory
or document request. Defendant must supplement its response.**

**REQUEST FOR PRODUCTION NO. 7:** All written statements regarding Plaintiff 's
Complaint.

LAW OFFICES OF
  KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 11

> **RESPONSE:** Defendant objects to this Document Request because it is not relevant to
> any party's claim or defense nor is it proportional to the needs of this case, considering
> the importance of the issues at stake in the action, the amount in controversy, the parties'
> relative access to relevant information, the parties' resources, the importance of the
> discovery in resolving the issues, and the burden and expense of the proposed discovery
> outweighs the likely benefit. Subject to these objections, all non - privileged, responsive
> documents will be produced at the law offices of Singer & Levick, P.C., 16200 Addison
> Road, Suite 140, Addison, Texas 75001 at a mutually agreeable time.

**Plaintiffs Response: Defendant failed to produce written statements in its possession,
therefore, non-responsive. Moreover, your response violates Guideline 10 of the Local
rules, which provide, No part of an interrogatory or document request should be left
unanswered merely because an objection is interposed to another part of the interrogatory
or document request. Defendant must supplement its response.**

**REQUEST FOR PRODUCTION NO. 8 :** All documents concerning plaintiff's account and
defendant's efforts to investigate and collect thereon, including all internal collection records,
collection screens, audit records, credit reports, skip trace reports, and correspondence from
December 9, 2014 through the present date.

> **RESPONSE :** Defendant objects to this request because it assumes that Defendant
> collected, or attempted to collect, a debt. Subject to this objection, all non- privileged,
> responsive documents will be produced at the law offices of Singer & Levick, P .C.,
> 16200 Addison Road, Suite 140, Addison, Texas 75001 at a mutually agreeable time.

**Plaintiffs Response: Your client has failed to provide Plaintiff with a _privilege log_ as
required so that we may ascertain the types of document which are alleged to have been
privileged.  As you know certain documents are not privileged and are therefore
discoverable. _McDougall v. Dunn_, 468 F.2d 468 (4th Cir.1972). Your client has also failed to
attach responsive documents. Plaintiff requests that your client produce all non-privileged
documents and if there is a cost associated with production of said documents, counsel
requests the cost be provided.**

LAW OFFICES OF
        KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 12


**REQUEST FOR PRODUCTION NO. 10:** All agreements with the owner of the debt and any intermediary, servicer, or forwarder concerning collection of debts such as plaintiff's alleged debt.

> **RESPONSE :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant will not produce documents responsive to this Request.

**Plaintiffs Response: Plaintiff objects to your answer. The answer is non-responsive and is intended to frustrate and is a violation of the rules of discovery. The question seeks information relevant to these proceedings. Moreover, your response violates Guideline 10 of the Local rules, which provide, No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request. Defendant must supplement its response.**

**REQUEST FOR PRODUCTION NO. 11:** All documents concerning the amounts listed as owing in your collection letters, including contracts, invoices, formulas, instructions, calculations, canceled checks, logs, and bookkeeping or accounting entries from December 9, 2014 through the present date.

> **RESPONSE :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Subject to these objections, Defendant is producing a copy of the Borrower History and Activity Report related to Plaintiff.

LAW OFFICES OF
    KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 13

**Plaintiffs Response: Plaintiff objects to your answer. The answer is non-responsive and is intended to frustrate and is a violation of the rules of discovery. The question seeks information relevant to these proceedings.**

**REQUEST FOR PRODUCTION NO. 12:** All documents concerning your procedures reasonably adapted to make sure a debtor is not contacted once defendant receives notice of representation or a bankruptcy notice.

    **RESPONSE :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant will not produce documents responsive to this Request.

**Plaintiffs Response: Plaintiff objects to your answer. The answer is non-responsive and is intended to frustrate and is a violation of the rules of discovery. The question seeks information relevant to these proceedings. Moreover, your response violates Guideline 10 of the Local rules, which provide, No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request. Defendant must supplement its response.**

**REQUEST FOR PRODUCTION NO. 14:** All internal documents, memoranda, etc., of the Defendant regarding the use of its collection notices and collection efforts.

    **RESPONSE :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant objects to this request because the request is

LAW OFFICES OF
    KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 14

> overbroad and unduly burdensome by the inclusion of "etc." Defendant will not produce
> documents responsive to this Request.

**Plaintiffs Response: Plaintiff objects to your answer. The answer is non-responsive and is
intended to frustrate and is a violation of the rules of discovery. The question seeks
information relevant to these proceedings. Moreover, your response violates Guideline 10
of the Local rules, which provide, No part of an interrogatory or document request should
be left unanswered merely because an objection is interposed to another part of the
interrogatory or document request. Defendant must supplement its response.**

**REQUEST FOR PRODUCTION NO. 15:** Your retention schedule regarding retention of
notes, recordings, letters, contacts, ticklers and correspondence regarding the handling and
servicing of consumer accounts, such as the Plaintiff.

> **RESPONSE :** Defendant objects to this interrogatory because it is not relevant to any
> party's claim or defense nor is it proportional to the needs of this case, considering the
> importance of the issues at stake in the action, the amount in controversy, the parties'
> relative access to relevant information, the parties' resources, the importance of the
> discovery in resolving the issues, and the burden and expense of the proposed discovery
> outweighs the likely benefit. Subject to these objections, Defendant is producing a copy
> of the Borrower History and Activity Rep ort related to Plaintiff.

**Plaintiffs Response: Plaintiff objects to your answer. The answer is non-responsive and is
intended to frustrate and is a violation of the rules of discovery. The question seeks
information relevant to these proceedings. Moreover, your response violates Guideline 10
of the Local rules, which provide, No part of an interrogatory or document request should
be left unanswered merely because an objection is interposed to another part of the
interrogatory or document request. Defendant must supplement its response.**

**REQUEST FOR PRODUCTION NO. 17 :** All exhibits which Defendant proposes to introduce
at trial.

LAW OFFICES OF
    KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 15

> **RESPONSE :** Defendant objects to this request because it invades the attorney - client and work product privileges. Subject to these objections, Defendant will comply with the Joint Order Scheduling Pretrial Proceedings and Trial.

**Plaintiffs Response: Plaintiff objects to your answer. The answer is non-responsive and is intended to frustrate and is a violation of the rules of discovery. The question seeks information relevant to these proceedings. Moreover, your response violates Guideline 10 of the Local rules, which provide, No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request. Defendant must supplement its response. Your client has failed to provide Plaintiff with a privilege log as required so that we may ascertain the types of document which are alleged to have been privileged. As you know certain documents are not privileged and are therefore discoverable. McDougall v. Dunn, 468 F.2d 468 (4th Cir.1972). Plaintiff requests that your client produce all non-privileged documents and if there is a cost associated with production of said documents, counsel requests the cost be provided.**

**REQUEST FOR PRODUCTION NO. 20:** A copy of Defendant insurance declarations.

> **RESPONSE :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant will not produce documents responsive to this Request.

**Plaintiffs Response: Plaintiff objects to your answer. The answer is non-responsive and is intended to frustrate and is a violation of the rules of discovery. The question seeks information relevant to these proceedings. Moreover, your response violates Guideline 10 of the Local rules, which provide, No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request. Defendant must supplement its response.**

LAW OFFICES OF
    KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 16

**REQUEST FOR PRODUCTION NO. 21:** Copies of all correspondence sent by the Defendant or third - party to Plaintiff from December 9, 2014 through the present date.

> **RESPONSE:** Defendant objects to this request to the extent it seeks documents sent by an undefined "third party." Subject to the foregoing objections, all non-privileged, responsive documents will be produced at the law offices of Singer & Levick, P.C., 16200 Addison Road, Suite 140, Addison, Texas 75001 at a mutually agreeable time.

**Plaintiffs Response: Plaintiff objects to your answer. The answer is non-responsive and is intended to frustrate and is a violation of the rules of discovery. The question seeks information relevant to these proceedings. Moreover, your response violates Guideline 10 of the Local rules, which provide, No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request. Defendant must supplement its response**

REQUEST FOR ADMISSIONS (RFA)

**RFA.:2.**    Admit that you were on notice of Plaintiff's impending bankruptcy.

**ANSWER:** Defendant objects to this request because it is vague as to the time that Plaintiff seeks an admission as to the date that Defendant was "on notice" of Plaintiff's bankruptcy case, and objects to this request because the phrase "on notice" is not defined or explained. Due to these issues and ambiguities, Defendant cannot admit or deny.

**Objection: The request for admissions is unambiguous, it simply request that the Defendant admit or deny that they were aware of Plaintiff's bankruptcy. Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Id.; see also 8B Charles Alan Wright et**

LAW OFFICES OF
    KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 17

al., Fed. Prac. & Proc. Civ. § 2260 (3d ed. 2013) ("It is expected that denials will be forthright,
specific, and unconditional. If a response is thought insufficient as a denial, the court may treat
it as an admission.") Defendant is requested to supplement its response.

     **RFA.24.**   Admit that the Defendant does not possess a Maryland
Collection Agency License.

     ANSWER: Defendant objects this request because it assumes that Defendant
is required to possess a Maryland Collection Agency License. Defendant
objects to this request because it calls for a legal conclusion

Response: Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the
matter; and when good faith requires that a party qualify an answer or deny only a part of a
matter, the answer must specify the part admitted and qualify or deny the rest." Id.; see also
8B Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2260 (3d ed. 2013) ("It is expected that
denials will be forthright, specific, and unconditional. If a response is thought insufficient as a
denial, the court may treat it as an admission.") Defendant is requested to supplement its
response.

     If Defendant's fail to immediately amend its admissions, Plaintiff will move the Court for
immediate sanctions, including having all admissions deemed admitted. It is often appropriate to
order the matter admitted where a party responds to a Rule 36 request in bad faith or does so
evasively. See Louis v. Martinez, 5:08-CV-151, 2011 WL 1832808, at *3 (N.D.W.Va. May 13,
2011) (deeming answers admitted where defendants "abused the discovery process"with multiple
evasive and meritless responses); House v. Giant of Maryland LLC, 232 F.R.D. 257, 262 (E.D.
Va. 2005) ("Gamesmanship in the form of non-responsive answers, vague promises of a future
response, or quibbling objections can result in the request being deemed admitted."); Poole ex
rel. Elliott v. Textron, Inc., 192 F.R.D. 494, 499 (D. Md. 2000) ("Failure to adhere to the plain
language of this statute requires that the fact in question be admitted.").

LAW OFFICES OF
    KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 18

### III. CONCLUSION

I would request that your client supplement your discovery responses within the next three (3) days. Thank you for your time and attention to this matter. This letter shall serve as my good faith attempt to resolve a discovery dispute. Awaiting your response, I am:
:

Very truly yours,

Kim Parker, Esq.

cyj



EXHIBIT D

## THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **PARVIS NAFFIS AND VICKY NAFFIS,** | § | **Chapter 7** |
| | § | **Case No. 14-28711-NVA** |
| Debtor. | § | |
| | § | |
| | § | |

| | | |
|---|---|---|
| **PARVIS NAFFIS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Adversary Case No. 15-00078** |
| | § | |
| **XEROX EDUCATION SERVICES, LLC,** | § | |
| **UNITED STATES DEPARTMENT OF** | § | |
| **EDUCATION, and** | § | |
| **NELNET LOANS** | § | |
| | § | |
| Defendants. | § | |

## XEROX EDUCATION SERVICES, LLC'S
## FIRST SUPPLEMENTAL OBJECTIONS AND ANSWERS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

TO:   Parvis Naffis, by and through his counsel of record, Kim Parker, The Law Offices of Kim
P.A., 2123 Maryland Avenue, Baltimore, Maryland 21218.

Xerox Education Services, LLC, Defendant, hereby submits its First Supplemental

Objections and Answers to Plaintiff's First Set of Interrogatories to Defendant.

### I.  GENERAL OBJECTION

Defendant generally objects to the instructions and definitions because they are beyond the

scope of permissible discovery allowed by the Federal Rules of Civil Procedure, attempt to impose

impermissible burdens and obligations on Defendant, and attempt to use definitions of words that

are not their ordinary and customary usage.  Defendant incorporates by reference its Objections and Answers to Plaintiff's First Set of Interrogatories to Defendant.

## II. INTERROGATORIES

### INTERROGATORY NO. 4:

State the date of each communication from you to any servicer, forwarder, or intermediary with regard to plaintiff's account and identify all parties to the communication from December 9, 2014, through the present date.

### ANSWER:

Defendant objects to this interrogatory because the terms "forwarder" and "intermediary" are vague as these terms are not defined or explained.  Subject to this objection, Defendant had communications with American Education Services who is the servicer for the Education Department related to the consolidation payoff which was requested by Plaintiff.  For further answer, you are referred to the documents produced by Defendant in this case because the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the documents produced by Defendant and the burden of deriving or ascertaining the answer will be substantially the same for either party, specifically XES 085-086.

### INTERROGATORY NO. 8:

State the date of each communication from and to plaintiff with regard to plaintiff's account, and identify all parties to the communication from December 1, 2014 through the present date.

### ANSWER:

You are referred to the documents produced by Defendant in this case because the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the documents produced by Defendant and the burden of deriving or ascertaining the answer will be substantially the same for either party, specifically the Borrower History and Activity Report, XES 090-127.

### INTERROGATORY NO. 9:

Identify all persons other than plaintiff with whom you communicated about the plaintiff's account, including consumer reporting agencies from December 1, 2014 through the present date.

### ANSWER:

You are referred to the documents produced by Defendant in this case because the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing

the documents produced by Defendant and the burden of deriving or ascertaining the answer will be substantially the same for either party, specifically XES 085-086, 124, 126.

## INTERROGATORY NO. 10:

Please set forth a plain English translation or transcript of the full "contact history," media, collection, or credit records defendant is asked to produce herewith, including the meaning of all codes and abbreviations.

## ANSWER:

Subject to Defendant's objections, you are referred to the documents produced by Defendant in this case because the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the documents produced by Defendant and the burden of deriving or ascertaining the answer will be substantially the same for either party, specifically XES 128-138.

## INTERROGATORY NO. 11:

Identify each and every telephone call, incoming or outgoing, by your agents to the Plaintiff from December 1, 2014 to the present date, including, but not limited to, the date, the time, the method, the name and title of your employee, the substance of the conversation and if the said call was recorded.

## ANSWER:

Defendant objects to this interrogatory because it is duplicative of Interrogatory No. 8. You are referred to the documents produced by Defendant in this case because the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the documents produced by Defendant and the burden of deriving or ascertaining the answer will be substantially the same for either party, specifically XES 090-127.

## INTERROGATORY NO. 13:

State the names, aliases, job title, business and home addresses and telephone numbers, date of initial employment and date of and reason for termination of employment of each of your employees, a. who contacted Plaintiff or another person regarding this debt from December 9, 2014, to the present date; and b. who have left your employ within the last two years.

## ANSWER:

Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Subject to these objections, the

following employees are identified by the processor code on the Borrower History and Activity Report:

    1194 – Ireenii Irvin
    2922 – Geronimo Torres
    1772 – Cristin Penafiel
    3712 – Janet Herman
    1819 – Rigoberto Munoz
    2495 – Parten Fernandez
    7604 – Trishawna McCall
    6020 – Jennifer Coffin
    0182 – Maribella Perciado

These individuals may be contacted through counsel for XES.

**INTERROGATORY NO. 14:**

Describe fully any system(s) Defendant maintains or operates to record contacts of its employees with consumers or third parties in connection with the collection of consumer accounts, and Defendant's policies for operating such a system.

**ANSWER:**

Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant's policies for operating the system encompasses tens of thousands of pages. Subject to these objections, the system is called the CES Guaranteed Student Loan Servicing System.

**INTERROGATORY NO. 15:**

Identify all present and past contracts or agreements between Defendant and any creditor regarding the account described in Plaintiff's Third Amended Complaint and give the date of the initial contract or agreement.

**ANSWER:**

Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit.

**INTERROGATORY NO. 16:**

Identify and describe all procedures, memorandum and/or policies utilized by the Defendant regarding the handling of accounts in bankruptcy, such as Plaintiff in effect on December 9, 2014 through the present date.

**ANSWER:**

Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Subject to these objections, Defendant will agree to produce documents limited to issues raised in this case upon the entry of a protective order.

**INTERROGATORY NO. 17:**

Identify and describe all of your procedures, memorandum and/or policies utilized by the Defendant regarding the collections of delinquent accounts in effect on December 9, 2014 through the present date.

**ANSWER:**

Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Subject to these objections, Defendant will agree to produce documents limited to issues raised in this case upon the entry of a protective order.

**INTERROGATORY NO. 18:**

If your response to the Requests for Admissions served simultaneously herewith is anything other than an unqualified admission, then please state as to each denial the specific facts forming the basis for such denial and identify each witness and document upon which you will rely to support your denial.

**ANSWER:**

Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant objects to this

interrogatory because answering this interrogatory for each request for admissions would result in more than twenty-five (25) interrogatories. Subject to these objections, you are referred to the objections and responses for each request for admissions.

## INTERROGATORY NO. 20:

If you believe that there are any inaccuracies in Plaintiff's Third Amended Complaint, please set forth the basis for such contention.

## ANSWER:

Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Subject to these objections, you are referred to Defendant's Answer to the Third Amended Complaint.

## INTERROGATORY NO. 24:

Identify all licenses held by the Defendant in Maryland that permit the collection of consumer debt, including, but not limited to, agency name, license number, date licensed and date license expired.

## ANSWER:

Defendant objects to this interrogatory because it assumes that Defendant is required to hold a license to permit the collection of consumer debt in Maryland. Subject to this objection, Defendant is not required to hold a license in Maryland, and Defendant has no license in Maryland.

Dated: May 18, 2018

Respectfully submitted,

SINGER & LEVICK, P.C.

By:    /s/ Todd A. Hoodenpyle
Larry A. Levick
State Bar No. 12252600
levick@singerlevick.com
Todd A. Hoodenpyle
State Bar No. 00798265
hoodenpyle@singerlevick.com
16200 Addison Road, Suite 140
Addison, Texas 75001
Tel. (972) 380-5533
Fax (972) 380-5748

~and~

/s/ Anastasia L. McCusker
Richard M. Goldberg, Bar No. 07994
Anastasia L. McCusker, Bar No. 29533
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratt Street, Ste. 2000
Baltimore, MD 212101
(410) 385-0202
rmg@shapirosher.com
alm@shapirosher.com
ATTORNEYS FOR DEFENDANT
XEROX EDUCATION SERVICES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the parties listed below via electronic mail and first class mail, postage pre-paid on this 18th day of May, 2018.

Kim Parker, Esquire
The Law Offices of Kim P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
Email: kp@kimparkerlaw.com

/s/ Anastasia L. McCusker
Anastasia L. McCusker

## VERIFICATION

STATE OF _____     §
                                        §
COUNTY OF _____       §

     BEFORE ME, the undersigned notary public, on this day personally appeared Jamie Broedel, Director of Risk Management and Legal Affairs for Conduent Education Services, LLC, formerly known as Xerox Education Services, LLC, being by me duly sworn on her oath, deposed and said that she is the duly authorized agent on behalf of Defendant in this case, and that she is legally competent to make this verification; that she has read the above and foregoing Defendant's Objections and Answers to Plaintiff's First Set of Interrogatories; and, except for interrogatories inquiring about persons with knowledge of relevant facts, trial witnesses and legal contentions, the facts contained therein are within her personal knowledge or based on information obtained from other persons, and are true and correct.


                   _____
                   Jamie Broedel
                   Director of Risk Management and Legal Affairs

     SUBSCRIBED AND SWORN TO BEFORE ME on the _____ day of May, 2018, to certify which witness my hand and official seal.



                   _____
                   Notary Public, State of _____

THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| PARVIS NAFFIS AND VICKY NAFFIS, | § | Chapter 7 |
| | § | Case No. 14-28711-NVA |
| Debtor. | § | |
| | § | |
| | § | |

| | | |
|---|---|---|
| PARVIS NAFFIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary Case No. 15-00078 |
| | § | |
| XEROX EDUCATION SERVICES, LLC, | § | |
| UNITED STATES DEPARTMENT OF | § | |
| EDUCATION, and | § | |
| NELNET LOANS | § | |
| | § | |
| Defendants. | § | |

XEROX EDUCATION SERVICES, LLC'S
FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

TO:     Parvis Naffis, by and through his counsel of record, Kim Parker, The Law Offices of Kim
P.A., 2123 Maryland Avenue, Baltimore, Maryland 21218.

Xerox Education Services, LLC, Defendant, hereby submits its Objections and Responses

to Plaintiff's Request for Production of Documents to Defendant.

## I. GENERAL OBJECTION

Defendant generally objects to the instructions and definitions because they are beyond the

scope of permissible discovery allowed by the Federal Rules of Civil Procedure, attempt to impose

impermissible burdens and obligations on Defendant, and attempt to use definitions of words that

are not their ordinary and customary usage. Defendant incorporates by reference its Objections and Responses to Plaintiff's Request for Production of Documents to Defendant.

## II. REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Produce all documents in response to Plaintiff's Interrogatories.

### RESPONSE:

Defendant has produced responsive documents.  As noted in Defendant's First Supplemental Objections and Answers to Plaintiff's First Set of Interrogatories to Defendant, certain documents have been withheld and may be produced upon the entry of a protective order.

### REQUEST FOR PRODUCTION NO. 4:

All training manuals or other materials used in training Defendant's employees who had contact with Plaintiff.

### RESPONSE:

Defendant objects to this request because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit.  Defendant will not produce documents responsive to this Request.

### REQUEST FOR PRODUCTION NO. 6:

All policy and procedure materials used by Defendant in its attempt to comply with debt collection laws since January 1, 2014 through the present date.

### RESPONSE:

Defendant objects to this request because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant objects to this request because it seeks confidential and proprietary information.  Subject to these objections, Defendant will produce materials used in relation to policies and procedures related to the Federal Fair Debt Collection Practices Act upon the entry of a protective order.

**REQUEST FOR PRODUCTION NO. 7:**

All written statements regarding Plaintiff's Complaint.

**RESPONSE:**

Defendant objects to this request because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit.  Subject to these objections, all non-privileged, responsive documents will be produced at the law offices of Singer & Levick, P.C., 16200 Addison Road, Suite 140, Addison, Texas 75001 at a mutually agreeable time.

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning plaintiff's account and defendant's efforts to investigate and collect thereon, including all internal collection records, collection screens, audit records, credit reports, skip trace reports, and correspondence from December 9, 2014 through the present date.

**RESPONSE:**

Defendant objects to this request because it assumes that Defendant collected, or attempted to collect, a debt.  Subject to this objection, all non-privileged, responsive documents will be produced at the law offices of Singer & Levick, P.C., 16200 Addison Road, Suite 140, Addison, Texas 75001 at a mutually agreeable time.

**REQUEST FOR PRODUCTION NO. 10:**

All agreements with the owner of the debt and any intermediary, servicer, or forwarder concerning collection of debts such as plaintiff's alleged debt.

**RESPONSE:**

Defendant objects to this request because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit.  Defendant will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All documents concerning the amounts listed as owing in your collection letters, including contracts, invoices, formulas, instructions, calculations, canceled checks, logs, and bookkeeping or accounting entries from December 9, 2014 through the present date.

**RESPONSE:**

Defendant objects to this request because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Subject to these objections, Defendant has produced responsive documents.

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning your procedures reasonably adapted to make sure a debtor is not contacted once defendant receives notice of representation or a bankruptcy notice.

**RESPONSE:**

Defendant objects to this request because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant objects to this request because it seeks confidential and proprietary information. Subject to these objections, Defendant will produce materials related to the due diligence requirements of the Higher Education Act upon the entry of a protective order. Further, the Higher Education Act is equally available to both parties.

**REQUEST FOR PRODUCTION NO. 14:**

All internal documents, memoranda, etc., of the Defendant regarding the use of its collection notices and collection efforts.

**RESPONSE:**

Defendant objects to this request because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant objects to this request because the request is overbroad and unduly burdensome by the inclusion of "etc." Defendant will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

Your retention schedule regarding retention of notes, recordings, letters, contacts, ticklers and correspondence regarding the handling and servicing of consumer accounts, such as the Plaintiff.

**RESPONSE:**

Defendant objects to this request because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant objects to this request because it seeks confidential and proprietary information. Subject to these objections, Defendant will produce a copy of its confidential and proprietary corporate retention policy upon the entry of a protective order

**REQUEST FOR PRODUCTION NO. 17:**

All exhibits which Defendant proposes to introduce at trial.

**RESPONSE:**

Defendant objects to this request because it invades the attorney-client and work product privileges. Subject to these objections, Defendant will comply with the Joint Order Scheduling Pretrial Proceedings and Trial.

**REQUEST FOR PRODUCTION NO. 20:**

A copy of Defendant insurance declarations.

**RESPONSE:**

Defendant objects to this request because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

Copies of all correspondence sent by the Defendant or third-party to Plaintiff from December 9, 2014 through the present date.

**RESPONSE:**

All non-privileged, responsive documents will be produced at the law offices of Singer & Levick, P.C., 16200 Addison Road, Suite 140, Addison, Texas 75001 at a mutually agreeable time.

Dated: May 18, 2018

Respectfully submitted,

SINGER & LEVICK, P.C.

By:    /s/ Todd A. Hoodenpyle
       Larry A. Levick
       State Bar No. 12252600
       levick@singerlevick.com
       Todd A. Hoodenpyle
       State Bar No. 00798265
       hoodenpyle@singerlevick.com
       16200 Addison Road, Suite 140
       Addison, Texas 75001
       Tel. (972) 380-5533
       Fax (972) 380-5748

              -and-

       /s/ Anastasia L. McCusker
       Richard M. Goldberg, Bar No. 07994
       Anastasia L. McCusker, Bar No. 29533
       SHAPIRO SHER GUINOT & SANDLER
       250 W. Pratt Street, Ste. 2000
       Baltimore, MD 212101
       (410) 385-0202
       rmg@shapirosher.com
       alm@shapirosher.com
       ATTORNEYS FOR DEFENDANT
       XEROX EDUCATION SERVICES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the parties listed below via electronic mail and first class mail, postage pre-paid on this 18th day of May, 2018.

       Kim Parker, Esquire
       The Law Offices of Kim P.A.
       2123 Maryland Avenue
       Baltimore, Maryland 21218
       Email: kp@kimparkerlaw.com

       /s/ Anastasia L. McCusker
       Anastasia L. McCusker

EXHIBIT E

XES 128

PREPARED FOR:
PROCESSOR CODE:

BORROWER HISTORY AND ACTIVITY REPORT
FOR: AUDIT REQUEST TRANSACTION

REPORT DATE: Date report generated

PREPARED BY : Conduent
CLIENT NO. : 1
OWNER NAME : 2
LENDER NUMBER: 3

PREV CLIENT CD : 4
ORIG PORT NBR : 5
ORIG LENDER NBR: 6

SECTION I. BORROWER INFORMATION

ACCOUNT NO. 7
NAME 20
C/O 11
ADDRESS 12

SEPARATION DATE 8
GRACE END DATE 18
PDG END DATE 19
LAST SCHOOL CODE 20

INSTALLMENTS PAST DUE 9
INTERIM INT PAST DUE 28
TOTAL AMOUNT PAST DUE 29
CURRENT AMOUNT DUE 30
LATE CHARGES DUE 31

CITY, ST, ZIP 13
PRIM PHONE C 14
SECN PHONE U 15
ADDRESS COND 16
PHONE COND 17

MONTHLY DUE DAY 21
FIRST PAY DUE 22
NEXT PAY DUE 23
INT ACCRUED THRU 24
INT PAID THRU 25
DELINQUENT DATE -- 26
# DAYS DELINQ 27

TOTAL AMOUNT DUE 32
UNPAID BORR INT 33
UNPAID GOVT INT 34
INSTALLMENT AMOUNT 35
CURRENT STATUS: 36
1098E UNPAID CAP INT 37
1098E UNPAID ORIG FEES 38

| DISB # 39 | DISB DATE 40 | NOTE DATE 41 | INT RATE 42 | LOAN TYPE 43 | GUAR 44 | DISB AMT 45 | CAPITAL INTEREST 46 | <- REFUND/CANCEL AMOUNT 47 | -> BORR PAID FEES 48 | BORR PAID PRINCIPAL 49 | OUTSTANDING BALANCE 50 | BORR PAID INTEREST 51 | LATE CHG PAID 52 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 53 TOTAL | | | | | | | |

| DISB # | DISB DATE 54 | 1098E CAP 55 | UNPAID ORIG INTEREST 56 | 1098E FEES 57 | UNPAID LOAN IDENTIFICATION 58 | STANDARD $ PERM $ 59 | STANDARD STANDARD $ FGV 60 | 25-YR FGV BEGIN DT 61 | FGV BEGIN $ 62 | # QUAL FGV MOS 63 | IBR START DT 64 | # DAYS RRD DE 65 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

DISB Applied Date #
66

SECTION II. REFERENCE INFORMATION

| NAME | ADDRESS | CITY ST ZIP | PHONE NUMBER | ADDR COND | PHN COND | REF TYP |
|---|---|---|---|---|---|---|
| 67 | | | | | | |
| 68 | | | | | | |

SECTION III. FINANCIAL TRANSACTION SUMMARY

DESCRIPTION

| ACT/ Date 69 | EFF/ Date 70 | TOT/ Paid 71 | INT/ Paid 72 | PRIN/ Paid 73 | LT CHG/ Pd 74 | ACCRD/ INT 75 | LT CHG/ DUE 76 | PRIN/ BAL 77 | INC RBT 78 |
|---|---|---|---|---|---|---|---|---|---|

SECTION IV. CHRONOLOGICAL ACTIVITY HISTORY

XES 129

BORROWERS NAME: borrower name    EFFECTIVE DATE: Date Report was run
ACCOUNT NUMBER borrower SSN or BAN OWNER Lender Name CLIENT NO. Client code/Port

ACTIVITY - - - - - - - - ACTIVITY DESCRIPTION - - - -    - NOTICE---PROC
Date                     80                             Code    Code
79                                                      81      82

XES 130

Description of Each Field:

BHAR Translator
Detail Listing.xlsx

## Status Code Listing

| Code | Translation | Code | Translation |
|---|---|---|---|
| 10 | In School | 64 | Default - Deferment |
| 20 | Grace Period | 65 | Default - Forbearance |
| 30 | Repayment - Current | 67 | Claim Return/Reject - In School |
| 33 | Repayment - Delinquent | 68 | Claim Return/Reject - Grace Period |
| 40 | Deferment - Current | 69 | Claim Return/Reject |
| 41 | Deferment - Delinquent* | 71 | Claim Filed - In School |
| 42 | Post-deferment Grace - Current | 72 | Claim Filed - Grace Period |
| 43 | Post-deferment Grace - Delinquent* | 73 | Claim Filed - Repayment |
| 50 | Forbearance - Current | 74 | Claim Filed - Deferment |
| 53 | Forbearance - Delinquent* | 75 | Claim Filed - Forbearance |
| 61 | Default - In School | 90 | Paid in Full - Borrower |
| 62 | Default - Grace Period | 91 | Paid in Full - Claim |
| 63 | Default - Repayment | | |

## Guarantor Codes

| Code | Translation | Code | Translation |
|---|---|---|---|
| AR | SLGFA | ND | SLND |
| AZ | AELP | NE | NSLP |
| CA | c/o ECMC | NH | NHHEAF |
| CO | Colorado | NJ | NJOSA |
| CT | CSLF | NM | NMSLGC |
| FL | OSFA | NY | NYHESC |
| GL | Great Lakes H.E.C. | OK | OCAP |
| IA | ISCSAC | OR | ECMC |
| IL | ISAC | PA | PHEAA |
| KY | KHEAA | RI | RIHEAA |
| LA | LOSFA | SD | EAC |
| MA | ASA | TE | TERI |
| MD | MHELC | TG | ECMC |
| ME | FAME | TN | TSAC |

XES 131

| MI | MHEAA | TX | TGSLC |
|----|-------|----|-------|
| MO | MDHE | US | USAF |
| MT | MGSLP | VA | ECMC |
|    |       | WA | NELA |

## Phone Type Codes and Description:

| Code | Translation |
|------|-------------|
| L | The number belongs to a Landline |
| C | The number belongs to a cell phone AND consent is GIVEN to call |
| N | The number belongs to a cell phone AND consent is DENIED to call |
| U | Unknown phone type |
| P | Cell phone identified but consent has NOT BEEN OBTAINED |

## Loan Types Code Values:

| Code | Translation |
|------|-------------|
| A | SLS |
| B | Stanford (Private Program) |
| C | Consolidated |
| D | Grad PLUS |
| E | PEP (Private Program) |
| G | Stafford |
| P | PLUS |
| Q | Alternative/Private |
| T | TERI or UEL (Private Program) |
| V | PRIV |
| Z | PREP (Private Program) |

Letter Type Code Values

Bills Letters Notices
Master Matrix.xlsx

XES 132

| Class | IDNumber | Description | Pass/ Fail |
|-------|----------|-------------|------------|
| 1098E | 1098E | Combined 1098E Notice - Cycles 4,1,2, and 3 | |
| Bills/Notices - 3052 | ACH1 | Notice of ACH (CheckFree) Activation: produced the following weekend after activation of ACH: (for the following month's payment) | |
| Transaction | | | |
| Bills/Notices - 3052 | ACH2 | ACH Incentive notice. This notice is sent to inform the borrower of the rate reduction the account qualifies for due to ACH. | |
| Transaction | | | |
| Bills/Notices - 3052 | ACH3 | ACH Incentive notice. | |
| Transaction | | | |
| Bills/Notices - 3052 | BIL1 | Bill for first payment due after end of grace period | |
| Transaction | | | |
| Bills/Notices - 3052 | BIL2 | First past due notice | |
| Transaction | | | |
| Bills/Notices - 3052 | BIL4 | Bill for non-capping forbearance interest | |
| Transaction | | | |
| Bills/Notices - 3052 | BIL5 | Past due forbearance interest for temp. bill plan | |
| Transaction | | | |
| Bills/Notices - 3052 | BIL7 | Bill for one installment and remaining forbearance interest | |
| Transaction | | | |
| Bills/Notices - 3052 | BIL8 | Bill for one installment and past due forbearance interest | |
| Transaction | | | |
| Bills/Notices | BILF | TERI forbearance interest bill | |
| Bills/Notices - 3052 | BILL | Regular bill for one installment | |
| Transaction | | | |
| Bills/Notices - 3052 | BRL1 | ACH R20 notice - produced in weekly or month-and run for ACH accounts | |
| Transaction | | | |
| Bills/Notices - 3052 | CDB2 | Co-Maker Notice-Equivalent to BIL2 | |
| Transaction | | | |
| Bills/Notices - 3052 | CDB5 | Co-Maker Notice-Equivalent to BIL5 | |
| Transaction | | | |
| Bills/Notices - 3052 | CDB8 | Co-Maker Notice Equivalent to BIL8 | |
| Transaction | | | |
| Bills/Notices - 3052 | CDD0 | | |
| Transaction | | | |
| Bills/Notices - 3052 | CDD1 | Co-Maker Notice Equivalent to PD1 | |
| Transaction | | | |
| Bills/Notices - 3052 | CDD2 | Co-Maker Notice Equivalent to PD2 | |
| Transaction | | | |

| | | |
|---|---|---|
| BillsNotices - 3052 Transaction | CDD3 | Co-Maker Notice Equivalent to PD3 |
| BillsNotices - 3052 Transaction | CDD4 | Co-Maker Notice Equivalent to PD4 |
| BillsNotices - 3052 Transaction | CDD5 | Co-Maker Notice Equivalent to PD5 |
| BillsNotices - 3052 Transaction | CDD6 | Co-Maker Notice Equivalent to PD6 |
| BillsNotices - 3052 Transaction | CDE1 | Co-maker equivalent of the DEF1 |
| BillsNotices - 3052 Transaction | CDE2 | Co-maker equivalent of the DEF2 |
| BillsNotices - 3052 Transaction | CDE3 | Co-maker equivalent of the DEF3 |
| BillsNotices - 3052 Transaction | CDE4 | Co-maker equivalent of the DEF4 |
| BillsNotices - 3052 Transaction | CDF1 | Co-Maker Notice Equivalent to FOR1 |
| BillsNotices - 3052 Transaction | CDF2 | Co-Maker Notice Equivalent to FOR2 |
| BillsNotices - 3052 Transaction | CDFA | Co-Maker Notice Equivalent to FORA |
| BillsNotices - 3052 Transaction | CDFE | Co-Maker Notice Equivalent to FORE |
| BillsNotices - 3052 Transaction | CDI1 | Co-Maker Notice Equivalent to INT1 |
| BillsNotices - 3052 Transaction | CDL1 | |
| BillsNotices - 3052 Transaction | CDL4 | |
| BillsNotices - 3052 Transaction | CDMA | Co-borrower equivalent of the DEMA |
| BillsNotices - 3052 Transaction | CDMP | Co-Maker Demand |
| BillsNotices - 3052 Transaction | CDMT | Co-Maker Demand |

XES  133

| | | |
|---|---|---|
| Bills/Notices - 3052 Transaction | CDR1 | Co-Maker Notice Equivalent to REV1 |
| Bills/Notices - 3052 Transaction | CDT1 | Private Loan Co-Maker Notice Equivalent to PDT1 |
| Bills/Notices - 3052 Transaction | CDT2 | Private Loan Co-Maker Notice Equivalent to PDT2 |
| Bills/Notices - 3052 Transaction | CDT3 | Private Loan Co-Maker Notice Equivalent to PDT3 |
| Bills/Notices - 3052 Transaction | CDT4 | Private Loan Co-Maker Notice Equivalent to PDT4 |
| Bills/Notices - 3052 Transaction | CDT5 | Private Loan Co-Maker Notice Equivalent to PDT5 |
| Bills/Notices - 3052 Transaction | CDT6 | Private Loan Co-Maker Notice Equivalent to PDT6 |
| Bills/Notices - 3052 Transaction | CDX1 | Co-maker equivalent of the EXP1 |
| Bills/Notices - 3052 Transaction | CDX2 | Co-maker equivalent of the EXP2 |
| Bills/Notices - 3052 Transaction | CDXU | Co-maker equivalent of the EXPU |
| Bills/Notices - 3052 Transaction | DAL1 | 120 day delinquent bill |
| Bills/Notices - 3052 Transaction | DCL4 | 60 day delinquent bill |
| Bills/Notices - 3052 Transaction | DEF1 | Notification of deferment applied, produced during the weekly cycle following application of deferment |
| Bills/Notices - 3052 Transaction | DEF2 | Deferment applied, non-sub balance or split PDG condition; produced during the weekly cycle following application of the deferment |
| Bills/Notices - 3052 Transaction | DEF3 | Deferment applied, non-sub balance or split PDG condition; produced during the weekly cycle following application of the deferment |
| Bills/Notices - 3052 Transaction | DEF4 | Deferment applied, non-sub balance or split PDG condition; produced during the weekly cycle following application of the deferment |
| Bills/Notices - 3052 Transaction | DEMA | Final Demand for Access loans |
| Bills/Notices - 3052 Transaction | DEMP | 150 day final demand |

XES 134

| | | |
|---|---|---|
| Bills/Notices - 3052 Transaction | DEMT | Final demand -- private loan |
| Bills/Notices - 3052 Transaction | EXP1 | Deferment expiration notice; produced 30-60 days prior to end of deferment; the same form is used for all three notice types; EXPU is for private loans |
| Bills/Notices - 3052 Transaction | EXP2 | Deferment expiration notice; produced 30-60 days prior to end of deferment; the same form is used for all three notice types; EXPU is for private loans |
| Bills/Notices - 3052 Transaction | EXPU | Deferment expiration notice; produced 30-60 days prior to end of deferment; the same form is used for all three notice types; EXPU is for private loans |
| Bills/Notices - 3052 Transaction | FOR1 | Quarterly forbearance contract |
| Bills/Notices - 3052 Transaction | FOR2 | Quarterly contract for deferred accounts with split PDG eligibility |
| Bills/Notices - 3052 Transaction | FORA | Forbearance applied notice; produced weekend following forbearance application |
| Bills/Notices - 3052 Transaction | FORE | Forbearance expiration notice; includes detailed repayment schedules information and will always be sent with a separate bill page for first payment following forbearance |
| Bills/Notices - 3052 Transaction | GRD3 | Notification of graduated repayment installment increase; produced 30 days prior to the increase |
| Bills/Notices - 3052 Transaction | INT1 | Quarterly interest bill, payment optional |
| Bills/Notices - 3052 Transaction | INT2 | Variable capitalization notice; produced at point of capitalization; applies to accounts capitalizing quarterly, semiannually, or annually, or at the end of grace periods |
| Bills/Notices - 3052 Transaction | INT3 | Bill allows to pay interest only or Principal and Interest |
| Bills/Notices - 3052 Transaction | INTA | Quarterly Interest Opt out Notice |
| Bills/Notices - 3052 Transaction | INTG | Quarterly interest bill for Global loans |
| Bills/Notices - 3052 Transaction | PDP1 | 15 day delinquent bill |
| Bills/Notices - 3052 Transaction | PDP2 | 30 day delinquent bill |
| Bills/Notices - 3052 Transaction | PDP3 | 45 day delinquent bill |
| Bills/Notices - 3052 Transaction | PDP4 | 60 day delinquent bill; not normally used, replaced by DC4 |

XES 135

XES 136

| Category | Code | Description |
|---|---|---|
| Bills/Notices - 3052 Transaction | PDP5 | 90 day delinquent bill |
| Bills/Notices - 3052 Transaction | PDP6 | 120 day delinquent bill; not normally used, replaced by DAL1 |
| Bills/Notices - 3052 Transaction | PDS1 | "make up" due diligence for recently converted account |
| Bills/Notices - 3052 Transaction | PDS2 | Second "make-up" notice |
| Bills/Notices - 3052 Transaction | PDS3 | Third "make-up" notice (sample unavailable) |
| Bills/Notices - 3052 Transaction | PDS4 | Fourth "make-up" notice |
| Bills/Notices - 3052 Transaction | PDS5 | Fifth "make-up" notice |
| Bills/Notices - 3052 Transaction | PDT1 | First delinquent bill, private loan |
| Bills/Notices - 3052 Transaction | PDT2 | Second delinquent bill, private loan |
| Bills/Notices - 3052 Transaction | PDT3 | third delinquent bill, private loan (not currently used) |
| Bills/Notices - 3052 Transaction | PDT4 | fourth delinquent bill, private loan |
| Bills/Notices - 3052 Transaction | PDT5 | fifth delinquent bill, private loan |
| Bills/Notices - 3052 Transaction | PDT6 | sixth delinquent bill, private loan |
| Bills/Notices - 3052 Transaction | FPDN | Partial payment notice, rarely used |
| Bills/Notices - 3052 Transaction | PRP2 | Prepay reminder if still pre-paid after one year |
| Bills/Notices - 3052 Transaction | REF1 | Notification of receipt of refund; produced the weekend following application of refund |
| Bills/Notices - 3052 Transaction | REV1 | Revocation of non-cap forbearance due to non-payment; produced at 21 days delinquent (sample unavailable) |
| Bills/Notices - 3052 Transaction | SPD1 | "Make all SPD's are produced during the first weekly cycle following the processing of the sep date change step date change, first payment due; will always be accompanied by a bill page |

| | | |
|---|---|---|
| Bills/Notices - 3052 Transaction | SPD2 | Sep date change resulting in past due amounts, no cap, Int/ obsolete notice |
| Bills/Notices - 3052 Transaction | SPD3 | Sep date change with administrative forbearance (back-date), interest capitalized; will always include a separate bill page and a separate repayment terms page |
| Bills/Notices - 3052 Transaction | SPD4 | Sep date change, no amounts due |
| Bills/Notices - 3052 Transaction | SPD5 | Sep date change with administrative forbearance, no interest capitalized; will always be accompanied by a bill page, rarely used |
| Bills/Notices - 3052 Transaction | STA1 | Annual account statement for interim accounts; produced one year after the last notice sent |
| Bills/Notices - 3052 Transaction | STA2 | Pre-grace statement; produced 60-90 days prior to separation date |
| Bills/Notices - 3052 Transaction | UAM2 | |
| Bills/Notices - 3052 Transaction | VAR1 | Variable rate change notice for repayment accounts not getting monthly bills; produced monthly and when rate changes (for accounts getting bills, the rate change notification is included on the billing statement) |

XES 137

| IDNumber | Description |
|---|---|
| CON1 | Conversion of loan to system or change of owner. |
| CONB | Send to Co-makers for Priv Loan |
| CONC | Conversion notice for Consolidation Loan. |
| CONS | Conversion Notice for Internal Sales - FFEL |
| CONT | Conversion Notice for Internal Sale - Private |
| CONU | Same as CON1, but for private (non-FFELP loans) |
| WEL1 | Welcome Letter |
| WEL2 | Welcome Letter |

XES 138