# Exhibit 2

| | |
|---|---|
| **From:** | Kim Parker, Esquire |
| **To:** | Todd Hoodenpyle; Cyreka Jacobs, JD; Anastasia L. McCusker |
| **Subject:** | Re: Responsive Documents (RFPs) |
| **Date:** | Friday, May 11, 2018 9:26:50 AM |
| **Attachments:** | image001.png |
| | Request to Designate 30B6 05112018.pdf |
| | Discovery Dispute Letter 05112018.pdf |

Mr. Hooodenpile,

Please see attached notice.


Kim Parker

**Respectfully,**
**Kim Parker, Esq.**| Attorney and Counselor at Law
The Law Office of Kim Parker, P.A. | 2123 Maryland Avenue Baltimore, MD 21218
410-234-2621 | Fax 410-234-2612| Admitted to Practice in Maryland and DC.
Assistant: Destiny Whitaker,  assist@kimparkerlaw.com
Law Clerk  Cyreka Jacobs,  legalclerk@kimparkerlaw.com

Website: www.kpcounsel.com

This is an e-mail transmission from the law firm of Kim Parker, P.A. that may contain confidential and/or privileged information, attorney work product or content exempt from disclosure under applicable law.  If you received this message in error or you are not a named recipient, please notify the sender by reply e-mail or by calling 410-234-2621  Additionally, please delete the electronic message and destroy any copies of the message.  Any disclosure, dissemination, distribution, reproduction or other use of the message by an unauthorized recipient is prohibited.  Thank you.


**From:** Todd Hoodenpyle <hoodenpyle@singerlevick.com>
**Sent:** Thursday, May 10, 2018 3:53 PM
**To:** Cyreka Jacobs, JD; Anastasia L. McCusker
**Cc:** Kim Parker, Esquire
**Subject:** RE: Responsive Documents (RFPs)

Ms. Parker,

Following my phone call, we have requested dates for Plaintiff's deposition on several occasions.  Please provide dates for the deposition of Plaintiff by Monday.

I have requested documents related to your client's purported damages as you have not yet produced a single document related to damages.  In my call with you the other day, you indicated that you did not know.  Today, Ms. Jacobs indicated that such documents related to damages exist, but could not tell me when you would produce the documents.  When can we expect to receive any documents related to Plaintiff's purported damages?

Also, in response to your request for deposition dates for my client's corporate representative(s), I asked that you provide a list of topics for the corporate representative deposition.  Please provide a list of those topics.

Todd A. Hoodenpyle
Singer & Levick, P.C.
16200 Addison Road, Suite 140
Addison, Texas 75001
(972) 380-5533
(972) 380-5748 (facsimile)
hoodenpyle@singerlevick.com
www.singerlevick.com

---

**From:** Cyreka Jacobs, JD <legalclerk@kimparkerlaw.com>
**Sent:** Wednesday, May 9, 2018 10:50 AM
**To:** Anastasia L. McCusker <alm@shapirosher.com>; Todd Hoodenpyle <hoodenpyle@singerlevick.com>
**Cc:** Kim Parker, Esquire <kp@kimparkerlaw.com>
**Subject:** Responsive Documents (RFPs)
**Importance:** High

Hello Anastasia,

In your responses to Request for Production of Documents, you referenced the "documents produced by defendants" I don't recall receiving the documents that were responsive to the Request for Productions, can you please provide those documents you referenced?

Thank you.

Best,
Cyreka

**Cyreka Jacobs, JD**| Litigation Clerk II
The Law Office of Kim Parker, P.A.
 2123 Maryland Avenue Baltimore, MD 21218
410-234-2621 | Facsimile 410-234-2612
Website: www.kpcounsel.com
Email: legalclerk@kimparkerlaw.com



1501724374271_PastedImage

This is an e-mail transmission from the law firm of Kim Parker, P.A. that may contain confidential and/or privileged information, attorney work product or content exempt from disclosure under applicable law.  If you received this message in error or you are not a named recipient, please notify the sender by reply e-mail or by calling 410-234-2621  Additionally, please delete the electronic message and destroy any copies of the message.  Any disclosure,

dissemination, distribution, reproduction or other use of the message by an unauthorized recipient is prohibited.  Thank you.

**IRS CIRCULAR 230 DISCLOSURE:**
To ensure compliance with requirements imposed on June 20, 2005 by the United States Treasury, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of 1) avoiding tax-related penalties or 2) promoting, marketing or recommending to another party any tax-related matters addressed in this communications.
**DISCOVERY DISPUTE:**
If this communication references a discovery dispute, please be advised that this communication is our client's good faith effort to resolve a discovery dispute.



2123 Maryland Avenue
Baltimore, Maryland 21218
P: 410.234.2621
F: 410.234.2612

www.kpcounsel.com

**Kim Parker**, ^
**John Wood**, Of Counsel

^Licensed to Practice in Maryland & The District of Columbia

ATTORNEYS AT LAW

Writer's Direct: (410) 234-2621
Writer's Email: kp@kimparkerlaw.com

May 10, 2018

**VIA ELECTRONIC MAIL**
**RMG@SHAPIROSHER.COM**
**ALM@SHAPIROSHER.COM**
**AND VIA FIRST FACSIMILE**
Anastasia L. McCusker, Esquire
Richard M. Goldberg, Esquire
Shapiro Sher Guinot & Sandler
250 W. Pratt Street, Ste. 2000
Baltimore, MD 21201

**VIA ELECTRONIC MAIL**
**HOODENPYLE@SINGERLEVICK.COM**
**AND VIA FACSIMILE 972-380-5748**
Todd A. Hoodenpyle, Esquire
SINGER & LEVICK, P.C.
16200 Addison Road, Suite 140
Addison, Texas 75001

Re:    **Parvis Naffis, et al vs. Xerox Education**

Dear Counsels:

I am in receipt of your responses to Plaintiff's Interrogatories, Plaintiff's Request for Admissions and Request for Production of Documents (the "Discovery Responses). Pursuant to our discovery conference on April 30, 2018, your client's responses have various deficiencies. In accordance with Federal Rules of Civil Procedure, I would request that you amend your responses within three (3) days from the date of this correspondence. As you know, the discovery deadline is fast approaching and your client's responses impede and frustrate the discovery process.

**I.    CLAIMS OF PRIVILEGE**

You have refused to answer and produce certain documents claiming they are confidential and privileged information and therefore not subject to discovery. The information we seek is relevant to the subject matter in these actions. I am asking that you please provide a privilege log to accurately determine if the documents/communications are protected from disclosure. In Re: *U.S. v. Construction Products Research, Inc.* 73 F.3d 464, 473 (1996) which talks about the privilege log, "The privilege log should: identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure....."

The other requirements are:

LAW OFFICES OF
   KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 2

1. The nature of the document. e.g. letter, hand-written notes
2. The author (s) of the document and author(s) position (attorney, president, etc.)
3. The date the document was created e.g. 12/31/2005
4. The names of the individuals to whom the document was addressed and their positions.
5. The names of the individuals who actually received the document and their position.
6. The name of the individual(s) who have possession of the document.
7. The privilege under which the document is withheld

   Notwithstanding the foregoing, I have taken the liberty of responding to each of your clients deficient answers with the expectation that we can come to an amicable resolution without the necessity of seeking the Courts intervention. Accordingly, please find a detailed explanation of the deficient responses below:

## II. DEFICIENT INTERROGATORY RESPONSES

INTERROGATORY NO. 3:
   Do you intend to call or use the testimony of any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.
   **ANSWER**:  Defendant objects to this interrogatory because it invades the attorney-client and work product privileges.  Subject to these objections, Defendant will comply with the Joint Order Scheduling Pretrial Proceedings and Trial for designating expert witnesses.

   **Plaintiff Response: Your client has failed to answer the substance of the interrogatory. The interrogatory request that your client identify any expert witness. Please supplement your response. Your client indicates that it objects to the Interrogatory on the basis of privilege, attorney work product and that the information is gathered in anticipation of litigation. Your client has failed to provide Plaintiff with a _privilege log_ as required so that we may ascertain the types of document which are alleged to have been privileged.  As you know certain documents are not privileged and are therefore discoverable. _McDougall v. Dunn_, 468 F.2d 468 (4th Cir.1972).**

INTERROGATORY NO. 4:
   State the date of each communication from you to any servicer, forwarder, or intermediary with regard to plaintiff's account and identify all parties to the communication from December 9, 2014, through the present date.
   **ANSWER**: Defendant objects to this interrogatory because the terms "forwarder" an "intermediary" are vague as these terms are not defined or explained.  Subject to this

LAW OFFICES OF
  KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 3

objection, Defendant had communications with American Education Services who is the servicer for the Education Department related to the consolidation payoff which was requested by Plaintiff.

**Plaintiff Response**: **Your client's answer is non-responsive. Your client indicated that "forwarder and intermediary" are vague terms not defined or explained. Your response fails to identify all parties to the communication and the date of each such communication.  Your client's response is therefore non-responsive to the interrogatory.**

INTERROGATORY NO. 8:
   State the date of each communication from and to plaintiff with regard to plaintiff's account, and identify all parties to the communication from December 1, 2014 through the present date.

   **ANSWER**:  You are referred to the documents produced by Defendant in this case because the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the documents produced by defendant and the burden of deriving or ascertaining the answer will be substantially the same for either party, specifically the Borrower History and Activity Report.

**Plaintiff Response:  The interrogatory request that your client state the date of each communication from and to plaintiff with regard to plaintiff's account, and identify all parties to the communication from December 1, 2014 through the present date. Your client indicated that the responses can be ascertained by examining and summarizing documents. Your client's response failed to answer the interrogatory, therefore your client's response in non-responsive to the interrogatory.**

INTERROGATORY NO. 9:   Identify all persons other than plaintiff with whom you communicated about the plaintiff's account, including consumer reporting agencies from December 1, 2014 through the present date.

   **ANSWER**: You are referred to the documents produced by Defendant in this case because the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the documents produced by defendant and the burden of deriving or ascertaining the answer will be substantially the same for either party, specifically the Borrower History and Activity Report.

**Plaintiff Response: The interrogatory request that your client identify all persons, other than Plaintiff with whom it communicated about the Plaintiff's account, and identify all parties to the communication from December 1, 2014 through the present date. Your client indicated that the responses can be ascertained by examining and summarizing documents. Your client's response failed to answer the interrogatory, therefore your client's response in non-responsive to the interrogatory.**

**LAW OFFICES OF**
    **KIM PARKER, P.A.**

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 4

**INTERROGATORY NO. 10:** **Please set forth a plain English translation or transcript of the full "contact history," media, collection, or credit records defendant is asked to produce herewith, including the meaning of all codes and abbreviations.**

    **ANSWER :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant objects to this interrogatory as vague because it is unclear what information or data Plaintiff seeks to be "translated" or "transcribed."

    **Plaintiff Response: The interrogatory speak for itself. Please provide a full transcript of the full contact history, media, collection and credit records of defendant from December 2014 through the present date. Moreover, your response violates Guideline 10 of the Local rules, which provide, No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request. Defendant must supplement its response.**

**INTERROGATORY NO. 11:** Identify each and every telephone call, incoming or outgoing, by your agents to the Plaintiff from December 1, 2014 to the present date, including, but not limited to, the date, the time, the method, the name and title of your employee, the substance of the conversation and if the said call was recorded.

    **ANSWER :** Defendant objects to this interrogatory because it is duplicative of Interrogatory No. 8. You are referred to the documents produced by Defendant in this case because the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing the documents produced by defendant and the burden of deriving or ascertaining the answer will be substantially the same for either party.

**Plaintiff Response: The interrogatory request that your client disclosed state the date of each communication from and to plaintiff with regard to plaintiff's account, and identify all parties to the communication from December 1, 2014 through the present date. Your**

LAW OFFICES OF
    KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 5

**client indicated that the responses can be ascertained by examining and summarizing documents. Your client's response failed to answer the interrogatory, therefore your client's response in non-responsive to the interrogatory.**

**INTERROGATORY NO. 13:** State the names, aliases, job title, business and home addresses and telephone numbers, date of initial employment and date of and reason for termination of employment of each of your employees, a. who contacted Plaintiff or another person regarding this debt from December 9, 2014, to the present date; and b. who have left your employ within the last two years.

> **ANSWER :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit.

**Plaintiff Response: Plaintiff objects to your answer.  The answer is non-responsive and is intended to frustrate and is a violation of the rules of discovery.  The question seeks information relevant to these proceedings. Moreover, your response violates Guideline 10 of the Local rules, which provide, No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request. Defendant must supplement its response.**

**INTERROGATORY NO. 14:** Describe fully any system(s ) Defendant maintains or operates to record contacts of its employees with consumers or third parties in connection with the collection of consumer accounts, and Defendant's policies for operating such a system.

> **ANSWER :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery

LAW OFFICES OF
     KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 6

outweighs the likely benefit. Defendant's policies for operating the system encompasses tens of thousands of pages. Subject to these objections, the system is called the CES Guaranteed Student Loan Servicing System.

**Plaintiff Response: Plaintiff objects to your answer. The answer is non-responsive and is intended to frustrate and is a violation of the rules of discovery. The question seeks information relevant to these proceedings. You failed to identify the policies for the operating procedure.**

**INTERROGATORY NO. 15:** Identify all present and past contracts or agreements between Defendant and any creditor regarding the account described in Plaintiff's Third Amended Complaint and give the date of the initial contract or agreement.

**ANSWER :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant in formation, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit.

**Plaintiff Response:   Plaintiff objects to your answer. The answer is non-responsive and is intended to frustrate and is a violation of the rules of discovery. The question seeks information relevant to these proceedings. Moreover, your response violates Guideline 10 of the Local rules, which provide, No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request. Defendant must supplement its response.**

**INTERROGATORY NO. 16:** Identify and describe all procedures, memorandum and/or policies utilized by the Defendant regarding the handling of accounts in bankruptcy, such as Plaintiff in effect on December 9, 2014 through the present date.

**ANSWER :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties'

LAW OFFICES OF
    KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 7

relative access to relevant information, the parties' resources, the importance of the
discovery in resolving the issues, and the burden and expense of the proposed discovery
outweighs the likely benefit.

**Plaintiff Response:   Plaintiff objects to your answer.  The answer is non-responsive and is
intended to frustrate and is a violation of the rules of discovery.   The question seeks
information relevant to these proceedings. Moreover, your response violates Guideline 10
of the Local rules, which provide, No part of an interrogatory or document request should
be left unanswered merely because an objection is interposed to another part of the
interrogatory or document request. Defendant must supplement its response.**

**INTERROGATORY NO. 17:** Identify and describe all of your procedures, memorandum
and/or policies utilized by the Defendant regarding the collections of delinquent accounts in
effect on December 9, 2014 through the present date.

> **ANSWER :** Defendant objects to this interrogatory because it is not relevant to any
> party's claim or defense nor is it proportional to the needs of this case, considering the
> importance of the issues at stake in the action, the amount in controversy, the parties'
> relative access to relevant information, the parties' resources, the importance of the
> discovery in resolving the issues, and the burden and expense of the proposed discovery
> outweighs the likely benefit.

**Plaintiff Response: Your clients answer failed to state what the specific procedure,
memorandum and/ or policies utilized by the Defendant. Plaintiff is requesting information
pertains to the December 6, 2014 through the present date. Moreover, your response
violates Guideline 10 of the Local rules, which provide, No part of an interrogatory or
document request should be left unanswered merely because an objection is interposed to
another part of the interrogatory or document request. Defendant must supplement its
response.**

**INTERROGATORY NO. 18:** If your response to the Requests for Admissions served
simultaneously herewith is anything other than an unqualified admission, then please state as to

LAW OFFICES OF
    KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 8

each denial the specific facts forming the basis for such denial and identify each witness and document upon which you will rely to support your denial.

> **ANSWER :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant objects to this interrogatory because answering this interrogatory for each request for admissions would result in more than twenty - five (25) interrogatories. Subject to these objections, you are referred to the objections and responses for each request for admissions.

**Plaintiff Response: Plaintiff objects to your answer.  The answer is non-responsive and is intended to frustrate and is a violation of the rules of discovery.  The question seeks information relevant to these proceedings. Further, the interrogatory is number 18 of 25, so your statement is nonsensical. Moreover, your response violates Guideline 10 of the Local rules, which provide, No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request. Defendant must supplement its response.**

**INTERROGATORY NO. 20:** If you believe that there are any inaccuracies in Plaintiff's Third Amended Complaint, please set forth the basis for such contention.

> **ANSWER :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Subject to these objections, you are referred to Defendant's Answer to the Third Amended Complaint.

LAW OFFICES OF
  KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 9

**Plaintiff Response: Your client failed to set forth their contention to Plaintiffs Third Amended complaint. Therefore, your clients answer is non-responsive.**

**INTERROGATORY NO. 24 :** Identify all licenses held by the Defendant in Maryland that permit the collection of consumer debt, including, but not limited to, agency name , license number, date licensed and date license expired.

> **ANSWER :** Defendant objects to this interrogatory because it assumes that Defendant is required to hold a license to permit the collection of consumer debt in Maryland.

**Plaintiff Response: Your clients failed to identify to state whether or not they hold a license that permits them to collect consumer debt in the state of Maryland. Therefore, your clients answer is non-responsive.**

### III. DEFICIENT ANSWERS TO REQUEST FOR PRODUCTION OF DOCUMENTS.

**REQUEST FOR PRODUCTION NO. 1**: Produce all documents in response to Plaintiff's Interrogatories.

> **Response:** Defendant objects to this request because it does not describe with reasonable particularity each item or category of items to be inspected. Defendant will not produce documents responsive to this Request.

**Plaintiff Response: This request seeks the production of documents referenced in the Plaintiff's interrogatories. Plaintiff requests that Defendant produce said documents.**

**REQUEST FOR PRODUCTION NO. 4 :**All training manuals or other materials used in training Defendant's employees who had contact with Plaintiff.

> **RESPONSE:** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the ne eds of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the bur den and expense of the proposed discovery

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 10

outweighs the likely benefit. Defendant will not produce documents responsive to this
Request.

**Plaintiffs Response: Plaintiff objects to your answer. The answer is non-responsive and is
intended to frustrate and is a violation of the rules of discovery. The question seeks
information relevant to these proceedings. Moreover, your response violates Guideline 10
of the Local rules, which provide, No part of an interrogatory or document request should
be left unanswered merely because an objection is interposed to another part of the
interrogatory or document request. Defendant must supplement its response.**

**REQUEST FOR PRODUCTION NO. 6 :** All policy and procedure materials used by
Defendant in its attempt to comply with debt collection laws since January 1, 2014 through the
present date.

> **RESPONSE:** Defendant objects to this interrogatory because it is not relevant to any
> party's claim or defense nor is it proportional to the needs of this case, considering the
> importance of the issues at stake in the action, the amount in controversy, the parties'
> relative access to relevant information, the parties' resources, the importance of the
> discovery in resolving the issues, and the burden and expense of the proposed discovery
> outweighs the likely benefit. Defendant will not produce documents responsive to this
> Request.

**Plaintiffs Response: Plaintiff objects to your answer. The answer is non-responsive and is
intended to frustrate and is a violation of the rules of discovery. Defendant failed to
produce all policy and procedure materials as requested. The question seeks information
relevant to these proceedings. Moreover, your response violates Guideline 10 of the Local
rules, which provide, No part of an interrogatory or document request should be left
unanswered merely because an objection is interposed to another part of the interrogatory
or document request. Defendant must supplement its response.**

**REQUEST FOR PRODUCTION NO. 7:** All written statements regarding Plaintiff 's
Complaint.

LAW OFFICES OF
   KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 11

**RESPONSE:** Defendant objects to this Document Request because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Subject to these objections, all non - privileged, responsive documents will be produced at the law offices of Singer & Levick, P.C., 16200 Addison Road, Suite 140, Addison, Texas 75001 at a mutually agreeable time.

**Plaintiffs Response: Defendant failed to produce written statements in its possession, therefore, non-responsive. Moreover, your response violates Guideline 10 of the Local rules, which provide, No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request. Defendant must supplement its response.**

**REQUEST FOR PRODUCTION NO. 8 :** All documents concerning plaintiff's account and defendant's efforts to investigate and collect thereon, including all internal collection records, collection screens, audit records, credit reports, skip trace reports, and correspondence from December 9, 2014 through the present date.

**RESPONSE :** Defendant objects to this request because it assumes that Defendant collected, or attempted to collect, a debt. Subject to this objection, all non- privileged, responsive documents will be produced at the law offices of Singer & Levick, P .C., 16200 Addison Road, Suite 140, Addison, Texas 75001 at a mutually agreeable time.

**Plaintiffs Response: Your client has failed to provide Plaintiff with a _privilege log_ as required so that we may ascertain the types of document which are alleged to have been privileged.   As you know certain documents are not privileged and are therefore discoverable. _McDougall v. Dunn_, 468 F.2d 468 (4th Cir.1972). Your client has also failed to attach responsive documents. Plaintiff requests that your client produce all non-privileged documents and if there is a cost associated with production of said documents, counsel requests the cost be provided.**

LAW OFFICES OF
    KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 12

**REQUEST FOR PRODUCTION NO. 10:** All agreements with the owner of the debt and any intermediary, servicer, or forwarder concerning collection of debts such as plaintiff's alleged debt.

> **RESPONSE :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant will not produce documents responsive to this Request.

**Plaintiffs Response: Plaintiff objects to your answer.  The answer is non-responsive and is intended to frustrate and is a violation of the rules of discovery.  The question seeks information relevant to these proceedings. Moreover, your response violates Guideline 10 of the Local rules, which provide, No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request. Defendant must supplement its response.**

**REQUEST FOR PRODUCTION NO. 11:** All documents concerning the amounts listed as owing in your collection letters, including contracts, invoices, formulas, instructions, calculations, canceled checks, logs, and bookkeeping or accounting entries from December 9, 2014 through the present date.

> **RESPONSE :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Subject to these objections, Defendant is producing a copy of the Borrower History and Activity Report related to Plaintiff.

LAW OFFICES OF
    KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 13

**Plaintiffs Response: Plaintiff objects to your answer.  The answer is non-responsive and is intended to frustrate and is a violation of the rules of discovery.  The question seeks information relevant to these proceedings.**

**REQUEST FOR PRODUCTION NO. 12:** All documents concerning your procedures reasonably adapted to make sure a debtor is not contacted once defendant receives notice of representation or a bankruptcy notice.

> **RESPONSE :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant will not produce documents responsive to this Request.

**Plaintiffs Response: Plaintiff objects to your answer.  The answer is non-responsive and is intended to frustrate and is a violation of the rules of discovery.  The question seeks information relevant to these proceedings. Moreover, your response violates Guideline 10 of the Local rules, which provide, No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request. Defendant must supplement its response.**

**REQUEST FOR PRODUCTION NO. 14:** All internal documents, memoranda, etc., of the Defendant regarding the use of its collection notices and collection efforts.

> **RESPONSE :** Defendant objects to this interrogatory because it is not relevant to any party's claim or defense nor is it proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighs the likely benefit. Defendant objects to this request because the request is

LAW OFFICES OF
   KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 14

overbroad and unduly burdensome by the inclusion of "etc." Defendant will not produce
documents responsive to this Request.

**Plaintiffs Response: Plaintiff objects to your answer.  The answer is non-responsive and is
intended to frustrate and is a violation of the rules of discovery.  The question seeks
information relevant to these proceedings. Moreover, your response violates Guideline 10
of the Local rules, which provide, No part of an interrogatory or document request should
be left unanswered merely because an objection is interposed to another part of the
interrogatory or document request. Defendant must supplement its response.**

**REQUEST FOR PRODUCTION NO. 15:** Your retention schedule regarding retention of
notes, recordings, letters, contacts, ticklers and correspondence regarding the handling and
servicing of consumer accounts, such as the Plaintiff.

     **RESPONSE :** Defendant objects to this interrogatory because it is not relevant to any
     party's claim or defense nor is it proportional to the needs of this case, considering the
     importance of the issues at stake in the action, the amount in controversy, the parties'
     relative access to relevant information, the parties' resources, the importance of the
     discovery in resolving the issues, and the burden and expense of the proposed discovery
     outweighs the likely benefit. Subject to these objections, Defendant is producing a copy
     of the Borrower History and Activity Rep ort related to Plaintiff.

**Plaintiffs Response: Plaintiff objects to your answer.  The answer is non-responsive and is
intended to frustrate and is a violation of the rules of discovery.  The question seeks
information relevant to these proceedings. Moreover, your response violates Guideline 10
of the Local rules, which provide, No part of an interrogatory or document request should
be left unanswered merely because an objection is interposed to another part of the
interrogatory or document request. Defendant must supplement its response.**

**REQUEST FOR PRODUCTION NO. 17 :** All exhibits which Defendant proposes to introduce
at trial.

LAW OFFICES OF
    KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 15

>   **RESPONSE :** Defendant objects to this request because it invades the attorney - client
>   and work product privileges. Subject to these objections, Defendant will comply with the
>   Joint Order Scheduling Pretrial Proceedings and Trial.

**Plaintiffs Response: Plaintiff objects to your answer.  The answer is non-responsive and is
intended to frustrate and is a violation of the rules of discovery.  The question seeks
information relevant to these proceedings. Moreover, your response violates Guideline 10
of the Local rules, which provide, No part of an interrogatory or document request should
be left unanswered merely because an objection is interposed to another part of the
interrogatory or document request. Defendant must supplement its response. Your client
has failed to provide Plaintiff with a privilege log as required so that we may ascertain the
types of document which are alleged to have been privileged. As you know certain
documents are not privileged and are therefore discoverable. McDougall v. Dunn, 468 F.2d
468 (4th Cir.1972). Plaintiff requests that your client produce all non-privileged documents
and if there is a cost associated with production of said documents, counsel requests the
cost be provided.**

**REQUEST FOR PRODUCTION NO. 20:** A copy of Defendant insurance declarations.

>   **RESPONSE :** Defendant objects to this interrogatory because it is not relevant to any
>   party's claim or defense nor is it proportional to the needs of this case, considering the
>   importance of the issues at stake in the action, the amount in controversy, the parties'
>   relative access to relevant information, the parties' resources, the importance of the
>   discovery in resolving the issues, and the burden and expense of the proposed discovery
>   outweighs the likely benefit. Defendant will not produce documents responsive to this
>   Request.

**Plaintiffs Response: Plaintiff objects to your answer.  The answer is non-responsive and is
intended to frustrate and is a violation of the rules of discovery.  The question seeks
information relevant to these proceedings. Moreover, your response violates Guideline 10
of the Local rules, which provide, No part of an interrogatory or document request should
be left unanswered merely because an objection is interposed to another part of the
interrogatory or document request. Defendant must supplement its response.**

**LAW OFFICES OF**
  **KIM PARKER, P.A.**

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 16

**REQUEST FOR PRODUCTION NO. 21:** Copies of all correspondence sent by the Defendant or third - party to Plaintiff from December 9, 2014 through the present date.

> **RESPONSE:** Defendant objects to this request to the extent it seeks documents sent by an undefined "third party." Subject to the foregoing objections, all non-privileged, responsive documents will be produced at the law offices of Singer & Levick, P.C ., 16200 Addison Road, Suite 140, Addison, Texas 75001 at a mutually agreeable time.

**Plaintiffs Response: Plaintiff objects to your answer. The answer is non-responsive and is intended to frustrate and is a violation of the rules of discovery. The question seeks information relevant to these proceedings. Moreover, your response violates Guideline 10 of the Local rules, which provide, No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request. Defendant must supplement its response**

**REQUEST FOR ADMISSIONS (RFA)**

**RFA.:2.**     Admit that you were on notice of Plaintiff's impending bankruptcy.

**ANSWER:** Defendant objects to this request because it is vague as to the time that Plaintiff seeks an admission as to the date that Defendant was "on notice" of Plaintiff's bankruptcy case, and objects to this request because the phrase "on notice" is not defined or explained. Due to these issues and ambiguities, Defendant cannot admit or deny.

**Objection: The request for admissions is unambiguous, it simply request that the Defendant admit or deny that they were aware of Plaintiff's bankruptcy. Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Id.; see also 8B Charles Alan Wright et**

LAW OFFICES OF
    KIM PARKER, P.A.

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 17

al., Fed. Prac. & Proc. Civ. § 2260 (3d ed. 2013) ("It is expected that denials will be forthright, specific, and unconditional. If a response is thought insufficient as a denial, the court may treat it as an admission.") Defendant is requested to supplement its response.

**RFA.24.**    Admit that the Defendant does not possess a Maryland Collection Agency License.

ANSWER: Defendant objects this request because it assumes that Defendant is required to possess a Maryland Collection Agency License. Defendant objects to this request because it calls for a legal conclusion

Response: **Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Id.; see also 8B Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2260 (3d ed. 2013) ("It is expected that denials will be forthright, specific, and unconditional. If a response is thought insufficient as a denial, the court may treat it as an admission.") Defendant is requested to supplement its response.**

　　　If Defendant's fail to immediately amend its admissions, Plaintiff will move the Court for immediate sanctions, including having all admissions deemed admitted. It is often appropriate to order the matter admitted where a party responds to a Rule 36 request in bad faith or does so evasively. See Louis v. Martinez, 5:08-CV-151, 2011 WL 1832808, at *3 (N.D.W.Va. May 13, 2011) (deeming answers admitted where defendants "abused the discovery process"with multiple evasive and meritless responses); House v. Giant of Maryland LLC, 232 F.R.D. 257, 262 (E.D. Va. 2005) ("Gamesmanship in the form of non-responsive answers, vague promises of a future response, or quibbling objections can result in the request being deemed admitted."); Poole ex rel. Elliott v. Textron, Inc., 192 F.R.D. 494, 499 (D. Md. 2000) ("Failure to adhere to the plain language of this statute requires that the fact in question be admitted.").

**LAW OFFICES OF**
**KIM PARKER, P.A.**

Richard M. Goldberg, Esquire
Anastasia L. McCusker, Esquire
Todd A. Hoodenpyle, Esquire
May 10, 2018
Page 18

**III. <u>CONCLUSION</u>**

I would request that your client supplement your discovery responses within the next three (3) days. Thank you for your time and attention to this matter. This letter shall serve as my good faith attempt to resolve a discovery dispute. Awaiting your response, I am:
:
                              Very truly yours,


                              Kim Parker, Esq.

cyj