# Exhibit 4

# Singer & Levick
ATTORNEYS AND COUNSELORS

Todd Hoodenpyle
ATTORNEY AT LAW

May 18, 2018

**Via E-mail: kp@kimparkerlaw.com**
**and Via Certified Mail/RRR No. 9214 7902 1179 6100 0601 88**

Kim Parker
Law Offices of Kim Parker, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218

   Re: *In re Parvis Naffis*, Bankr. Case No. 14-28711
     *Naffis v. Xerox Education Solutions, LLC*, Adversary No. 15-00078

Dear Ms. Parker:

  This letter shall serve as a response to your letter dated May 10, 2018. As an initial note, we did not have a discovery conference on April 30, 2018. While you were supposed to call me at 1:00 (central) on that date, you did not. After I did not receive a response to the email that I sent to Ms. Jacobs at 1:11 p.m., I called you. However, we did not confer on any matters as you were not prepared for the call. Additionally, in your May 10, 2018 letter, you fail to provide any specificity as to the information sought, but instead, pasted a "cookie-cutter" response. Further, in response to the comment in your May 11, 2018 email that "AES call notes have detailed summaries of communications," my client is not AES. If you want AES' call notes, you should have subpoenaed AES. Regardless, we provide the following response in attempt to resolve any outstanding issues related to my client's discovery objections and responses in good faith.

### I. Claims of Privilege

  In response to your request for a privilege log, the only documents that have been withheld based upon attorney-client are communications between counsel and my client during the course of this litigation. The only documents that have been withheld based upon work product privilege are notes of counsel and notes prepared by my client for the benefit of counsel during the course of this litigation.

### II. Interrogatory Responses

Interrogatory No. 3: The deadline for the parties to designate experts has passed. No party designated an expert. If Plaintiff belatedly designates any experts, Defendant reserves the right to object to such a designation and/or designate experts.

Kim Parker
May 18, 2018
Page 2

Interrogatory No. 4: XES objected to this interrogatory because your terms "forwarder" and "intermediary" are not defined and these are not terms of art in the industry. XES does not understand what you mean by these terms, and you made no attempt to clarify these terms. XES' objections stand. Additionally, XES answered that it communicated with American Education Services. For further answer, see XES 85-86.

Interrogatory No. 8: XES produced documents which reflect communications from and to Plaintiff from December 1, 2014 through the present date, and we identified the documents which may be examined to determine the answer. I presume the document production resolves this issue.

Interrogatory No. 9: XES produced documents which reflect communications with persons other than Plaintiff from December 1, 2014 through the present date, and we identified the documents which may be examined to determine the answer. I presume the document production resolves this issue.

Interrogatory No. 10: XES objected because it is not clear what data you seek to have translated or transcribed. Your May 10, 2018 provided no explanation. In any event, XES supplemented its response, produced documents, and we identified the documents which may be examined to determine the answer. I presume the document production resolves this issue.

Interrogatory No. 11: This interrogatory is duplicative of Interrogatory No. 8. Additionally, XES produced the Borrower History and Activity Report, XES 090-127. The answer to this interrogatory may be determined by examining that report. I presume the document production resolves this issue.

Interrogatory No. 13: This interrogatory request the identity of every employee of XES, and therefore, is overbroad, unduly burdensome and not proportional to the needs of this case. Additionally, the dates of employment and reason for termination of employment are not issues to be tried in this case. Subject to these objections, we supplemented this answer to provide the names of employees who are identified by a processor code number for the period of time at issue in your Third Amended Complaint.

Interrogatory No. 14: XES identified the system used by XES to record contacts for collection of accounts. XES' policies for operating such a system are not issues to be tried in this case, and the burden of describing policies for operating such a system are not proportional to the needs of this case because the policies for operating this system encompass thousands of pages of documents, including proprietary programming information.

Interrogatory No. 15: XES' contracts with "creditors" are confidential and proprietary and are not at issue in this case. XES stands by its objections.

Interrogatory No. 16: XES' policies and procedures regarding the handling of accounts in bankruptcy are confidential and proprietary and total hundreds, if not thousands of pages of documents which do not bear on the issues in this case. The interrogatory seeks information that

Kim Parker
May 18, 2018
Page 3

is not relevant nor proportional to the needs of this case. Subject to these objections, XES will agree to produce documents limited to issues raised in this case upon the entry of a protective order.

Interrogatory No. 17: XES' policies and procedures regarding collection of delinquent accounts are confidential and proprietary and total hundreds, if not thousands of pages of documents which do not bear on the issues in this case. The interrogatory seeks information that is not relevant nor proportional to the needs of this case. Subject to these objections, XES will agree to produce documents limited to issues raised in this case upon the entry of a protective order.

Interrogatory No. 18: To the extent that Plaintiff's request for admissions were not objectionable, XES answered each request. Notably, Plaintiff's interrogatory would exhaust the remainder of his 25 interrogatories. Nevertheless, Defendant answered additional interrogatories in good faith to avoid unnecessary discovery disputes.

Interrogatory No. 20: XES answered Plaintiff's Third Amended Complaint paragraph by paragraph. Plaintiff's request for information in a different format is not proportional to the needs of this case. To the extent that Plaintiff seeks additional information related to XES answer to Plaintiff's Third Amended Complaint, such information may be obtained through deposition.

Interrogatory No. 24: XES is not required to maintain a license to collect a consumer debt, but supplemented its answer to state that it holds no such license.

### III.     Requests for Production

Request for Production No. 1: XES supplemented its response.

Request for Production No. 4: You request training manuals or other materials used in training. This request is so vague and overbroad, XES cannot respond. You do not specify the type of training for which you seek discovery and this request could include numerous areas of training which are not at issue in this case.

Request for Production No. 6: XES will agree to provide documentation used in relation to the Federal Fair Debt Collection Practices Act upon the entry of a protective order.

Request for Production No. 7: All written statements regarding Plaintiff's Complaint have been produced.

Request for Production No. 8: All responsive documents have been produced.

Request for Production No. 10: XES' agreement with the owner of the debt is confidential and proprietary and not at issue in this case.

Request for Production No. 11: All responsive documents have been produced.

Kim Parker
May 18, 2018
Page 4


Request for Production No. 12:  XES will produce documents related to the due diligence requirements of the Higher Education Act upon the entry of a protective order.

Request for Production No. 14:  Your request is so vague and overbroad, XES cannot discern what information you seek related to this case.  On its face, your request touches on basically every document created by XES.

Request for Production No. 15:  XES will produce a copy of its confidential and proprietary corporate retention policy upon the entry of a protective order.

Request for Production No. 17: Defendant will comply with the Joint Order Scheduling Pretrial Proceedings and Trial for delivery of trial exhibits.

Request for Production No. 20:  XES does not have insurance coverage for Plaintiff's claim.

Request for Production No. 21:  All responsive documents have been produced.

### IV.   Requests for Admissions

Request for Admission No: 2:  In your letter, you state that the request is unambiguous because "it simply request[s] that the Defendant admit or deny that they were aware of Plaintiff's bankruptcy." You failed to provide any temporal clarification.  You do not ask whether XES had knowledge of Plaintiff's bankruptcy as of a certain date.  Plaintiff's request is vague.

Request for Admission No. 24:  XES objects to request for admission number 24 because it makes an assumption of fact or law that XES is obligated to have a license.

### V.   Conclusion

We believe this letter along with the supplemental responses resolve all issues raised by your May 10, 2018 letter.  If this is not correct, feel free to call to discuss so that we need not waste the court's resources on these discovery issues.

Sincerely,

SINGER & LEVICK, P.C.

Todd Hoodenpyle