IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** § § | | |
| **PARVIS NAFFIS AND VICKY NAFFIS,** § § | Chapter 7 | |
| § | Case No. 14-28711-NVA | |
| **Debtor.** § § § § | | |
| **PARVIS NAFFIS,** § § | | |
| **Plaintiff,** § § § | | |
| v. § | Adversary Case No. 15-00078 | |
| § | | |
| **XEROX EDUCATION SERVICES, LLC,** § | | |
| **UNITED STATES DEPARTMENT OF** § | | |
| **EDUCATION, and** § | | |
| **NELNET LOANS** § § | | |
| **Defendants.** § | | |

**DEFENDANT'S OBJECTIONS TO**
**PLAINTIFF'S SUPPLEMENTAL TRIAL EXHIBITS**

Defendant Xerox Education Services, LLC ("XES") files these Objections to Defendant's

Trial Exhibits, as required by the Court's Joint Order Scheduling Pretrial Proceedings and Trial

entered on January 16, 2018 as follows:

**I.**

Defendant objects to the exhibits identified and Plaintiff's Supplemental Exhibit List [Dkt.

157][1] as follows:

---

[1] To the extent that Plaintiff's Supplemental Trial Exhibits encompasses documents identified in Plaintiff's Exhibit List [Dkt. 147] and Plaintiff's Supplemental Exhibit List [Dkt. 149], Defendant's objections extend to those documents. Additionally, to the extent that Plaintiff designated exhibits on the lists contained at Dkt. 147 and Dkt. 149, but failed to deliver copies of such documents, Defendant objects to the use of such documents.

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S TRIAL EXHIBITS -Page 1**

1. Defendant objects to Plaintiff's Exhibit 4 as the document, which includes an affidavit, is hearsay. Fed.R.Evid. 801 *et seq*.

2. Defendant objects to Plaintiff's Exhibit 5 because Plaintiff has compiled various pleadings into a single exhibit for which the relevance is not clear, and consequently, not relevant. Fed.R.Evid. 401, 402, and 403.

3. Defendant objects to Plaintiff's Exhibit 10 as the document is hearsay, has not been properly authenticated, lacks proper foundation and is not relevant. Fed.R.Evid. 801 *et. seq.*, 901, 401, 402, 403, and 1001, *et seq*.

4. Defendant objects to Plaintiff's Exhibit 11 as the document is hearsay, has not been properly authenticated, lacks proper foundation and is not relevant. Fed.R.Evid. 801 *et. seq.*, 901, 401, 402, 403, and 1001, *et seq*.

5. Defendant objects to Plaintiff's Exhibit 12 as the document is hearsay. Fed.R.Evid. 801 *et. seq*. Defendant objects to Plaintiff's Exhibit 12 because it is irrelevant because Plaintiff did not allege a claim for punitive damages in his Third Amended Complaint, and Defendant is not in agreement to trying such issue by consent. Fed.R.Evid. 401, 402, and 403. Defendant objects to Plaintiff's Exhibit 12 because it contains duplicative documents, or documents from non-parties which are not relevant. Fed.R.Evid. 401, 402, and 403. Defendant objects to Plaintiff's Exhibit 12 because it has not been properly authenticated and lacks proper foundation. Fed.R.Evid. 901, *et seq.*, 1001, *et seq*. Defendant objects to Plaintiff's Exhibit 12 because Plaintiff failed to produce any discoverable information for his purported damages despite request. For instance, Defendant requested discovery related to Plaintiff's compensatory damage claim. Plaintiff failed to produce any supporting documents or explain his compensatory damages. Now, Plaintiff alleges compensatory damages in the sum of $235,000. Defendant served discovery

requests on Plaintiff related to his alleged compensatory damages.  Plaintiff failed to produce any documentation in support of his compensatory damages.  Fed.R.Civ.P. 37.

WHEREFORE, Defendant requests that the Court sustain Defendant's Objections to Plaintiff's Supplemental Trial Exhibits, and exclude the use of the exhibits stated above. Defendant further requests the Court grant such relief, at law or in equity, which Defendant may show itself to be justly entitled.

Dated: August 06, 2018                          Respectfully submitted,

                                                  SINGER & LEVICK, P.C.

By:     */s/ Todd A. Hoodenpyle*
       Larry A. Levick
       Todd A. Hoodenpyle
       16200 Addison Road, Suite 140
       Addison, Texas 75001
       Tel. (972) 380-5533
       Fax (972) 380-5748
       levick@singerlevick.com
       hoodenpyle@singerlevick.com

          -and-

*/s/ Anastasia L. McCusker*
Richard M. Goldberg, Bar No. 07994
Anastasia L. McCusker, Bar No. 29533
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratt Street, Ste. 2000
Baltimore, MD 212101
(410) 385-0202
rmg@shapirosher.com
alm@shapirosher.com

**ATTORNEYS FOR DEFENDANT
XEROX EDUCATION SERVICES, LLC**

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S TRIAL EXHIBITS -Page 3**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of August, 2018, I reviewed the Court's CM/ECF system and it reports that an electronic copy of *Defendant's Objections to Plaintiff's Supplemental Trial Exhibits* will be served electronically by the Court's CM/ECF system on the following:

**Richard Barry Benenson**: rbenenson@bhfs.com, acavallaro@bhfs.com
**Sarah A Marquardt**: sarah.marquardt@usdoj.gov, kate.abrey@usdoj.gov
**Kim D. Parker**: kp@kimparkerlaw.com, dcn@kimparkerlaw.com; ecf_notices@kimparkerlaw.com; lawclerk@kimparkerlaw.com
**Joel W. Ruderman**: Ruderman.joel@pbgc.gov, Gerry.Zinser@usdoj.gov

                                                  */s/ Anastasia L. McCusker*
                                                  Anastasia L. McCusker