IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** § § | | |
| **PARVIS NAFFIS AND VICKY NAFFIS,** § § | **Chapter 7** | |
| | **Case No. 14-28711-NVA** | |
| Debtor. § § § § | | |

_____

| | | |
|---|---|---|
| **PARVIS NAFFIS,** § § | | |
| Plaintiff, § § | | |
| v. § § | **Adversary Case No. 15-00078** | |
| **XEROX EDUCATION SERVICES, LLC,** § | | |
| **UNITED STATES DEPARTMENT OF** § | | |
| **EDUCATION, and** § | | |
| **NELNET LOANS** § § | | |
| Defendants. § | | |

_____

**DEFENDANT XEROX EDUCATION SERVICES, LLC'S REPLY IN FURTHER
SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Xerox Education Services, LLC ("XES") submits this Reply in Further Support of Defendant's Motion for Summary Judgment,[1] and respectfully states as follows:

**INTRODUCTION**

1. By his summary-judgment response, Debtor Parvis Naffis (the "Plaintiff" or "Debtor") failed to raise a genuine issue of material fact. Instead, Naffis voluntarily dismissed Count 2 (violation of the automatic stay). Debtor failed to show that XES is a "debt collector" because he failed to dispute that the debt was not in default at the time that XES began servicing the debt, and consequently, failed

---

[1] Plaintiff failed to timely file his Response to Defendant's Motion for Summary Judgment within 14 days and Defendant's motion may be granted on this basis alone.

to raise a genuine issue of material fact on Count 3 (the Fair Debt Collection Practices Act claim). Finally, Debtor failed to raise a genuine issue of material fact as to his alleged damages because he cannot recover the amount of his student loan under the Maryland Consumer Debt Collection Act, and Debtor voluntarily dismissed his claims for punitive damages and attorney's fees.

2. Accordingly, XES respectfully requests that the Court enter an order granting judgment as a matter of law in favor of XES on all claims pending against it in Plaintiff's Third Amendment Complaint.

## PROCEDURAL AND FACTUAL BACKGROUND

3. In the Procedural Posture Section of his Response, Debtor fails to cite to any admissible factual allegations that support his remaining claims. Plaintiff claims that certain notices were sent to "Defendant's agent for service." At this point, the purpose of these allegations is unclear because Plaintiff voluntarily dismissed his claim for violation of the automatic stay. Regardless, Plaintiff failed to show that the referenced notices were sent to the agent for XES because XES had not been named as a Defendant in this case.

4. Plaintiff failed to submit evidence to support the allegations in the Factual History section of his Response. Plaintiff purportedly references an affidavit by the notation "(Affd.¶)." However, Plaintiff failed to submit any such affidavit. Plaintiff alleges that "Soon after the filing for Bankruptcy, Defendant's agents began calling Defendant…" and alleges certain purported facts related to communications between Plaintiff and Defendant. However, Plaintiff failed to attach any evidence in support of these allegations.

**ARGUMENT**

A. **XES Is Entitled to Summary Judgment on Plaintiff's Stay Violation Claims (Count 2).**

5. Plaintiff states that he is voluntarily dismissing Count 2 of the Third Amended Complaint. [Dkt. 172-1, p. 7] Defendant requests that the Court grant Defendant's summary-judgment motion as to Count 2.

B. **XES Is Entitled to Summary Judgment on Plaintiff's FDCPA Claim (Count 3).**

6. XES moved for summary judgment on Count 3 of the Third Amended Complaint because XES is not a "debt collector" as defined by the FDCPA. In response, Plaintiff wholly failed to address XES' argument that the FDCPA creates a statutory exemption for servicers who collect or attempt to collect a debt which was not in default at the time it was obtained.

7. Unable to raise an issue as to whether XES is exempt from the FDCPA because Plaintiff's loan was not in default at the time it was obtained, Plaintiff only addresses Defendant's citation to *Henson v. Santander Consumer USA, Inc*., 137 S.Ct. 1718, 198 L.Ed.2d 177 (2017). However, Plaintiff's attempt to distinguish *Henson* fails. In *Henson*, the Supreme Court considered whether a company that purchases a debt is a "debt collector" under the FDCPA. In the course of that consideration, the Supreme Court reiterated that a company that obtains a debt that is not yet in default is exempt from the FDCPA. *Id*. at 1723-24. Plaintiff did not speak to this point in his response.

8. Consequently, there is a no genuine issue of material fact that XES obtained the debt before it was in default and, therefore, is not a "debt collector" under the FDCPA. XES is entitled to judgment as a matter of law on Count 3.

**C.     XES Is Entitled to Summary Judgment on Plaintiff's MCDCA Claim (Count 4).**

9.     Plaintiff cannot recover his claimed damages under the MCDCA, punitive damages, attorney's fees and the amount of his student loan, as a matter of law. In response, Plaintiff admits that he no longer seeks to recover punitive damages or attorney's fees under the MCDCA. Plaintiff only contests whether he can recover the amount of his student loan.

10.     Plaintiff argues that the "damages directly arising out of the conduct of the defendant's [sic] are the amount of the debt that would have otherwise been discharged." That is, Plaintiff seeks to recover the amount of his student loan debt. Plaintiff failed to respond to Defendant's argument that the MCDCA only permits damages proximately caused by a violation, or that a MCDCA claim is deficient if there is no evidence that a defendant's violation caused any specific harm apart from the debt that the plaintiff already owed. *See Allen v. Silverman Theologou, LLP*, No. CIV. JFM-14-3257, 2015 WL 2129698, at *7 (D. Md. May 6, 2015).

11.     Plaintiff speculates that he would have qualified for a hardship discharge. There is no admissible summary-judgment evidence to support this supposition. Moreover, Plaintiff affirmatively sought a hardship discharge after he consolidated the Loan and opposed the Department of Education's request for summary judgment on the discharge claim based upon the consolidation of the Loan post-petition.

12.     Plaintiff argues that he would also be entitled to "$600,000 in compensatory damages." Plaintiff failed to support this bold statement with either summary-judgment evidence or argument.

13.     Because Plaintiff only seeks the amount of the Consolidated Loan as compensatory damages under the MCDCA, Plaintiff's MCDCA claim is not cognizable as a matter of law.

## CONCLUSION

XES respectfully requests that the Court grant XES' Motion for Summary Judgment and grant judgment as a matter of law in favor of XES on all of Plaintiff's claims, and grant XES such other and further relief to which it may be entitled.

Dated: August 31, 2018	Respectfully submitted,

SINGER & LEVICK, P.C.

By:	*/s/ Todd A. Hoodenpyle*
Larry A. Levick
Todd A. Hoodenpyle
16200 Addison Road, Suite 140
Addison, Texas 75001
Tel. (972) 380-5533
Fax (972) 380-5748
levick@singerlevick.com
hoodenpyle@singerlevick.com

*/s/ Anastasia L. McCusker*
Richard M. Goldberg, Bar No. 07994
Anastasia L. McCusker, Bar No. 29533
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratt Street, Ste. 2000
Baltimore, MD 212101
(410) 385-0202
rmg@shapirosher.com
alm@shapirosher.com
**ATTORNEYS FOR DEFENDANT**
**XEROX EDUCATION SERVICES, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of August, 2018, I reviewed the Court's CM/ECF system and it reports that an electronic copy of *Defendant's Reply in Further Support of Defendant's Motion for Summary Judgment* will be served electronically by the Court's CM/ECF system on the following:

**Richard Barry Benenson**: rbenenson@bhfs.com, acavallaro@bhfs.com
**Sarah A Marquardt**: sarah.marquardt@usdoj.gov, kate.abrey@usdoj.gov
**Kim D. Parker**: kp@kimparkerlaw.com, dcn@kimparkerlaw.com; ecf_notices@kimparkerlaw.com; lawclerk@kimparkerlaw.com
**Joel W. Ruderman**: Ruderman.joel@pbgc.gov, Gerry.Zinser@usdoj.gov

                                              */s/ Anastasia L. McCusker*
                                              Anastasia L. McCusker