

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| Parvis and Vicky Naffis, | * | Case No. 14-28711-NVA (Chapter 7) |
| Debtors. | * | |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| Parvis Naffis | * | |
| | * | |
| Plaintiff, | * | |
| v. | | Adversary No. 15-0078 |
| | * | |
| Xerox Education Services, LLC, et al., | * | |
| | * | |
| Defendants. | | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION IN SUPPORT OF ORDER
GRANTING IN PART AND DENYING IN PART DEFANDANT'S
MOTION [ECF NO. 166 ] FOR SUMMARY JUDGMENT**

After Parvis Naffis, the Debtor herein (the "Debtor" or "Mr. Naffis"), filed this adversary proceeding seeking to discharge his student loans, he consolidated those same student loans with a new lender. The loan consolidation had the effect of converting a pre-petition claim that was potentially dischargeable in bankruptcy into a post-petition obligation that is not subject to

1

discharge. Having conceded that he lost his opportunity to discharge the student loans, Mr. Naffis argues that the current servicer, Xerox Education Services, LLC ("XES") is liable to him under the Federal Debt Collection Practices Act (the "FDCPA") and the Maryland Consumer Debt Collection Act (the "MCDCA") because the servicer persuaded him to consolidate his loans, causing him to lose the opportunity for discharge.  XES (the only remaining defendant in this adversary proceeding) has moved for summary judgment under the FDCPA because, it argues, it is not a "collector" as defined by that act and, as such, the FDCPA is not applicable to it. The servicer has also moved for summary judgment under the MCDCA because, it argues, Mr. Naffis is not entitled to the damages sought in the Complaint as a matter of law under the MCDCA.  The Court agrees as to the first point and grants summary judgment in favor of XES on the FDCPA count (Count III).  The Court believes that XES has mischaracterized the damages that Mr. Naffis seeks under the MCDCA and denies summary judgment under that count (Count IV).

Procedural History

On December 9, 2014 (the "Petition Date"), Parvis Naffis and his wife filed a voluntary petition under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").  On Schedule F, the Debtor listed an unsecured nonpriority claim in the amount of $326,468.00 held by an entity described as "Acs/efsfn c/o Acs Lincoln, NE 68508" (the "Original Loan"). The Debtor did not mark the claim as contingent, unliquidated, or disputed. *See* Case No. 14-28711, [ECF No. 1]. According to the Debtor, this claim represents the amount of loans obtained by the Debtor "to finance [his] son's college education at various institutions of higher learning."

On March 17, 2015 (the "Discharge Date"), the Bankruptcy Court entered an Order Granting Discharge of Joint Debtors (the "Discharge Order"). *See* Bankr. Case No. 14-28711,

2

[ECF No. 16]. The Discharge Order states that the Debtor received no discharge of the student loan debt. *Id*.

On February 19, 2015, prior to the Discharge Date, the Debtor commenced this adversary proceeding by filing a Complaint to Determine Dischargeability of Debt against a defendant identified as "ACS FEEL Borrower Services." [ECF No. 1]. On February 25, 2015 (also before the Discharge Date), the Debtor filed his Amended Complaint to clarify that the entity that he was suing was "Xerox Education Solutions, LLC f/k/a ACS Education Solutions, LLC." [ECF No. 2].

After the filing of the amended adversary complaint and after the Discharge Date, the Debtor signed a Federal Direct Consolidated Loan Application and Promissory Note to consolidate the Original Loan with the United States Department of Education (the "DOE") (the "Consolidated Loan"). *See* Federal Direct Consolidation Loan Application and Promissory Note [ECF No. 68-3]. In September 2015, the Consolidated Loan was disbursed, and the DOE paid off the Original Loan. *See* Letters from Fedloan Servicing to Parvis Naffis dated September 09, 2015 and October 13, 2015. [ECF Nos.166-11].

On July 11, 2016, the Debtor filed his Third Amended Complaint against the DOE, Nelnet Loans, and XES.[1] In the Third Amended Complaint, the Debtor states that he had consolidated the Original Loan post-petition but continues to seek a discharge of the Original Loan/Consolidated Loan against the DOE and Nelnet Loans (Count I). [ECF No. 38] ¶¶ 1-12. Nelnet and DOE have

---

1     There is no second amended complaint. The Debtor filed his Third Amended Complaint immediately after his amended complaint.

been eliminated as defendants in this adversary proceeding.[2] [3] In the Third Amended Complaint, the Debtor asserts claims against XES for willful violation of the automatic stay (Count II), violation of the FDCPA (Count III), and violation of the MCDCA (Count IV). XES has filed its motion for summary judgment [ECF No. 166] (the "Motion") seeking summary judgment in its favor as to the remaining two counts. The only defendant remaining in this adversary proceeding is XES. The only remaining counts are Counts III and IV.[4]

The Court has reviewed the pleadings, the evidence and the record in this case. For the reasons set forth below, the Defendant's Motion for Summary Judgment will be granted in part and denied in part.

Legal Standard

Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. Proc. 56(c).

---

[2] Nelnet appears as a defendant for the first time in the Third Amended Complaint and is only a defendant as to Count I (non-dischargeability). Nelnet moved for judgment on the pleadings based on its assertion it did not distribute, hold or service the student loans at issue. The Debtor did not oppose these allegations and the Court entered judgment on the pleadings as to Nelnet. *See* [ECF No. 93]. Accordingly, Nelnet is no longer part of this adversary proceeding.

[3] Since the filing of the Third Amended Complaint, the Court has granted summary judgment to the DOE [ECF No. 97]. Accordingly, DOE is no longer part of this adversary proceeding.

[4] In his Response and Opposition [ECF No. 172] to Motion for Summary Judgment, the Debtor consented to a voluntarily dismissal of Count II of the Third Amended Complaint. Judgment in favor of XES will be granted as to Count II.

The Rule further provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment if appropriate, shall be entered against the adverse party.

Fed. R. Civ. Proc. 56(e).

One of the principal purposes of summary judgment is to isolate and dispose of all factually unsupported claims or defenses. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). To that end, the Court considers all evidence in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (all justifiable inferences are drawn in the nonmovant's favor). The mere existence of an alleged factual dispute does not defeat a motion for summary judgment; rather the standard requires that there be no genuine issue of *material* fact. *Id*. at 247-48. Only disputes over the facts that might affect the outcome of the lawsuit under applicable law will preclude entry of summary judgment. *Id*. Therefore, once a motion for summary judgment is made and supported as provided in the Rule, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. Proc. 56(e). The nonmovant may rely on any evidentiary materials listed in Rule 56(c), except the motions themselves. *Celotex,* 477 U.S. at 325. If reasonable minds could differ as to the import of the evidence, summary judgment should not be granted. *Liberty Lobby, Inc.*, 477 U.S. at 248.

**Remaining Counts Against XES under the Third Amended Complaint**

Count III (Fair Debt Collection Claim Under Federal Law)

In Count III of the Third Amended Complaint, the Debtor seeks damages under an unspecified section of the Federal Debt Collection Practices Act. In order to obtain relief under this statutory scheme, the Debtor must ultimately prove at trial, among other things, that XES is a "debt collector" within the meaning of the FDCPA. XES can only be liable to Plaintiff for any violation of the FDCPA if XES is a "debt collector" within the definition of the statute. *See* 15 U.S.C. § 1692k(a).[5] The Debtor superficially challenges the ultimate question, but there is no material dispute of fact on this point.

Under the FDCPA, a "debt collector" is any person whose "principal purpose ... is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); *Shlikas v. Sallie Mae, Inc.*, No. CV WDQ-06-2106, 2009 WL 10681983, at *3 (D. Md. May 4, 2009), *aff'd sub nom. Shlikas v. Arrow Fin. Servs.*, 487 F. App'x 68 (4th Cir. 2012). XES does not appear to disagree that this part of the definition applies to it. However, the FDCPA does not apply in this instance because the FDCPA exempts "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F). There has been no dispute raised that the debt was not in default at the time it was acquired.

---

5 The Debtor agrees that the status of XES as a "debt collector" is a predicate issue. In his memorandum, the Debtor states, "Plaintiff must prove three elements: (1) he was the object of a collection activity arising from a consumer debt; (2) Defendants are debt collectors as defined by the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA. *Webster v. ACB Receivables Mgmt., Inc.*, 15 F.Supp.3d 619, 625 (D.Md. 2014)." [ECF 172-1 at 7]

There is also no dispute that XES is not the owner of the debt but is the servicer for the owner. The Fourth Circuit has made clear that servicers who collect debt acquired debt by another while the debt is in a non-default status are exempt from the definition of "debt collector:"

> As relevant here, exclusion (F)(iii) provides that "[t]he term [debt collector] does not include ... any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). To simplify, this exclusion means that a person collecting nondefaulted debts on behalf of others is not a debt collector. This exclusion was intended by Congress to protect those entities that function as loan servicers for debt not in default. See S. Rep. No. 95–382, at 3–4 (1977), as reprinted in 1977 U.S.C.C.A.N. 1695, 1698 ("[T]he committee does not intend the definition [of debt collector] to cover the activities of ... mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing" (emphasis added)).

*Henson v. Santander Consumer USA, Inc.,* 817 F.3d 131, 139-40 (4th Cir. 2016), *aff'd,* 137 S. Ct. 1718 (2017). [6]

In support of its Motion for Summary Judgment, XES submitted the affidavit of Jamie Broedel, the Director of Operations, Risk Management for XES.[7] [See ECF 166-12]. The Broedel affidavit states that, "XES was the servicer of certain student loans owed by Parvis Naffis

---

6    The Debtor asserts that this exemption is not available because XES is a *servicer* of the debt and not a purchaser or the original account owner. The statute does not make this distinction and the Debtor has pointed to no authority that does.

7    XES also submitted an excerpt from XES's deposition of the Debtor in which the following exchange occurred:
> Q [by XES]:    And, so, it was not in default during the time when my client first started servicing the loan, correct?
>
> A [by Debtor]:  Absolutely. Yes, sir.

*See* [ECF 166-13, p.6].

("Debtor").  XES started servicing Debtor's student loan in 1997.  *At the time that XES became the servicer of Debtor's student loans, Debtor's student loans were not in default*." (emphasis added).  *Id* at ¶4.   The Debtor has never taken the position that the loan was in default when XES became the servicer.

Thus, there is no dispute that the loan was not in default when it was acquired and that XES is a servicer of that debt. The law is clear that a servicer in this undisputed factual scenario is exempt from the provisions of the FDCPA. Summary judgment in favor of XES will be granted as to Count III.

Count IV (Consumer Debt Collection Claim Under Maryland Law)

The Maryland Consumer Debt Collection Act, Md. Code Ann. Com. Law §14-201, *et seq*., provides that certain acts are prohibited in connection with the collection of a debt.  Specifically, section 14-202 of the Act provides:

> In collecting or attempting to collect an alleged debt a collector may not:
>
> (1) Use or threaten force or violence;
>
> (2) Threaten criminal prosecution, unless the transaction involved the violation of a criminal statute;
>
> (3) Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false;
>
> (4) Except as permitted by statute, contact a person's employer with respect to a delinquent indebtedness before obtaining final judgment against the debtor;
>
> (5) Except as permitted by statute, disclose or threaten to disclose to a person other than the debtor or his spouse or, if the debtor is a minor, his parent, information which affects the debtor's reputation, whether or not for credit worthiness, with

8

     knowledge that the other person does not have a legitimate business need for the information;

  (6) Communicate with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor;

  (7) Use obscene or grossly abusive language in communicating with the debtor or a person related to him;

  (8) Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist;

  (9) Use a communication which simulates legal or judicial process or gives the appearance of being authorized, issued, or approved by a government, governmental agency, or lawyer when it is not;

  (10) Engage in unlicensed debt collection activity in violation of the Maryland Collection Agency Licensing Act; or

  (11) Engage in any conduct that violates §§ 804 through 812 of the federal Fair Debt Collection Practices Act.

Md. Code Ann., Com. Law §14-202.

  Count IV of the Complaint (the MCDCA count) contains just four sentences. The Debtor alleges generally that XES violated the Act but does not identify which of the 11 prohibited actions XES allegedly took, and how XES allegedly violated the Act. The Debtor simply asserts that he is entitled to damages. The sole basis for XES's request for summary judgment as to Count IV is that the Debtor is not entitled to the damages he requested as a matter of law.

  Under the MCDCA, one who is attempting to collect a debt may be liable for "any damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury." Md.Code Ann., Com. Law § 14-203.

XES attacks Count IV of the Complaint at page 11 of its Motion for Summary Judgment under the heading "Plaintiff's Damages Claims under the MCDCA Are Unavailable as a Matter of Law. XES and correctly points out that "[p]laintiff appears to claim three (3) categories of damages for his MCDCA claims: (i) attorneys' fees; (ii) punitive damages; and (iii) compensatory damages. [ECF No. 166-1, p. 11]. The Court agrees with XES with respect to attorneys' fees and punitive damage - - the MCDCA does not permit a plaintiff to recover either. *See Allen v. Silverman Theologou*, LLP, No. CIV. JFM-14-3257, 2015 WL 2129698, at *7 (D. Md. May 6, 2015) (explaining FDCPA permits recovery of statutory damages and attorneys' fees while MCDCA only allows recovery of damages proximately caused by violation); *Betskoff v. Enter. Rent A Car Co. of Baltimore, LLC*, No. CIV.A. ELH-11-2333, 2012 WL 32575, at *11 (D. Md. Jan. 4, 2012) ("It is also salient that, even if plaintiff's FDCPA or FTC Act claims could be construed to set forth causes of action under the Maryland Consumer Protection Act or the MCDCA, punitive damages categorically are not recoverable under either state statute."). [8]

With respect to compensatory damages, XES seeks judgment because, it says, "…[p]laintiff testified that his only actual damages for the alleged violation of the MCDCA were the Consolidated Loan. However, although the MCDCA can be used to challenge the methods to collect an alleged debt, it cannot be used to challenge the *validity* of that debt itself; a MCDCA claim is deficient if there is no evidence that a defendant's violation caused any specific harm apart from the debt that the plaintiff already owed." *Id*. at 11-12 (emphasis added) (internal citations

---

8    Also, it appears that the Debtor expressly waived his claim to punitive damages and attorneys' fees under the MCDCA. In deposition testimony the Debtor states that he has suffered no emotional distress or mental anguish, has paid no out-of-pocket expenses and has no receipts for any money that he has paid as damages for any violation of the MCDCA. [ECF No. 166-13, pages 4 – 5]. The Debtor also waives his request for attorney's fees under the FDCPA. [ECF 172-1]

omitted).

The Court agrees that Debtor's remaining claim of damages under the MCDCA is for compensatory damages in an amount equal to the amount of the Original Loan/Consolidated Loan. The Court does not agree, however, with XES's characterization of the damages claim. The Debtor here does not challenge the validity of the debt itself. Instead, the Debtor's theory is that (under the Bankruptcy Code's "hardship discharge" provision applicable to educational loans) he would have been able to discharge the debt (and had in fact filed an adversary case seeking discharge) had it not been for the wrongful coercion of the Debtor by XES to consolidate the Loan, thereby causing the Loan to become a nondischargeable post-petition loan.

Here, the Debtor alleges that XES violated the MCDCA by coercing him to consolidate his student loans, thereby effectively depriving him of a *cause of action* - - his right to seek the discharge of those loans in his main bankruptcy case. And in determining the value of that cause of action, it is not unreasonable to base the measure of damages on the value of the claim that has been lost. *See Edelberg v. Roberts*, 2005 WL 1006000 *4 (D.D.C. 2005) ("Where the injury suffered is the loss of a cause of action, the measure of damages is generally the value of the claim lost.")(citation omitted).

The analogy to the loss of a claim in the legal malpractice context is not lost on the Court. In the legal malpractice context, there is only liability if, absent the legal negligence (*e.g.*, missing the statute of limitations), the client would have prevailed on his or her lost cause of action. *See Taylor v. Law Office of Galiher, Clarke & Galiher*, 2015 WL 5174007 (D.D.C.2015) As in the malpractice context, the Debtor here may have to prove at trial that he would have prevailed in his dischargeability action in his main bankruptcy case. This is not unlike the "trial-within-a-trial" procedure utilized in legal malpractice trials when causation is disputed. *See generally, Suder v.*

11

*Whiteford, Taylor & Preston, LLP*, 413 Md. 230 (2010).

This does *not* mean that the Court has determined that the Debtor is entitled to damages or that he will be able to prove liability under the MCDCA. Nonetheless, for the purposes of resolving XES's request for summary judgment on Count IV, the Debtor has pled a viable damages *theory*. Thus, summary judgment will be denied XES as to Count IV.

A separate order will enter.

cc:     all parties
        all counsel

**END OF OPINION**