IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** § | | |
| § | | |
| **PARVIS NAFFIS AND VICKY NAFFIS,** § | | **Chapter 7** |
| § | | **Case No. 14-28711-NVA** |
| Debtor. § | | |
| § | | |
| § | | |
| _____ | | |
| **PARVIS NAFFIS,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | **Adversary Case No. 15-00078** |
| § | | |
| **XEROX EDUCATION SERVICES, LLC,** § | | |
| § | | |
| Defendant. § | | |
| _____ | | |

**DEFENDANT XEROX EDUCATION SERVICES, LLC'S
MOTION FOR SUMMARY JUDGMENT ON
COUNT 4 OF THE PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant Xerox Education Services, LLC ("XES"), pursuant to Federal Rule of Civil Procedure 56, as made applicable herein by Federal Rule of Bankruptcy Procedure 7056, files this Motion for Summary Judgment on Count 4 of the Plaintiff's Third Amended Complaint [Dkt. No. 38], and in support thereof, respectfully states as follows:

**INTRODUCTION**

On February 14, 2019 (after the Court issued its decision on Defendant's first summary judgment motion), Plaintiff (belatedly) filed his Amended Pretrial Memorandum [Dkt. No. 190] (the "Amended Pretrial Memo"). For the first time in the Amended Pretrial Memo, Plaintiff identified the exact provision of the Maryland Consumer Debt Protection Act ("MCDCA") that Plaintiff claims Defendant violated in Count 4 of the Third Amended Complaint. Specifically, Plaintiff identified Md.

Code Ann., Com. Law § 14-202(8), which provides that in collecting or attempting to collect an alleged debt a collector may not, "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." In the Amended Pretrial Memo, Plaintiff claims that Defendant contacted him in violation of the bankruptcy stay and offered refinancing (via consolidation) of Plaintiff's loan to avoid further collection action. But, the stay in Plaintiff's bankruptcy case terminated, as a matter of law, on March 17, 2015, and there is no material dispute of fact that Defendant's challenged conduct for purposes of Count 4 occurred after the stay terminated. Even if there could be a material dispute of fact as to the timing of Defendant's challenged conduct, Plaintiff has conceded that Defendant did not have knowledge of Plaintiff's bankruptcy case prior to March 18, 2015 and thus could not have committed any stay violation prior thereto. Thus, Defendant is entitled to summary judgment on Count 4.

## PROCEDURAL BACKGROUND

1.    On August 8, 2018, the Bankruptcy Court entered a Proceeding Memo that provided, among other things, that Defendant may file a motion for summary judgment as to certain identified issues and Plaintiff was to file an enhanced pretrial statement by August 31, 2018, as to Counts 3 and 4 (the MCDCA claim) "indicating which sections of [the] statutes were allegedly violated and evidence in support." [Dkt. No. 163]. In accordance with the Proceeding Memo, Defendant filed its Motion for Summary Judgment [Dkt. No. 166]. As to Count 4, Defendant solely sought summary judgment on the issue of damages. Plaintiff opposed Defendant's summary judgment request as to Counts 3 and 4 and withdrew his claims in Count 2 (violation of the automatic stay).[1] Thereafter, Defendant moved to strike an affidavit filed by

---

[1] Of note, Defendant contended in its Motion for Summary Judgment [Dkt. No. 166] that the automatic stay terminated on March 17, 2015 in connection with seeking summary judgment on Count 2 of the Third Amended Complaint where there was no material dispute of fact that

2

Plaintiff in support of his opposition to Defendant's summary judgment motion [Dkt. No. 178] and noted therein that Plaintiff had failed to file an enhanced pretrial statement as previously agreed and, as a result, Defendant was completely unclear on what particular provision of the MCDCA Plaintiff claims had been violated.

2.  On February 6, 2019, the Court entered the Memorandum Opinion and corresponding Order [Dkt. Nos. 186, 187], granting Defendant summary judgment on Count 3 and denying summary judgment on Count 4 (but limited Plaintiff's damage request). As to Count 4, the Court stated "Count IV of the Complaint (the MCDCA count) contains just four sentences. The Debtor alleges generally that XES violated the Act but does not identify which of the 11 prohibited actions XES allegedly took, and how XES allegedly violated the Act. The Debtor simply asserts that he is entitled to damage." [Dkt. No. 186].

3.  After an informal request from Defendant, Plaintiff belatedly filed the Amended Pretrial Memo on February 14, 2019 [Dkt. No. 190]. In the Amended Pretrial Memo, Plaintiff for the first time in this litigation identified the specific provision of the MCDCA that he claims Defendant violated: Md. Code Ann., Com. Law § 14-202(8).

4.  Based upon this recently provided information, Defendant moves for summary judgment on Count 4 because the foundation of Plaintiff's § 14-202(8) claim is that the automatic stay precluded Defendant's challenged actions (*i.e.*, the right that did not exist). However, the automatic stay in Plaintiff's bankruptcy case terminated, as a matter of law, on March 17, 2015 and Plaintiff has conceded that Defendant did not have knowledge of Plaintiff's bankruptcy case

---

Defendant did not have knowledge of the bankruptcy case until March 18, 2015. Defendant incorporates by reference its factual allegations and argument on those issues.

prior to March 18, 2015. Consequently, Defendant did not exercise a non-existent right thereby entitling Defendant to judgment as a matter of law on Count 4.

## FACTUAL BACKGROUND

5. Defendant incorporates by reference the factual recitation in its first motion for summary judgment and corresponding memorandum of law [Dkt. No. 166]. For purposes of this Motion, Defendant reiterates the following.

6. On December 9, 2014 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). [Bankr. Case No. 14-28711, Dkt. 1]. On February 25, 2015, the Chapter 7 Trustee issued his report of no distribution, which provided that "there is no property available for distribution from the estate over and above that exempted by law" and certified that the Debtor's estate had been fully administered. *See* [Bankr. Case No. 14-28711, Dkt. No. 12]. On March 17, 2015 (the "Discharge Date"), the Bankruptcy Court entered an Order Granting Discharge of Joint Debtors (the "Discharge Order"). *See* [Bankr. Case No. 14-28711, Dkt. No. 16]. The Discharge Order denotes that the Debtor received <u>no</u> discharge of his student loan debt. *Id*.

7. On February 19, 2015, the Debtor filed a Complaint to Determine Dischargeability of Debt against a sole defendant identified as "ACS FEEL Borrower Services P.O. Box 7051 Utica, NY 13504-7051." [Dkt. No. 1].[2] On February 25, 2015, Debtor filed an Amended Complaint to Determine Dischargeability of Debt against "Xerox Education Solutions, LLC f/k/a ACS Education Solutions, LLC." [Dkt. No. 2]. After the Discharge Date and on or about August 31, 2015, the Debtor completed and signed a Federal Direct Consolidation Loan Application and Promissory Note to consolidate the

---

[2] All docket references are to docket entries in this Adversary Proceeding, unless otherwise indicated.

4

Loan with the United States Department of Education (the "DOE"). *See* Exhibit 8 to [Dkt. No. 166]. Towards the end of September 2015, the consolidated loan was disbursed and the DOE paid off the Loan (the "Consolidated Loan"). *See* Ex. 9 to [Dkt. No. 166].[3]

8.	After the loan consolidation, Plaintiff filed a second Motion for Default Judgment on January 31, 2016 against Xerox Education Solutions, LLC. [Dkt. No. 17]. On March 3, 2016, after the Court entered a default judgment against it, Xerox Education Solutions, LLC filed a Motion to Set Aside Default Judgment and Motion for New Trial, and advised Plaintiff that Xerox Education Services, LLC had been the servicer on the Loan and, in any event, the actual servicer of Plaintiff's Loan is not a proper defendant in the Amended Complaint for discharge because the servicer is not the owner or holder of the Loan. *See* [Dkt. No. 24] ¶ 9. On June 24, 2016, the Court entered an Order Granting Motion to Set Aside Default Judgment. [Dkt. No. 36].

9.	On July 11, 2016, Plaintiff filed his Third Amended Complaint against the DOE, Nelnet Loans, and XES. The discharge claim (Count 1) against the DOE and Nelnet were dismissed over Plaintiff's objection. *See* [Dkt. Nos. 93, 97]. As part of the summary judgment briefing, Plaintiff voluntarily withdrew his stay violation claim (Count 2) against Defendant. This Court granted Defendant summary judgment on Count 3 and limited the damages available to Plaintiff on Count 4. [Dkt. Nos. 186, 187].

## SUMMARY JUDGMENT STANDARD

10.	Pursuant to Fed. R. Civ. P. 56(a), summary judgment as to any claim or defense is appropriate if the movant shows that "there is no genuine dispute as to any material fact" or "the reasonable inferences that can be drawn from the facts" and "the movant is entitled to judgment as a

---

[3] These documents were produced by the Plaintiff in discovery in this case; Plaintiff did not label his document production with Bates Numbers.

5

matter of law." *See Columbia Union Coll. v. Clarke*, 159 F.3d 151, 164 (4th Cir. 1998). A dispute is deemed genuine only if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is deemed material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct." *Rohrbough v. Wyeth Lab., Inc.*, 916 F.2d 970, 975 (4th Cir. 1990).

## ARGUMENT

11.  According to his Amended Pretrial Memo, Plaintiff alleges that Defendant violated one specific provision of the MCDCA - Md. Code Ann., Com. Law § 14-202(8), which provides that in collecting or attempting to collect an alleged debt a collector may not "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." The Amended Pretrial Memo further provides that the factual basis for the violation of § 14-202(8) is that Defendant attempted to collect a debt in violation of the bankruptcy laws by calling Plaintiff and offering to refinance the Loan "to prevent further action", with knowledge that refinancing would moot Plaintiff's pending discharge claim in this Adversary Proceeding.[4] Stated differently, Plaintiff claims that the non-existent "right" Defendant allegedly knowingly attempted to enforce was collection on the Loan in violation of the automatic bankruptcy stay. Defendant is entitled to summary judgment on Count 4 because the automatic stay had terminated at the time of

---

[4] Defendant strongly disputes that it knew that Plaintiff's consolidation of his Loan would (or could) moot his discharge claim (which was then pending against the wrong party) and/or that there is any record evidence to support that assertion. Defendant further denies there is record or credible evidence that it engaged in any misconduct. However, these issues are immaterial to Defendant's basis for summary judgment.

Defendant's alleged violation and/or Defendant did not have knowledge of the bankruptcy prior to March 18, 2015.

**A.      The automatic stay terminated in Plaintiff's bankruptcy case on March 17, 2015, as a matter of law.**

12.     Pursuant to § 362(c)(2) of the Bankruptcy Code, the "stay of any other act under subsection (a) of Section 362 continues until *the earliest of*: (a) the time the case is closed; (b) the time the case is dismissed; or (c) if the case is a case under chapter 7 of this title concerning an individual . . . the time a discharge is granted or denied." 11 U.S.C. § 362(c)(2) (emphasis added). For collection activities, such as those alleged by Plaintiff in in the Third Amended Complaint that are prohibited by § 362(a)(6), the stay terminates when an individual Chapter 7 debtor is granted a discharge. This makes sense where the purpose of the automatic stay "is to preserve the assets of the debtor's estate and allow the debtor-in-possession or trustee to fashion an equitable procedure for the distribution of estate property." *See generally Price & Pierce Int'l, Inc. v. Spicers Int'l Paper Sales, Inc.,* 50 B.R. 25, 26 (S.D.N.Y. 1985).

13.     Here, the Bankruptcy Court entered the Discharge Order in Plaintiff's Chapter 7 case on March 17, 2015 which, in turn, terminated the automatic stay as to Defendant as of that date. The Discharge Order denotes that the Debtor received no discharge of his student loan debt. As of the Discharge Date, the Chapter 7 Trustee had issued a report of no distribution – the Plaintiff's bankruptcy estate had no assets for distribution to any creditors and thus, as a practical matter, the automatic stay served no further purpose.

**B.      There is no material dispute of fact that Defendant's conduct that Plaintiff claims violated the MCDCA occurred after the stay terminated and, in any event, Defendant did not have knowledge of Plaintiff's bankruptcy case prior to March 18, 2015.**

14.     Plaintiff's Amended Pretrial Memo does not expressly provide the date or timeframe of Defendant's alleged conduct that serves as the basis for the articulated violation of

7

§ 14-202(8). However, Plaintiff affirmatively testified at his deposition that the telephone calls he received from Defendant occurred in June, July, or August of 2015. Relevant excerpts of Plaintiff's deposition testimony are attached hereto as Exhibit A [29:5-10; 28:2-18; 40:19-41:5; 28:19-29:4, 37:10-17]. Specifically, at his deposition, Plaintiff testified that the first time he received any calls from Defendant was in June 2015, after the stay terminated. *See* Ex. A. at 28:2-18; 40:19-41:5. Plaintiff could not testify to any calls before June 2015. *See id.* at 28:19-29:4.

15. No material dispute of fact exists based on the after-the-fact affidavit submitted by Plaintiff, which is subject to a pending Motion to Strike [*See* Dkt. Nos., 175, 178]. As stated in the Motion to Strike, Plaintiff cannot create a material dispute of fact by directly contradicting his deposition testimony. *See Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984) ("A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct.").

16. Indeed, Plaintiff's affidavit claims that during *one* telephone call, Defendant's unnamed agent stated unless Defendant consolidated his Loan, garnishment proceedings would start. *See* [Dkt. No. 175-1]. At his deposition, Plaintiff attributed this telephone call concerning consolidation as occurring in August 2015. *See Ex. A* at 37:10-17. On or about August 31, 2015, the Debtor completed and signed a Federal Direct Consolidation Loan Application and Promissory Note to consolidate the Loan with the DOE.

17. Even if Plaintiff were able to now contend that Defendant's alleged conduct occurred prior to March 17, 2015, in direct contravention of his deposition testimony, there is no material dispute of fact that Defendant did not have knowledge of Plaintiff's bankruptcy case prior to March 18, 2015. Plaintiff has submitted Proposed Facts, which provide that the earliest date upon which Defendant had knowledge of the Plaintiff's bankruptcy case was March 18, 2015, when Plaintiff claims to

have served a copy of the Amended Complaint on "Defendant."[5]  [Dkt. No. 159] ¶ 5.  "[T]o constitute a willful act, the creditor need not act with specific intent but must only commit an intentional act with knowledge of the automatic stay."  *Baxter*, 2015 WL 6122158, at *5 (Bankr. D. Md. Oct. 15, 2015).  A party with knowledge of bankruptcy proceedings is charged with knowledge of the automatic stay for purposes of § 362(k).  *See id*.  Consequently, any communication between Defendant and Plaintiff prior to March 18, 2015, likewise could not violate the automatic stay because Defendant did not have knowledge of Plaintiff's bankruptcy case during that timeframe.  Plaintiff presumably agrees with this proposition as he voluntarily withdrew Count 2 in response to Defendant's initial Motion for Summary Judgment; the MCDCA claim is based on the exact same issue.

18. Accordingly, there is no material dispute of fact that the telephone call during which Plaintiff alleges Defendant engaged in conduct in violation of § 14-202(8) occurred in the summer of 2015, after the automatic stay terminated and, even if such phone calls occurred before March 18, 2015, Defendant did not have knowledge of the Plaintiff's bankruptcy case and thus did not violate the automatic stay.

**C.  Defendant is entitled to judgment as a matter of law on Count 4.**

19. Section 14-202(8) of the MCDCA provides, in pertinent part, that "[i]n collecting or attempting to collect an alleged debt a collector may not ... [c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist."  To establish a claim under this provision, Plaintiff must prove that "(1) the defendant did not possess the right to collect the

---

[5] As explained and discussed in Defendant's first Motion for Summary Judgment [Dkt. No. 166], Defendant claims it did not have knowledge of the Plaintiff's bankruptcy case until long after March 18, 2015.  Because the automatic stay terminated on March 17, 2015, this factual dispute is immaterial.

9

amount of debt sought; and (2) the defendant attempted to collect the debt knowing that [it] lacked the right to do so." *See Barr v. Flagstar Bank, FSB*, 303 F. Supp. 3d 400, 420 (D. Md. 2018) (internal quotations omitted).

20. After March 17, 2015, Plaintiff was no longer protected by the automatic bankruptcy stay. Consequently, Defendant did not collect or attempt to collect a debt knowing that it lacked the right to do so when Defendant allegedly telephoned Plaintiff either in June, July, or August 2015 as to consolidating the Loan. Before March 18, 2015, Defendant did not have knowledge of Plaintiff's bankruptcy case. Likewise, Defendant did not collect or attempt to collect a debt knowing it lacked the right to do so to the extent there is sufficient evidence for summary judgment purposes that any alleged telephone calls occurred prior to March 18, 2015 as to consolidating the Loan. Defendant is entitled to summary judgment on Count 4.

## CONCLUSION

Defendant XES respectfully requests that the Court enter an order granting Defendant's motion for summary judgment on Count 4 of the Third Amended Complaint.

Dated: February 28, 2019

Respectfully submitted,

SINGER & LEVICK, P.C.

By: */s/ Todd A. Hoodenpyle*
Larry A. Levick
Todd A. Hoodenpyle
16200 Addison Road, Suite 140
Addison, Texas 75001
Tel. (972) 380-5533
Fax (972) 380-5748
levick@singerlevick.com
hoodenpyle@singerlevick.com

-and-

          */s/ Anastasia L. McCusker*
          Richard M. Goldberg, Bar No. 07994
          Anastasia L. McCusker, Bar No. 29533
          SHAPIRO SHER GUINOT & SANDLER
          250 W. Pratt Street, Ste. 2000
          Baltimore, MD 212101
          (410) 385-0202
          rmg@shapirosher.com
          alm@shapirosher.com

          **ATTORNEYS FOR DEFENDANT**
          **XEROX EDUCATION SERVICES, LLC**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th day of February, 2019, I reviewed the Court's CM/ECF system and it reports that an electronic copy of *Defendant's Motion for Summary Judgment on Count 4 of the Plaintiff's Third Amended Complaint* will be served electronically by the Court's CM/ECF system on the following:

**Richard Barry Benenson**: rbenenson@bhfs.com, acavallaro@bhfs.com
**Sarah A Marquardt**: sarah.marquardt@usdoj.gov, kate.abrey@usdoj.gov
**Kim D. Parker**: kp@kimparkerlaw.com, dcn@kimparkerlaw.com; ecf_notices@kimparkerlaw.com; lawclerk@kimparkerlaw.com
**Joel W. Ruderman**: Ruderman.joel@pbgc.gov, Gerry.Zinser@usdoj.gov

                                                */s/ Anastasia L. McCusker*
                                                Anastasia L. McCusker