# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| **PARVIS NAFFIS AND VICKY NAFFIS**, <br><br>    Debtors', | Chapter 7 <br> Case No.: **14-28711** |
| **PARVIS NAFFIS** <br><br>      Plaintiff <br> vs. <br><br> **XEROX EDUCATION SERVICES, LLC, UNITED STATES DEPARTMENT OF EDUCATION  and NELNET,** <br><br>  Defendants, | Adversary Case No.: **15-00078** |

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Respectfully Submitted,

**THE LAW OFFICES OF KIM PARKER, PA**

/s/ Kim Parker /s/
_____
KIM PARKER, ESQUIRE, BAR NO.: 23894
2123 Maryland Avenue
Baltimore, Maryland 21218
Office: 410-234-2621
Fax: 410-234-2612
Email: kp@kimparkerlaw.com

1

Table of Authorities

### Cases

." *Stanley Martin Cos. v. Universal Forest Prods. Schoffner LLC,* 396 F. Supp. 2d 606, 614 (D. Md. 2005) (citations omitted). ..................................................................................................... 8
*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). ............................................................. 8
*Emmett*, 532 F.3d at 297 ............................................................................................................... 8
*Grogan v. Garner*, 498 U.S. 279, 286, 287 (1991)) ...................................................................... 4
*Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) .................................. 8
*Humphreys & Partners Architects,* 790 F.3d 532, 538–539 (4th Cir. 2015). ............................... 9
*Kouabo v. Chevy Chase Bank, F.S.B.*, 336 F. Supp. 2d 471, 475 (D. Md. 2004) (citing Spencer, 81 F. Supp. 2d at 595 ..................................................................................................................... 12
*Marrama v. Citizens Bank*, 549 U.S. 365, 367 (2007) .................................................................. 4
*Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991) (citations omitted). ....................... 8
See *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) .......................................................... 8
*Spencer v. Henderson-Webb, Inc*., 81 F. Supp. 2d 582, 594 (D. Md. 1999) ............................... 12

### Statutes

§ 14-201(b), .................................................................................................................................. 11
§ 14-202(8). .................................................................................................................................. 11
Maryland Consumer Debt Collections Act ("MCDA"), ................................................................ 9
MCDA .......................................................................................................................................... 10
MCDCA ........................................................................................................................................ 11
MD. CODE ANN., COM. LAW §§ 14-201 to 14-204 ................................................................. 11
The Maryland Consumer Debt Collection Act ("MCDCA") ...................................................... 11

### Other Authorities

http://www.mass.gov/ago/news-and-updates/press-releases/2016/ag-healey-secures-2-4-million-student-loan-servicer.html . ...................................................................................................................... 4

### Rules

Bankruptcy Rule 7056 .................................................................................................................... 8
Civil Rule 56 ................................................................................................................................... 8
Fed. R. Civ. P. 201, 803(8)(a)(i), 901(b)(5) ................................................................................... 4
Fed. R. Civ. P. 56 ........................................................................................................................... 8
Rule 56 of the Federal Rules of Civil Procedure ........................................................................... 8

Parvis Narvis, ("Plaintiff"), by his undersigned counsel, submits his Memorandum of Law in Opposition to the Defendant's Motion for Summary Judgment.

## I. PRELIMINARY STATEMENT

**"Greed is the inventor of injustice as well as the current enforcer".**

*Julian Casablancas*

This is a case where the Plaintiff filed Bankruptcy to obtain a fresh-start[1]. The right to file bankruptcy is fundamental right afforded to the Plaintiff by the constitution. In this case, the Defendant's took advantage of unsuspecting debtor, in an effort to prevent a loss of over $400,000. As will be demonstrated *infra*, the Defendant received an abundance of notice, but, yet chose to continue their collection efforts in an attempt to coerce the debtor into consolidating his student loans, thus, depriving this court of an opportunity to rule on the merits of his complaint to discharge the student loans.

In fact, the Defendant employed a strategy of stratagem, *alleging*, that Plaintiff sued the incorrect party and that, allegedly, they never received notice of even this proceeding; however, magically, when this Court issued its finding of default[2], they appeared to defend this action. The Defendant's conduct as demonstrated *infra*, is the poster case for unfair and deceptive trade practices. This type of deceptive conduct that was outlined by the State of Massachusetts Office of Attorney General[3], who found that the Defendant failed to properly process struggling Massachusetts students' applications for federal repayment plans intended to lower their monthly payments and **[engaged in harassing debt collection practices],** amongst other violations of state

---

[1] "The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor.'" *Marrama v. Citizens Bank*, 549 U.S. 365, 367 (2007) (quoting *Grogan v. Garner*, 498 U.S. 279, 286, 287 (1991))
[2] *See Record*
[3] See http://www.mass.gov/ago/news-and-updates/press-releases/2016/ag-healey-secures-2-4-million-student-loan-servicer.html . This Court can take judicial notice pursuant to Fed. R. Civ. P. 201, 803(8)(a)(i), 901(b)(5).

3

and federal law. Unfortunately, due to the greed of the Defendant and its cohorts, the Plaintiff has suffered victim to this unfair and deceptive trade practices.

## II. PROCEDURAL POSTURE

1. Plaintiff, Parvis Naffis, filed a voluntary petition under Title 7 of the Bankruptcy Code.

2. Defendant Xerox Education Services ("Xerox"), formally known as, Affiliated Computer Services Inc. ("ACS"), is a federally authorized student loan servicer, who serviced Plaintiff's student loan debt. Xerox and ACS, collected on Plaintiff's student loans and reported same to the credit reporting agencies.

3. At the time of the filing of the Bankruptcy, Plaintiff listed ACS/efsfin, as a Creditor, based on the information listed on his credit report. Moreover, Plaintiff listed the U.S. Department of Education, Defendants employer.

4. Plaintiff subsequently, on February 19, 2015, filed an Adversary Proceeding to determine the dischargeability of a student loan debt which is the subject of his Complaint.

5. On March 18, 2015, Plaintiff served a copy of the summons and complaint on the Defendant.

6. On April 30, 2015, Plaintiff filed a request for default. Plaintiff served the notice of default on the General Counsel for the Defendant at 45 Glover Avenue, Norwalk, CT 06856.

7. On May 5, 2015, the Clerk of the Court issued Default against the Defendant.

8. On May 7, 2015, a copy of the notice was mailed to the Defendant, via its agent for service CSC Corporation and as of this writing, has not been returned.

9. On May 8, 2015, Plaintiff filed a Motion for Default Judgement. Plaintiff served the Motion on the General Counsel for Defendant at 45 Glover Avenue, Norwalk, CT 06856.

10. On June 25, 2015, this Court denied Plaintiff's Motion.

11. On June 27, 2015, a copy of the denial was mailed by the Court to Defendant's agent for service CSC Corporation and as of this writing, has not been returned.

12. On November 10, 2015, this court issued an instruction on Plaintiff's Motion for Hearing on Damages. A copy of the Court's instruction was mailed to the Defendant's agent for service CSC Corporation on November 12, 2015 and as of this writing, has not been retuned.

13. On December 30, 2015, the Court issued a Notice of Contemplated Dismissal.

14 On January 1, 2016, a copy of the Notice was mailed to the Defendant's agent for service CSC Corporation and as of this writing, has not been returned.

15. On January 31, 2016, Plaintiff filed a Motion for Default Judgment, serving the Defendant's General Counsel at 45 Glover Avenue, Norwalk, CT 06856.

16. On February 19, 2016, this Court issued an Order granting Plaintiff's Motion.

17. On February 21, 2017, a copy of the Court's Order was mailed to the Defendant's agent for service ,CSC Company and as of this writing, was not returned.

18. On March 3, 2016, Defendant, by counsel, filed a Motion to Vacate the Judgement, which this Court granted on June 24, 2016.

### III. FACTUAL HISTORY

The Plaintiff obtained loans from the Defendants to finance his son's college education at various institutions of higher learning. At the time of the Bankruptcy, The Plaintiff is Seventy-Four (74) years old. (Affd.¶1) The Plaintiff in March 31st, 2012 became severely ill and required a series of surgeries which resulted in the loss of approximately half of his intestines. (Affd.¶1) In March, 2013 Plaintiff, due to his health problems, was forced to close his business and was forced into retirement due to his health(Affd.¶1).

Since March 31st, 2012, the Plaintiff was unable to work due to the permanent injury occasioned by his illness. (Affd.¶2)  Plaintiff has pervasive problems with breathing, walking, concentration, memory loss, absorption of nutrition which leads to general body fatigue and weakness. (Affd.¶2)  Plaintiff also suffers from heart disease (history of four by-pass surgeries); high blood pressure; hyperthyroidism; depressions and takes medication for each of these conditions. (Affd.¶2)  The sole income of the Plaintiff is Social Security Disability Income. The income of the Plaintiff is barely sufficient to meet his living expenses and is not sufficient to meet his living expenses and is not sufficient to pay and payment on the educational loans (Affd.¶2).

Plaintiff has made a good faith effort to repay the educational loans but due to compounding of interest a debt that started at $72,000.00 due to interest charges grew to well over $300,000.00 (Affd.¶3).  Accordingly, Plaintiff was unable to maintain regular payments, and unable to make any payment at all now or in the future.  His last payment on the debt was in 2002(Affd.¶3).

At the time of the adversary, the amount due to the Defendants is in excess of $300,000.00 (Affd.¶4). Based upon the current income of the Plaintiff, the current living expenses of the Plaintiff, and unlikely hood of future employment, the educational loans of the Defendants present an undue hardship upon the Plaintiff (Affd.¶4).

Soon after filing for Bankruptcy, the Defendant's agents began calling Defendant, in their attempts to collect the debt, in direct contravention of the State and Federal laws (Affd.¶5)

In fact, The Defendant called Plaintiff from December 18, 2014 through July 23, 2015, telephonically approximately 42 times (Affd.¶6) Plaintiff spoke telephonically with the Defendant's agents, many times from December until July and informed them verbally that he had filed for bankruptcy. The Defendant's agent did not ask for case information or for Plaintiff's counsel, they continued to call him (Affd.¶6).

During a call, Defendant's agents informed Plaintiff that his Bankruptcy had been dismissed and that unless he agreed to consolidate his student loans, they would start garnishment proceedings (Affd.¶7).

During the adversary proceeding, the Defendant received at least five (5) notices[4] from the Court regarding these proceedings, which, as of this writing have never been returned to the court. Moreover, Plaintiff, by counsel, sent copies of all pleadings to the Defendant's Corporate General Counsel at the address of their corporation. The record does not reflect that any of those pleadings were returned.

Plaintiff also incorporates his Statement of Material Facts, as if herein restated for reference.

## IV. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Bankruptcy Rule 7056, governs the Motion for Summary Judgment. A moving party may be entitled to judgment as a matter of law under Civil Rule 56 in the absence of any genuine issue of material fact. Fed. R. Civ. P. 56. See _Emmett v. Johnson_, 532 F.3d 291, 297 (4th Cir. 2008) (citing _Celotex Corp. v. Catrett_, 477 U.S. 317, 322–23 (1986)). See also _Guessous v. Fairview Prop. Inv., LLC_, 828 F.3d 208, 216 (4th Cir. 2016) (discussing standards for summary judgment). "When a party has submitted sufficient evidence to support its request for summary judgment, the burden shifts to the nonmoving party to show that there are genuine issues of material fact." _Emmett_, 532 F.3d at 297. Courts generally will grant summary judgment "unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented." _Stanley Martin Cos. v. Universal Forest Prods. Schoffner LLC,_ 396 F. Supp. 2d 606, 614 (D. Md. 2005) (citations omitted). A court

---

[4] See Record

must view the evidence on summary judgment in the light most favorable to the nonmoving party and "draw all justifiable inferences" in its favor, "including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991) (citations omitted). A court has some flexibility in the kinds of evidence that it can consider in resolving a motion for summary judgment. See, e.g., *Humphreys & Partners Architects,* 790 F.3d 532, 538–539 (4th Cir. 2015).

## V. ARGUMENT

### I. The Defendant is not entitled to Summary Judgment on Count Four of the Plaintiff's Third Amended Complaint.

#### 1) There are materials facts in dispute with regard to whether the Defendant violated the Maryland Debt Collection Act

The Defendant mischaracterizes the basis of Plaintiff's complaints under the Maryland Consumer Debt Collections Act ("MCDA"), as only applying to the Defendant's stay violations. A rudimentary review of Plaintiff's meritorious complaint and the facts that were born out in discovery was that the Defendant's called the Plaintiff and informed him that his Complaint to Discharge the Student Loan Debt has been dismissed, and coerced him to consolidate his student loans, essentially mooting his request to discharge the debt. Plaintiff's responses to interrogatory clearly and unequivocally set forth that:

"**INTERROGATORY NO. 16:** State all facts and conclusions that support your claim that XES violated the Maryland Debt Collection Act as alleged in paragraphs 34-36, state the date of each such act by XES, the mode of such act (by mail, telephone, email, or otherwise), the name of the person taking such action on behalf of XES, the specific statement made by such representative of XES, and identify all documents that support this contention.

**ANSWER:** See response to Interrogatory 8. In addition, Defendant was not licensed under the Maryland Collection Agency Licensing Act, MD. CODE ANN., BUS. REG., § 7-101, et seq. ("MCALA"), therefore a per-se violation of the MDCA.

**ANSWER TO INTERROGATORY 8:** Defendant contacted Plaintiff on a daily basis, after he filed for Bankruptcy, in violation of state and federal laws. During the calls,

8

Defendant agents would try to collect the loan amount by saying that if Plaintiff defaults, a collection action would take place. Plaintiff felt forced to consolidate the debt, in light of these calls and the false representations from the Defendant that Plaintiff's Complaint to Discharge Student Loans had been denied. The defendant made the Plaintiff feel severely stressed, by the consistent harassing phone calls. On one day in question, Plaintiff received a call on his cellular phone, while driving on the freeway and had to pull over as a result of the stress the conversation caused him. During that call, Defendant's agents told the Plaintiff that if he didn't pay, there was going to be consequences, and that if he consolidated his loans, he would be able to pay as low as $5 per month; this call took place in August 2015, well after the bankruptcy had been filed. The calls would usually take place during the day, but sometimes the calls were late in day. The Defendant also told Plaintiff the debt would go to collections if he didn't consolidate the debt because it would default. Plaintiff does not have the names of the agents of the Defendant that called him. The Defendant's actions were willful and deliberate".

**Exhibit A**

In Plaintiff's Third Amended Complaint ("TAC"), he sets forth the basis for all claims against the Defendants under the MCDA and incorporated all previous references in this count.

**Exhibit B.**

Moreover, the phone records of Plaintiff reveal that the Defendant's called the Plaintiff, in violation of the automatic stay nine (9) times on Plaintiff's Cell Phone. **Exhibit C.**

The Defendant also called the Plaintiff on his landline phone two(2) times in violation of the automatic stay. **Exhibit D.**

Furthermore, in Plaintiff's June 14, 2018, deposition, he testified regarding the Defendant's conduct. Specifically:

Q: And you've made a claim in this lawsuit that my client willfully violated the automatic Stay. How do you believe that Xerox Education Services willfully violated the automatic stay?

A: Because I had a telephone calls from their agent to collect -- or, you know, they were telling me if I don't pay or I don't do anything about this case, this loan, it's going to go into default, and they're going to levy my wages -- which I did not have any, except my only income was Social

9

Security. And they led me to believe which they can garnish even my Social Security, which is not that much to live on.

*Depo Trans. Page 25 4:17*

Q: If you would look at Paragraph 22, you claim that Defendant represented to you that the adversary proceeding had been dismissed and that you needed to consolidate your student loans.

A: Uh-huh.

Depo Trans. Page 35 6:9

Q: So, you claim that Xerox Education Services coerced you. How do you believe they coerced you?

A: Because by calling me and pressuring me and trying to collect, you know, the debt I had, and that's why I did.

Depo Trans. Page 39 6:11

**See Exhibit E**

The crux of Plaintiff's Complaint is that the Defendant used deceptive means in their attempts to collect a debt. Specifically, calling in violation of the automatic stay, as evident in Exhibit's C and D, and utilizing underhanded methods in their collection efforts, that is representing to the Plaintiff that his adversary proceeding had been dismissed and coercing Plaintiff to consolidate his student loans so that Defendant could be financially enriched. Plaintiff relied on these representations, and those representations were false. The Maryland Consumer Debt Collection Act ("MCDCA") prohibits debt collectors from utilizing threatening **or underhanded methods in collecting** or attempting to collect a delinquent debt. MD. CODE ANN., COM. LAW §§ 14-201 to 14-204. Specifically, the MCDCA states that a "person collecting or attempting to collect an alleged debt arising out of a consumer transaction," id. § 14-201(b), may not "[c]laim,

attempt, or threaten to enforce a right with knowledge that the right does not exist." Id. § 14-202(8). The 4th Cir has previously construed the <u>level of knowledge required under the MCDCA and has held that "[c]onsidering the remedial aim of the MCDCA and the dilution of the statute that would result from a contrary interpretation, the Court holds that the term 'knowledge' in the Act does not immunize debt collectors from liability for mistakes of law."</u> *Spencer v. Henderson-Webb, Inc*., 81 F. Supp. 2d 582, 594 (D. Md. 1999). In addition, the "knowledge" requirement of the MCDCA "<u>has been held to mean that a party may not attempt to enforce a right with actual knowledge or with reckless disregard as to the falsity of the existence of the right.</u>" *Kouabo v. Chevy Chase Bank, F.S.B.*, 336 F. Supp. 2d 471, 475 (D. Md. 2004) (citing Spencer, 81 F. Supp. 2d at 595).

## CONCLUSION

It is evident that there are material facts in dispute baring summary judgment in Defendant's favor, and Plaintiff Third Amended Complaint must go to the jury for determination.

Respectfully Submitted,

**THE LAW OFFICES OF KIM PARKER, PA**

/s/ Kim Parker /s/

_____
KIM PARKER, ESQUIRE, BAR NO.: 23894
2123 Maryland Avenue
Baltimore, Maryland 21218
Office: 410-234-2621
Fax: 410-234-2612
Email: kp@kimparkerlaw.com