**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND**
Baltimore Division

| | |
|---|---|
| **PARVIS NAFFIS AND VICKY NAFFIS**, | Chapter 7 |
| Debtors', | Case No.: **14-28711** |
| **PARVIS NAFFIS** | |
| Plaintiff | Adversary Case No.: **15-00078** |
| vs. | |
| **XEROX EDUCATION SERVICES, LLC, UNITED STATES DEPARTMENT OF EDUCATION  and NELNET,** | |
| Defendants, | |

**PLAINTIFF'S STATEMENT OF DISPUTED MATERIAL FACTS**

1. The Plaintiff obtained loans from the Defendants to finance his son's college education at various institutions of higher learning. At the time of the Bankruptcy, The Plaintiff is Seventy-Four (74) years old. (*See Affd.¶1 and Plaintiff's Third Amended Complaint)*

2. The Plaintiff in March 31st, 2012 became severely ill and required a series of surgeries which resulted in the loss of approximately half of his intestines. (*See Affd.¶1 and Plaintiff's Third Amended Complaint*)

3. In March, 2013 Plaintiff, due to his health problems, was forced to close his business and was forced into retirement due to his health(*See Affd.¶1 and Plaintiff's Third Amended Complaint*).

4. Since March 31ˢᵗ, 2012, the Plaintiff was unable to work due to the permanent injury occasioned by his illness. (*See Affd.¶2*)

5. Plaintiff has pervasive problems with breathing, walking, concentration, memory loss, absorption of nutrition which leads to general body fatigue and weakness. (*See Affd.¶2*) Plaintiff also suffers from heart disease (history of four by-pass surgeries); high blood pressure; hyperthyroidism; depressions and takes medication for each of these conditions. (*See Affd.¶2*)

6. The sole income of the Plaintiff is Social Security Disability Income. The income of the Plaintiff is barely sufficient to meet his living expenses and is not sufficient to meet his living expenses and is not sufficient to pay and payment on the educational loans (*See Affd.¶2*).

7. Plaintiff has made a good faith effort to repay the educational loans but due to compounding of interest a debt that started at $72,000.00 due to interest charges grew to well over $300,000.00 (*See Affd.¶3*).

8. Accordingly, Plaintiff was unable to maintain regular payments, and unable to make any payment at all now or in the future. His last payment on the debt was in 2002(*See Affd.¶3*).

9. At the time of the adversary, the amount due to the Defendants is in excess of $300,000.00 (*See Affd.¶4*).

10. Based upon the current income of the Plaintiff, the current living expenses of the Plaintiff, and unlikely hood of future employment, the educational loans of the Defendants present an undue hardship upon the Plaintiff (*See Affd.¶*4).

11. Soon after filing for Bankruptcy, the Defendant's agents began calling Defendant, in their attempts to collect the debt, in direct contravention of the State and Federal laws (*See*

*Affd.¶5 Plaintiff's Exhibit's C, D and E Depo Trans. Page25 4:17, Page 35 6:9 and Page 39 6:11).*

12. In fact, The Defendant called Plaintiff from December 18, 2014 through July 23, 2015, telephonically approximately 42 times (*See Affd.¶6 and Plaintiff's Exhibit's C, D and E Depo Trans. Page25 4:17, Page 35 6:9 and Page 39 6:11).*

13. Plaintiff spoke telephonically with the Defendant's agents, many times from December until July and informed them verbally that he had filed for bankruptcy. The Defendant's agent did not ask for case information or for Plaintiff's counsel, they continued to call him *(See Affd.¶6, Plaintiff's Exhibit's C, D and E Depo Trans. Page25 4:17, Page 35 6:9 and Page 39 6:11).*

14. During a call, Defendant's agents informed Plaintiff that his Bankruptcy had been dismissed and that unless he agreed to consolidate his student loans, they would start garnishment proceedings (See Affd.¶7, *Plaintiff's Exhibit's C, D and E Depo Trans. Page 35 6:9).*