# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** § § | | |
| **PARVIZ NAFFIS AND VICKY NAFFIS,** § § | Chapter 7 | |
| | § | Case No. 14-28711 |
| Debtors. § § § § | | |
| **PARVIZ NAFFIS,** § § | | |
| Plaintiff, § § § | | |
| v. § | Adversary Case No. 15-00078 | |
| **XEROX EDUCATION SERVICES, LLC** § § § § | | |
| Defendant § | | |

**PLAINTIFF PARVIS NAFFIS ANSWER TO XEROX EDUCATION SERVICES, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

FROM:   Plaintiff Parviz Naffis

TO:   Defendant Xerox Education Services, LLC

**GENERAL OBJECTIONS**

Pursuant to F. R. Bankr. P., Local Rules, Fed. R. Civ. P. 26 and 36, plaintiffs hereby object to defendant's First Requests for Admissions (collectively, "Requests") as follows:

Each of plaintiff's responses, in addition to any specifically stated objections, is subject to and incorporates the following General Objections. The assertion of the same, similar, or additional objections, or a partial response to an individual Request does not waive any of plaintiffs' General Objections.

1. Plaintiff object to these Requests to the extent that they are overbroad and unduly burdensome and impose obligations in excess of those imposed by the Federal Bankruptcy Rules of Civil Procedure.

2. Plaintiff object to these Requests to the extent that they seek to impose burdens or obligations inconsistent with, or in excess of, those imposed by the F. R. Bankr. P., the Local Rules of the United States Bankruptcy Court for the District of Maryland ("Local Rules"), or any other applicable rules and statutes. Plaintiff will respond to each of the Requests in accordance with the requirements of the Federal and Local Rules.

3. Plaintiff object to these Requests to the extent that they seek information that is neither relevant to the claims or defenses of any party to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff object to these Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity. No information subject to such privilege, protection, or immunity will be provided.

5. The inadvertent disclosure by plaintiff of information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity, shall not constitute a waiver by plaintiff of such protection.

6. In response to these Requests, plaintiff do not concede that any of the responses or information contained herein is relevant or admissible. Plaintiff reserve the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or in part, in this action or in any other action.

7. Plaintiff objects to these Requests to the extent that they call for legal conclusions or otherwise attempt to re-cast legal issues as factual matters.

8. Plaintiff object to any Request that employs imprecise specifications of the information sought as vague and ambiguous.

9. The defendant's Requests do not define the term "plaintiff," and, therefore, the term will be interpreted and used herein to mean the named plaintiff.

10. Unless otherwise stated, plaintiff will not provide any information encompassed by the foregoing objections.

11. The following Responses reflect plaintiff present knowledge, information and belief and may be subject to change or modification based on plaintiff further discovery, or facts or circumstances which may come to plaintiff knowledge. Plaintiff specifically reserve the right to further supplement, amend or otherwise revise their Responses to these Requests in accordance with F. R. Bankr. P., and Fed. R. Civ. P. 26(e).

## ANSWERS

**INTERROGATORY NO. 1:**

Please identify the person or persons answering the Interrogatories, supplying information, and in any way assisting with the preparation of the answers to these Interrogatories.

**ANSWER:** Parvis Naffis, assisted by undersigned counsel.

**INTERROGATORY NO. 2:**

Please provide the name, address, and telephone number of any person who you expect to call to testify at the trial or hearing of this case.

**ANSWER:** Vicky Naffis 100 Shawan Road #438 Hunt Valley, Maryland 21030.
Parvis Naffis, 100 Shawan Road #438, Hunt Valley, Maryland 21030
Unidentified agents of the Defendant.

Plaintiff reserves the right to supplement.

**INTERROGATORY NO. 3:** Please provide the following information regarding all consulting experts whose mental impressions have been reviewed by a testifying expert in this case:

    (1)    the consulting expert's name, address, and telephone number;

    (2)    the subject matter on which the consulting expert was consulted;

    (3)    the facts known by the consulting expert that relate to or form the basis of the consulting expert's mental impressions and opinions formed or made in connection with this case, regardless of when and how the factual information was acquired;

    (4)    the consulting expert's mental impressions and opinions formed or made in connection with this case, and any methods used to derive them;

    (5)    any bias of the consulting expert; and

    (6)    identify all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the consulting expert in connection with this case.

**ANSWER:** Plaintiff has not identified experts. Plaintiff reserves the right to supplement his responses.

**INTERROGATORY NO. 4:** Please identify all rebuttal or impeachment witnesses which you anticipate to use at the trial of this case.

**ANSWER:** Plaintiff objects to this interrogatory as vague, overly broad and requests information protected by attorney work product. It is impossible for Plaintiff to state what impeachment witnesses it intends to call at this time. Moreover, Plaintiff is not required to identify impeachment witnesses until the Defendant has been deposed see *Tripp v. Severe*, 2000 U.S. Dist. LEXIS 16488, 2000 WL 708807, Civil No. 99-1478 (D. Md. Feb. 8, 2000) (since party was already deposed, the impeachment materials should be produced unless the withholding party will not use the evidence in any capacity at trial); See also *Blount v. Wake Elec. Membership Corp*., 162 F.R.D. 102 (E.D.N.C. 1993) (delaying the timing of disclosure to preserve the impeachment evidence until after Depositions. Plaintiff reserves the right to supplement his answer to this interrogatory. Plaintiff reserves the right to supplement his answer to this interrogatory.

**INTERROGATORY NO. 5:** Please identify all rebuttal or impeachment evidence which you anticipate to use at the trial of this case.

**ANSWER:** Plaintiff objects to this interrogatory as vague, overly broad and requests information protected by attorney work product. It is impossible for Plaintiff to state what

impeachment evidence it intends to provide at this time. Moreover, Plaintiff is not required to produce impeachment evidence until the Defendant has been deposed see *Tripp v. Severe*, 2000 U.S. Dist. LEXIS 16488, 2000 WL 708807, Civil No. 99-1478 (D. Md. Feb. 8, 2000) (since party was already deposed, the impeachment materials should be produced unless the withholding party will not use the evidence in any capacity at trial); See also *Blount v. Wake Elec. Membership Corp*., 162 F.R.D. 102 (E.D.N.C. 1993) (delaying the timing of disclosure to preserve the impeachment evidence until after Depositions. Plaintiff reserves the right to supplement his answer to this interrogatory.

**INTERROGATORY NO. 6:** Please state whether any document and/or tangible thing which contained relevant facts concerning the subject matter made the basis of this lawsuit has been destroyed or eliminated. If documents and/or tangible thing have been destroyed or eliminated, give a description of each document and/or tangible thing or identify each document and/or tangible thing.

**ANSWER:** Plaintiff objects to this interrogatory as vague, overly broad and requests information protected by attorney work product. Subject to the foregoing objections, Correspondences between Plaintiff and Department of Education; i. e; Forbearance documents, Late Payment Notices, General Notices Reminding Plaintiff of the loan. Plaintiff reserves the right to supplement his responses.

**INTERROGATORY NO. 7:** XES has simultaneously sent a Request for Production of Documents to you. For each Request for Production sent to you, identify every document that you have withheld or plan to withhold from production under any claim of privilege, exemption or immunity from discovery. For each such document or thing, state the specific privilege, exemption, or immunity from discovery relied upon. (A privilege log will suffice as a response to this Interrogatory).

**ANSWER:** Plaintiff objects to this interrogatory as overly burdensome and violates the attorney client privilege. Without waiving the objection, Plaintiff states that he is not with holding or choosing to withhold documentation.

**INTERROGATORY NO. 8:** Identify all actions that you contend that XES has taken to violate the automatic stay as alleged in paragraphs 16-18 of the Complaint, state the date of each effort to collect a debt, the mode of collection (by mail, telephone, email, or otherwise), the name of the person taking such action on behalf of XES, and identify all documents that support this contention.

**ANSWER:** Defendant contacted Plaintiff on a daily basis, after he filed for Bankruptcy, in violation of state and federal laws. During the calls, Defendant agents would try to collect the loan amount by saying that if Plaintiff defaults, a collection action would take place. Plaintiff felt forced to consolidate the debt, in light of these calls and the false representations from the Defendant that Plaintiff's Complaint to Discharge Student Loans had been denied. The defendant made the Plaintiff feel severely stressed, by the consistent harassing phone calls. On one day in question, Plaintiff received a call on his cellular phone, while driving on the freeway and had to

pull over as a result of the stress the conversation caused him. During that call, Defendant's agents told the Plaintiff that if he didn't pay, there was going to be consequences, and that if he consolidated his loans he would be able to pay as low as $5 per month; this call took place in August 2015, well after the bankruptcy had been filed. The calls would usually take place during the day, but sometimes the calls were late in day. The Defendant also told Plaintiff the debt would go to collections if he didn't consolidate the debt because it would default. Plaintiff does not have the names of the agents of the Defendant that called him. The Defendant's actions were willful and deliberate.

**INTERROGATORY NO. 9:** Identify all actions that you contend that XES has taken to violate the automatic stay as alleged in paragraph 21 of the Complaint, state the date of each effort to collect a debt, the mode of collection (by mail, telephone, email, or otherwise), the name of the person taking such action on behalf of XES, and identify all documents that support this contention.

**ANSWER:** See Plaintiff's response to Interrogatory 8

**INTERROGATORY NO. 10:** Identify all statements that you contend XES made which were patently false as alleged in paragraph 22 of the Complaint, state the date of each representation made by XES that the adversary proceeding had been dismissed and that Plaintiff needed to consolidate his student loans, the mode of such statements (by mail, telephone, email, or otherwise), the name of the person taking making such statement on behalf of XES, the specific statement made by such representative of XES, and identify all documents that support this contention.

**ANSWER:** See Plaintiff's response to Interrogatory 8

**INTERROGATORY NO. 11:** Identify all actions that you contend that XES has taken to coerce "Plaintiff into signing a new promissory note, consolidating his student loans and essentially selling or otherwise transferring his student loans to Defendant Nelnet" as alleged in paragraph 23 of the Complaint, state the date that XES took such action, the mode of such action (by mail, telephone, email, or otherwise), the name of the person taking such action on behalf of XES, the specific statement made by such representative of XES, and identify all documents that support this contention.

**ANSWER:** See Plaintiff's response to Interrogatory 8

**INTERROGATORY NO. 12:** Identify each and every medical doctor, physician, counselor, nurse, chiropractor, therapist, priest, minister or faith healer with whom you have consulted, visited, spoken or obtained an opinion or diagnosis relating to any physical, mental or emotional injury or condition and state: (a) the nature of the injury or condition, (b) the medical diagnosis of the cause of the injury or condition, and (c) the treatment prescribed. Please limit your answer to the time frame 2012 to the present.

**ANSWER:** Plaintiff objects to the foregoing interrogatory as seeking information not reasonably calculated to lead to the discovery of discoverable information. Subject to and without waiving the foregoing objection, none. Plaintiff reserves the right to supplement.

**INTERROGATORY NO. 13:** Identify each and every medical doctor, physician, practitioner, counselor, nurse, chiropractor, therapist, priest, minister or faith healer with whom you have consulted, visited, spoken, received treatment, or obtained an opinion or diagnosis relating to any of the damages alleged in your Complaint. For each person identified, provide:
- (a) the date(s) on which you consulted, visited, contacted or received treatment from the person;
- (b) the condition about which you complained;
- (c) the diagnosis, if any, you received from the person;
- (d) the treatment, including medication, you received from the person; and
- (e) any medical expenses you incurred.

**ANSWER:** See response to interrogatory 12.

**INTERROGATORY NO. 14:** For each element of damages you seek to recover in this lawsuit, please specifically identify the category of damages, the amount, the basis for computing the amount, and identify any documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**ANSWER:** The Defendant deprived Plaintiff from being able to discharge $326,468, based on the fraudulent inducement to have Plaintiff consolidate his student loans, for which, the Defendant derived a benefit. Plaintiff is entitled to reimbursement of this amount, plus accrued interest, so that he may satisfy the loan to the U.S. Department of Education. Moreover, Plaintiff claims damages for violation of the Fair Debt Collections Practices Act ("FDCPA"), for violating §1692d, §1692d(6), §1692e, §1692e(2), §1692e(10) and §1692f, with damages being $6,000(statutory fines of $1,000 for each violation) and compensatory damages of $350,000, plus his reasonable attorney's fees as provided by the FDCPA. Plaintiff is also seeking damages under the Maryland Debt Collections Act in the amount of $1,000,000.00. In light of the Defendant's willful conduct, Plaintiff will be seeking punitive damages of $2,500,000. Accordingly damages sought in this action will be $4,182,468, respectfully. With regard to proof of said damages, Plaintiff will rely on the Defendant's 10-K in support of his punitive damages and all documents provided in his responses to Defendant's request for production of documents.

**INTERROGATORY NO. 15:** State all facts and conclusions that support your claim that XES violated the Fair Debt Collection Practices Act as alleged in paragraphs 32(a)-(f), state the date of each such act by XES, the mode of such act (by mail, telephone, email, or otherwise), the name of the person taking such action on behalf of XES, the specific statement made by such representative of XES, and identify all documents that support this contention.

**ANSWER:**  See response to Interrogatory 8. In addition, Defendant was not licensed under the Maryland Collection Agency Licensing Act, MD. CODE ANN., BUS. REG., § 7-101, et seq. ("MCALA"), therefore a per-se violation of the FDCPA.

**INTERROGATORY NO. 16:**  State all facts and conclusions that support your claim that XES violated the Maryland Debt Collection Act as alleged in paragraphs 34-36, state the date of each such act by XES, the mode of such act (by mail, telephone, email, or otherwise), the name of the person taking such action on behalf of XES, the specific statement made by such representative of XES, and identify all documents that support this contention.

**ANSWER:** See response to Interrogatory 8. In addition, Defendant was not licensed under the Maryland Collection Agency Licensing Act, MD. CODE ANN., BUS. REG., § 7-101, et seq. ("MCALA"), therefore a per-se violation of the MDCA.

**INTERROGATORY NO. 17:**  Identify each document that you have withheld from disclosure on a claim of privilege. For each document identified, state the date the document was created, the person(s) who created the document, each person to whom any part of the contents of the documents has been communicated; and the factual basis on which you claim the specific privilege or immunity.

**ANSWER:**    None

**INTERROGATORY NO. 18:**

Identify each violation for which you seek damages as allowed by 15 U.S.C. § 1692(k), state the date of each such violation, the mode of which such violation occurred (by mail, telephone, email, or otherwise), the name of the person taking such action on behalf of XES, and identify all documents that support this contention.

**ANSWER:**    See response to Interrogatories 8 and 14.

**INTERROGATORY NO. 19:**    State all facts and conclusions that support your claim that compensatory damages, and identify all documents that support this contention.

**ANSWER:**    See response to Interrogatories 8 and 14.

        Respectfully Submitted,

        */s/ Kim Parker*
        _____
        **KIM PARKER, ESQ. (BAR#23894)**
        **COUNSEL TO DEBTOR**
        LAW OFFICES OF KIM PARKER, P.A.

        2123 Maryland Avenue  
        Baltimore, Maryland 21218  
        410-234-2621  
        F: 410-234-2612  
        E. kp@kimparkerlaw.com